# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

Case No. _____

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,

    Plaintiff,

    v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant.

_____/

**SERVICIOS FUNERARIOS GG, S.A. DE C.V.'S RULE 26(a)(1) DISCLOSURES**

Servicios Funerarios GG, S.A. DE C.V. ("Servicios Funerarios") makes the following disclosures to Advent International Corporation ("Advent") pursuant to Fed. R. Civ. P. 26(a)(1)(A):

**Preliminary Statements & Reservations of Objections**

Servicios Funerarios makes these disclosures based on its current knowledge, available and known to Servicios Funerarios following a reasonable and diligent investigation, and without waiver of attorney-client privilege, work product, common interest privilege, or any other privilege or immunity. In the event that any document referenced or produced by Servicios Funerarios contains privileged, confidential, proprietary, or irrelevant information, its disclosure is inadvertent and does not constitute a waiver of any privilege or objection with respect to the disclosed document or any of the information contained therein.

By making these disclosures, Servicios Funerarios does not represent that it is identifying every document, tangible thing, witness, or custodian possibly relevant to all issues that may

-1-

eventually be raised in this action. Discovery in this case is beginning, Servicios Funerarios' investigation is ongoing, and Servicios Funerarios expressly reserves the right to revise, amend, correct, supplement, modify, or clarify these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure based on additional information obtained through continued formal discovery or other means. Furthermore, these disclosures are given without prejudice to Servicios Funerarios' right to use or rely upon, at any time, including trial, subsequently discovered information or any information omitted from these disclosures by inadvertence, mistake, or otherwise.

By making these disclosures, Servicios Funerarios does not waive in any way (i) the right to object on the grounds of competency, privilege, the work product doctrine, relevancy, materiality, hearsay, undue burden, or any other proper ground or basis permitted by law, to the use of any such information for any purpose, in whole or in part, in this action or any other action or proceeding and (ii) the right to object on any and all grounds permitted by law to any other discovery requests relating in any manner whatsoever to the subject matter of these disclosures in any proceeding, in this action or in any other action. Servicios Funerarios further reserves the right to object to the production of documents and things from the categories identified or the obtaining of testimony from the witnesses identified on any applicable basis.

The disclosures set forth below are organized to correspond to the general categories set forth in Rule 26(a)(1). Servicios Funerarios provides the disclosures contained herein, and in any subsequent amended or supplemental disclosures, subject to the above objections and qualifications.

I.  **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(l)(A)(i) of the Federal Rules of Civil Procedure, and based upon presently available information to Servicios Funerarios after reasonable investigation, the individuals listed below may have discoverable information that Servicios Funerarios may use to support its claims or defenses. Servicios Funerarios provides the following list without any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, and without waiver of attorney-client privilege or work-product immunity, or any other privilege or immunity. Discovery in this case is just beginning and Servicios Funerarios' investigation is ongoing. Servicios Funerarios is not aware of other individuals warranting disclosure at this time, but reserves the right to amend or supplement this list of individuals based on facts that may be disclosed during discovery.

Any identification of an individual is not an affirmative assertion by Servicios Funerarios that the individual in fact has discoverable information, but rather that the individual may have discoverable information. Moreover, the actual knowledge of individuals identified herein may or may not exceed the scope of the subject matter listed in the entries below, and Servicios Funerarios (i) makes no representation whatsoever that the individuals necessarily have all information on the below-described subjects and (ii) has no intention whatsoever to limit the matters concerning which the individuals may give testimony, although Servicios Funerarios reserves all rights under all applicable privileges, immunities, and protections.

In addition, we note that there may be additional persons who Servicios Funerarios does not currently anticipate fall into this category that may, depending on the ultimate scope of claims and defenses and results of discovery and further investigation, be added; for example, it is possible

that certain lawyers may, depending on the foregoing, have limited, non-privileged, discoverable information upon which Servicios Funerarios might rely.

