# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>   Plaintiff,<br><br>v.<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>   Defendant,<br><br>   and<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>   Counterclaim-Plaintiff,<br><br>v.<br><br>SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>   Counterclaim-Defendant. | Civil Action No. 23-cv-10684 |

### FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF AND COUNTERCLAIM DEFENDANT SERVICIOS FUNERARIOS GG, S.A. DE C.V.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Defendant and Counterclaim-Plaintiff Advent International Corporation ("AIC"), by its undersigned counsel, hereby serves the following First Set of Interrogatories upon Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V. ("Servicios Funerarios"). All responses to these Interrogatories shall be provided to Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199, Attention: Peter Welsh and Daniel Ward. A

written response to each Interrogatory is due within thirty (30) days in the manner prescribed by the Federal Rules of Civil Procedure. Additionally, with respect to Interrogatory No. 1, AIC requests that Servicios Funerarios provide its response by May 19, 2023.

## INSTRUCTIONS AND DEFINITIONS

Each Interrogatory in this First Set of Interrogatories is subject to and incorporates the following instructions and definitions.

## INSTRUCTIONS

1. The responses to these Interrogatories shall be in accordance with Federal Rule of Civil Procedure 33.

2. These Interrogatories call for information (including any information contained in or on any document or thing) that is known or available to You, or in Your possession, custody, or control, including all information known or available to Your attorneys, agents, representatives, or any other person or entity acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

3. Any reference in these Interrogatories to an individual or person includes any and all agents, advisors, directors, officers, employees, principals, representatives, attorneys, successors-in-interest, and all other persons or entities acting in his, her, or its behalf or under his, her, or its control.

4. Any reference in these Interrogatories to any corporation, partnership, association, or entity includes its predecessors, affiliates, parents, subsidiaries, executives, officers, directors, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit,

or otherwise under its direction or control, or which control, or are under common control with, the corporation, partnership, association, or entity.

5. If You withhold any information or decline to fully identify any person, entity, document, or communication, or portion thereof, in response to any of the Interrogatories set forth below on grounds of privilege or any other claim of immunity from discovery, describe the factual and legal basis for Your claim of privilege or immunity in sufficient detail so as to permit the Court to adjudicate the validity of the claim. In addition, for each identification, document, communication, or portion thereof withheld, state the following: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product immunity," etc.).

6. These Interrogatories shall be deemed continuing in nature and create an ongoing obligation in accordance with Fed. R. Civ. P. 26(e).  In the event that additional information or material responsive to these Interrogatories becomes known to You, a supplemental response shall be furnished to Counterclaim-Plaintiff within a reasonable period of time after the information or material becomes known.

7. If You elect to utilize the procedure for responding to Interrogatories authorized by Fed. R. Civ. P. 33(d), You must identify the particular documents relied upon for Your response by production number if they have been or will be produced by You.

8. Each Interrogatory shall be construed independently, and no Interrogatory shall limit the scope of any other Interrogatory.

9. Unless otherwise indicated in an Interrogatory, an Interrogatory is not date or time limited.

## DEFINITIONS

8. "Servicios Funerarios," "You," or "Your" means Servicios Funerarios GG, S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Servicios Funerarios GG, S.A. de C.V, including without limitation MexCap Partners, Execution Finance, Grupo E, and Gayosso.

9. "Gayosso" means Grupo Gayosso S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Grupo Gayosso S.A. de C.V.

10. "Gayosso Transaction" means the transaction contemplated by the SPA.

11. "SPA" means the Stock Purchase and Sale Agreement between Sellers and Servicios Funerarios entered into on January 24, 2020 and amended on January 27, 2020; September 30, 2020; December 18, 2020; and January 27, 2021, as amended.

12. "Sellers" means TwiBel 1 SPRL, TwiBel 2 SPRL, TwiBel 3 SPRL, TwiBel 4 SPRL, TwiBel 5 SPRL, TwiBel 6 SPRL, and TwiBel 7 SPRL, collectively.

-5-

13. "Carlos Peña" means Carlos Peña Vazquez.

14. "Pablo Peña" means Pablo Peña Vazquez.

15. "Octavio Trejo" means Octavio Trejo García.

16. "El-Mann Family" means Fibra Uno, Andre El-Mann Arazi, and all known living relatives of Andre El-Mann Arazi by blood or marriage.

17. "Fibra Uno" means Fibra Uno Administración S.A. de C.V.

18. "Criminal Complaint" means the June 2, 2022 criminal complaint and October 5, 2022 supplemental statement of facts that Servicios Funerarios submitted to a Mexico City criminal prosecutor, including their accompanying witness declarations and any correspondence related thereto.

19. "Mexico Criminal Action" means the Criminal Complaint, as well as the resulting criminal investigation initiated by prosecutor Andrés Maximino Pérez Hicks concerning the Gayosso Transaction in criminal court in Mexico City, and all subsequent and related hearings, requests, motions, rulings, and orders, including the Arrest Warrants, Criminal Embargo, and Interpol Red Notices.

20. "Arrest Warrants" means any and all arrest warrants issued or requested in the Mexico Criminal Action for James Westra, Enrique Pani Bano, Carlos Alfredo Paz Pérez, Carlos Lukac, Alejandro Sosa Hernández, and Mario Arregoytia García.