  A. <u>Persons to be contacted through counsel for Servicios Funerarios:</u>

1. Guadalupe Isabel Duarte Arriaga: Knowledge concerning Gayosso's financial statements and financial reporting practices, including the double invoice system, the "SAP System," and the manner by which accounts payable were documented.

2. Alfredo García Ávila: Knowledge concerning Gayosso's financial statements and financial reporting practices, including the double invoice system and understatement of the casket costs.

3. Juan Jesús Rodríguez García: Knowledge concerning Gayosso's financial statements and financial reporting practices, including the misrepresentations in the Financial Statements.

4. Roberto Carlos Chagoya Hernández: Knowledge concerning Gayosso's financial statements, financial reporting, and accounting practices.

5. Marco Antonio Vallejo Hernández: Knowledge concerning Gayosso's financial statements and financial reporting practices and accounting methodologies.

6. Gloria Lerin Revueltas: Knowledge concerning Gayosso's financial statements, financial reporting, and accounting practices.

7. Isabel Butanda López: Knowledge concerning Gayosso's financial statements and financial reporting practices, including Gayosso's double invoice system, the "SAP System," and the manner by which accounts payable were documented.

8. Carlos Peña: Knowledge concerning the sale of the shares of Gayosso; the negotiation and due diligence concerning that transaction; Gayosso's financial statements, financial reporting practices, and accounting methodology; the misrepresentations concerning Gayosso's financial condition; the damages suffered by Servicios Funerarios; the disclosure and nondisclosure of information to Servicios Funerarios; and Advent's control of Gayosso.

9. Pablo Peña: Knowledge concerning the sale of the shares of Gayosso; the negotiation and due diligence concerning that transaction; Gayosso's financial statements, financial reporting practices, and accounting methodology; the misrepresentations concerning Gayosso's financial condition; the disclosure and nondisclosure of information to Servicios Funerarios; and the damages suffered by Servicios Funerarios; the Mexico civil and criminal actions.

10. Gabriela Cruz Romero: Knowledge concerning Gayosso's financial statements and financial reporting practices and operating practices.

11. Marcos Manuel Castro Ruiz: Knowledge concerning Gayosso's financial statements and financial reporting practices, and Gayosso's contract with ISSTE.

12. Juan Gerardo Fernandez Saldaña: Knowledge concerning Gayosso's in-house caskets production, the costs of producing caskets to Gayosso, and the amounts that Gayosso attributed to the costs of those caskets in its financial statements.

13. Idalia Clavel Sanchez: Knowledge concerning financial statements and financial reporting practices, including knowledge concerning Gayosso's debts with suppliers and the documentation of those debts in Gayosso's financial statements.

14. Mariana Gonzalez: Knowledge concerning the sale of the shares of Gayosso; the negotiation and due diligence concerning that transaction; Gayosso's financial statements, financial reporting practices, and accounting methodology; the misrepresentations concerning Gayosso's financial condition; the disclosure and nondisclosure of information to Servicios Funerarios; and the damages suffered by Servicios Funerarios; the Mexico civil and criminal actions.

B.  Other Persons:

15. Octavio Trejo García, octaviogarcia2306@gmail.com, octtrejo@gmail.com, 55-8065-8852: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; the misrepresentations alleged by Servicios Funerarios; Advent's control of, and involvement in, Gayosso's business operations; the information that was disclosed and not disclosed to Servicios Funerarios prior to the sale of the Gayosso shares.

16. Santiago Castillo Olea, sancas@gmail.com, 55-5409-1137: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's contract with ISSTE and Mausoleos del Angel's construction; the misrepresentations alleged by Servicios Funerarios.

17. Enrique Pani Bano: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; Advent's control of, and involvement in, Gayosso's business operations; the sale of Gayosso's shares and the information that was disclosed and not disclosed to Servicios Funerarios prior to the sale of the Gayosso shares; and Advent's employment of Carlos Peña.

18. Carlos Alfredo Paz Perez: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; Advent's control of, and involvement in, Gayosso's business operations; the sale of Gayosso's shares and the information that was disclosed and not disclosed to Servicios Funerarios prior to the sale of the Gayosso shares; and Advent's employment of Carlos Peña.