21. "Targeted Employees" means James Westra, Enrique Pani Bano, Carlos Alfredo Paz Pérez, Carlos Lukac, and Alejandro Sosa Hernández.

22. "Identify" with respect to "persons" means to give the information required by Local Rule 26.5(c)(3) and (6).

23. "Identify" with respect to documents means to give the information required by Local Rule 26.5(c)(4).

24. The term "document" is defined in Local Rule 26.5(c)(2) and includes without limitation any writing, drawing, graph, chart, photograph, sound recording, image, videotape, data, data compilation, computer data base or data bank, email, text message, instant message, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

25. The term "communication" is defined in Local Rule 26.5(c)(1) and includes without limitation any act or instance of transferring, transmitting, passing, delivering, or giving information by written or electronic means, including, but not limited to, by notes, letter, telegram, facsimile, social media, direct message, electronic mail, text message, or voicemail.

26. The term "concerning" is defined in Local Rule 26.5(c)(7).

# FIRST SET OF INTERROGATORIES

## Part 1 – Written Response Due May 19, 2023

**INTERROGATORY NO. 1**

Describe in detail, with reference to supporting documents, the complete factual and legal basis for identifying each of the Targeted Employees and for declining to identify Carlos Peña in the Criminal Complaint.

**INTERROGATORY NO. 2**

State whether You contend, as to each of the Targeted Employees, that the issuance of the Arrest Warrants complied with the requirements of Mexican law, and describe in detail, with reference to supporting documents, the complete factual and legal basis for Your contention.

**Part 2 – Written Responses Due Within Thirty Days**

**INTERROGATORY NO. 3**

Describe in detail, with reference to supporting documents, the circumstances surrounding the formation of Servicios Funerarios, including without limitation the purpose behind forming Servicios Funerarios; the persons responsible for its formation; and any involvement, input, or participation in any aspect of its formation by Carlos Peña, Octavio Trejo, or the El-Mann Family.

**INTERROGATORY NO. 4**

Describe in detail, with reference to supporting documents, Servicios Funerarios' ownership structure, and to the extent it has changed over time, any prior ownership structure, including without limitation its current or former ultimate beneficial owner(s); any agreements or understandings concerning profit sharing, stock options, phantom interests, deferred compensation, or any other economic entitlements or benefits of any kind; any current or former relationship with Banco Ve Por Más, SA Institución de Banca Múltiple, Grupo Financiero Ve Por Más, and the Trust Fideicomiso 666; and any other equity, ownership, or economic interests in Servicios Funerarios of any kind.

**INTERROGATORY NO. 5**

Identify the names, addresses, and employment titles of each person with knowledge of the Gayosso Transaction and describe in detail what knowledge You believe each identified person to have.

**INTERROGATORY NO. 6**

Describe in detail, and with reference to supporting documents, all engagements, arrangements, or other interactions between Servicios Funerarios' and any auditor, accountant, or entity that provides auditing or accounting services, including without limitation any changes in

Servicios Funerarios' engagement with any auditor, accountant, or entity that provides auditing or accounting services; the reasons for the change in auditor, accountant, or entity that provides auditing or accounting services; and any changes in Servicios Funerarios' auditing or accounting practices that Servicios Funerarios' has made and the reasons for making each change, including without limitation any changes to Servicios Funerarios' revenue recognition and cost recognition practices.  For the avoidance of doubt, this Interrogatory includes all engagements, arrangements, or other interactions between Gayosso and any auditor, accountant, or entity that provides auditing or accounting services subsequent to the January 2021 closing of the Gayosso Transaction.

**INTERROGATORY NO. 7**

Identify the names, addresses, employment titles, dates of employment, and primary responsibilities of each person who is, or has ever been, an officer or executive of Servicios Funerarios, including without limitation (and regardless of whether they held the role of an officer or executive) all current and former roles held, and responsibilities performed, by Carlos Peña, Pablo Peña, and Octavio Trejo, as well as the first date on which Servicios Funerarios communicated with Carlos Peña, Pablo Peña, and Octavio Trejo regarding all current and former roles.  For the avoidance of doubt, this Interrogatory includes the names, addresses, employment titles, and primary responsibilities of each person who is, or has ever been, an officer or executive of Gayosso subsequent to the January 2021 closing of the Gayosso Transaction.

Dated: May 3, 2023

| | /s/ Peter L. Welsh |
|---|---|
| Andrew J. Rossman* | Peter L. Welsh (No. 643261) |
| Nicholas A. S. Hoy* | Daniel V. Ward (No. 667158) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | ROPES & GRAY LLP |
| 51 Madison Avenue, 22nd Floor | Prudential Tower |
| New York, New York 10010 | 800 Boylston Street |
| (212) 849-7000 | Boston, MA 02199 |
| andrewrossman@quinnemanuel.com | (617) 951-7050 |
| nicholashoy@quinnemanuel.com | Peter.Welsh@ropesgray.com |
| | Daniel.Ward@ropesgray.com |

Gabriel F. Soledad*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW
Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2023, I served a copy of the foregoing *First Set of Interrogatories upon Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V.* via electronic mail and FedEx upon the following counsel of record:

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires, Esq.
Jason Hilborn, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

                                              */s/ Peter L. Welsh*
                                              Peter L. Welsh