19. James Westra: Knowledge concerning the sale of Gayosso's shares and the information that was disclosed and not disclosed to Servicios Funerarios prior to the sale of the Gayosso shares; and Advent's employment of Carlos Peña.

20. Richard Kane: Advent's employment of Carlos Peña.

21. Rafael Aguirre, former EY Transaction Services Partner, raguirre@alvarezandmarsal.com, 55-4361-8472: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies.

22. Mario Arregoytia García, former Audit Partner, EY: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; several of the misrepresentations alleged by Servicios Funerarios.

23. Francisco Lobera Estrada, Senior Manager Assurance and Advisory Business Services EY, Francisco.Lobera@mx.ey.com, 55-5283-1300: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; several of the misrepresentations alleged by Servicios Funerarios.

24. Ximena Barragan Soteno, Manager Assurance and Advisory Business Services EY, Ximena.Barragan.Soteno@mx.ey.com, 55-5283-1300: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; several of the misrepresentations alleged by Servicios Funerarios.

25. Veronica Stenner, former employee of Advent International PE Advisors, S.C.: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; and Advent's employment of Carlos Peña

26. Abigail Alejandro Sosa Hernandez, 55-4390-5401: Knowledge concerning financial statements and financial reporting practices, including knowledge concerning Gayosso's debts with suppliers and the documentation of those debts in Gayosso's financial statements.

27. Carlos Nicolas Lukac Ostreche, Karchi@lukac.com, 1-954-600-7880: Knowledge concerning Gayosso's financial and accounting information, practices, and methodologies; Gayosso's operations; Advent's control of, and involvement in, Gayosso's business operations; the information that was disclosed and not disclosed to Servicios Funerarios prior to the sale of the Gayosso shares.

28. RR Donnelley International De Mexico, 55-5255-0052: Knowledge of the maintenance and activity of the virtual data room.

29. Juan Venancio Torres Ortega. Gayosso's supplier. Colina del Bambu #319, A, Leon, Mexico, 47-7328-0886: Knowledge concerning Gayosso's debts with suppliers and double invoicing.

30. Jose Luis Lopez Rosales. Gayosso's supplier. BLVD Matamoros OTE, Torreon, Mexico, 87-1720-3200: Knowledge concerning Gayosso's debts with suppliers and double invoicing.

31. Ariel Saenz Gonzalez. Gayosso's supplier. Profesor Anibal Perez #. 435, Reynosa, Mexico, 89-9470-5534: Knowledge concerning Gayosso's debts with suppliers and double invoicing.

Furthermore, Servicios Funerarios incorporates by reference in these disclosures, or any supplemental or amended disclosures, the names of any and all persons (including individuals and entities) disclosed by Advent. Servicios Funerarios further incorporates by reference the names of any and all persons (including individuals and entities) identified by Advent in any Responses to any Interrogatories, Responses to Document Requests, or Responses to Requests for Admission. The above disclosure does not identify or otherwise include information concerning experts as this subject is not covered by Rule 26(a)(1). Servicios Funerarios expressly reserves its right to amend its initial disclosures in connection with expert discovery deadlines. Moreover, since discovery has just begun, Servicios Funerarios is not in a position to identify all of Advent's employees, agents, consultants, or third parties who may have discoverable information that AIC may use to support its claims or defenses. The above identifications are not intended to be exhaustive. By making these disclosures, Servicios Funerarios makes no representation as to its control over any non-Servicios Funerarios employee or entity. Servicios Funerarios reserves the right to identify additional persons if it learns during the course of its investigation and discovery in this action that such additional persons have knowledge of discoverable information that Servicios Funerarios may use to support its claims or defenses.

II.   **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and based upon information reasonably available to Servicios Funerarios at this time, Servicios Funerarios describes below the documents, data compilations, and tangible things that are in the possession, custody, or control of Servicios Funerarios or its counsel that it may use to support its claims or defenses. Unless otherwise indicated, the categories of documents ("Documents") are located at Servicios Funerarios or at the offices of Servicios Funerarios' counsel, Boies Schiller Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Ft. Lauderdale, FL 33301, and Lesser, Newman, Aleo & Nasser, LLP, 39 Main Street, Northampton, MA 01060.

The categories of documents are as follows:

1. The transaction documents for the sale of the shares in Gayosso, including the SPA, with attachments and as amended.

2. The disclosure documents provided to Servicios Funerarios by way of the virtual data room.

3. Documents concerning the negotiation of the SPA.

4. To the extent permissible under Mexico law, documents submitted to prosecutors or courts in relation to the Mexico criminal action.

5. Documents submitted to the court in relation to the Mexico civil action.

6. Documents, including financial statements, concerning Gayosso's financial condition, other than those that were included in the virtual data room, which were shared with Servicios Funerarios prior to the sale of the shares in Gayosso.

7. Documents concerning the misrepresentations and omissions made relating to the financial condition and financial statements of Gayosso.

By providing the forgoing description of documents, Servicios Funerarios does not acknowledge the relevance or discoverability of any documents or waive its right to withhold

production of any document in its possession that is protected by the attorney-client privilege, work product immunity, or any other claim of privilege or immunity, or waive any abjection on the grounds that Servicios Funerarios is prohibited from, or limited in, producing any document under a confidentiality agreement with a third party, or where production of such a document would be otherwise unlawful.  By making these disclosures, Servicios Funerarios reserves, and does not waive, the right to object to the discoverability, admissibility, relevance, and the like of such documents and evidence.  Servicios Funerarios expressly reserves the right to identify and use other documents in support of its claims and/or defenses if, during the course of this litigation, such other documents become known to Servicios Funerarios.

**III.** **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Pursuant to Rule 26(a)(l)(A)(iii) of the Federal Rules of Civil Procedure, and based upon presently available information, Servicios Funerarios responds as follows:

As of the date of these Initial Disclosures, Servicios Funearios cannot fully assess the damages it will claim from Advent.  To the best of AIC's current knowledge, the damages that Servicios Funerarios will pursue from Advent include:

a. Undisclosed liabilities, $2,799,119
b. Undisclosed contractual obligations, $149,849,730
c. Rehabilitation of spaces due to undisclosed contractual obligations, $11,933,765
d. Construction of fences and associated costs required by law, $6,657,638
e. Overstatement of value of assets due to double invoicing, $16,319,426
f. Loss of revenues due to restrictions on Parque Memorial Land, $126,928,865
g. Litigation expenses incurred, $3,535,876.

**IV.** **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Not applicable.

Respectfully submitted,

| **BOIES SCHILLER FLEXNER LLP** | **LESSER, NEWMAN, ALEO & NASSER LLP** |
|---|---|
| */s/ Carlos M. Sires* | */s/ Michael Aleo* |
| David Boies | Michael Aleo |
| 333 Main Street | Thomas Lesser |
| Armonk, NY 10504 | 39 Main Street, Suite 1 |
| Telephone: (914) 749-8200 | Northampton, MA  01060 |
| Facsimile:  (914) 749-8300 | Telephone:  (413) 584-7331 |
| dboies@bsfllp.com | Facsimile:   (413) 586-7076 |
|  | aleo@LNN-law.com |
| Carlos M. Sires | lesser@LNN-law.com |
| Jason Hilborn |  |
| 401 East Las Olas Blvd., Suite 1200 | *Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.* |
| Fort Lauderdale, Florida  33301 |  |
| Telephone:  (954) 356-0011 |  |
| Facsimile:   (954) 356-0022 |  |
| csires@bsfllp.com |  |
| jhilborn@bsfllp.com |  |

*Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.*

## CERTIFICATE OF SERVICE

I, Carlos M. Sires, hereby certify that this document was on May 5, 2023 sent by electronic mail to counsel for Defendant Advent International Corporation.

Date: May 5, 2023                                       */s/ Carlos M. Sires*
                                                                    Carlos M. Sires