# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,                    No. 23-cv-10684-IT

    Plaintiff / Counterclaim-Defendant,

    v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant / Counterclaim-Plaintiff.

_____ /

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 1 AND 4 OF DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Servicios Funerarios GG, S.A. DE C.V. ("Servicios Funerarios") supplements, pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1, its responses to Interrogatories 1 and 4 of the First Set of Interrogatories propounded by Defendant Advent International Corporation ("Advent"), as follows[1]:

### Supplemental Responses to Interrogatories 1 and 4[2]

### INTERROGATORY NO. 1

Describe in detail, with reference to supporting documents, the complete factual and legal basis for identifying each of the Targeted Employees and for declining to identify Carlos Peña in the Criminal Complaint.

---

[1] All of the General Objections and Reservations set out in Servicios Funerarios' June 5, 2023 responses to the First Set of Interrogatories are incorporated herein.

[2] Each General Objection or Reservation shall be deemed incorporated into the response and objections to each specific Interrogatory.

**RESPONSE:**

As noted above, objection to the term "Targeted Employees," including because it mischaracterizes the nature of the criminal proceedings in Mexico.

The factual basis for identifying Enrique Pani Bano and Carlos Alfredo Paz Perez in the June 2, 2022 Criminal Complaint was their execution of the SPA on behalf of Gayosso. The factual basis for identifying Enrique Pani Bano, Carlos Alfredo Paz Perez, Carlos Lukac Ostreche, James Westra, and Alejandro Sosa Hernandez in the October 5, 2022 supplemental statement includes that, as employees or agents of Advent or of its related or affiliated entities, they were involved in the sale, the operation, or financial reporting of Gayosso, and their possible direct or indirect participation in the wrongful conduct set forth in the criminal complaint should be investigated by the Public Prosecutor's Office.  More specifically:

- Enrique Pani Bano was an Advent Managing Director and the Chairman of Gayosso's Board, in addition to executing the SPA as a representative of Gayosso. He was also a lead negotiator on the sale of Gayosso's shares and was believed to have knowledge of Gayosso's operations, business practices, and financial reporting.

- Alfredo Paz Perez was a Senior Director and co-head of the Portfolio Support Group, Latin America, for Advent International PE Advisors S.C. He was an active Board Member of Gayosso since 2014 and a member of the Finance and Auditing Committees.  In addition to executing the SPA as a representative of Gayosso, he was a lead negotiator on the sale of Gayosso's shares and was believed to have knowledge of Gayosso's operations, business, practices, and financial reporting.

- Carlos Lukac Ostreche was CEO of Gayosso from October 2011 to January 2021. He was a member of the Executive Committee of Gayosso. He had knowledge of Gayosso's operations, business, practices, and financial reporting.

- Alejandro Sosa Hernandez was Director of Operations of Gayosso from January 2015 to June 2021. He was a member of the Executive Committee of Gayosso. He had knowledge of Gayosso's operations, business, practices, and financial reporting.

- James Westra was a Managing Partner of AIC and the General Counsel of AIC. He was a lead negotiator on the sale of Gayosso's shares, including with respect to the false representations made in the SPA.

Additional factual basis is the information contained in documents being produced and this response will be supplemented to provide the Bates numbers for such documents once production is made.

The Criminal Complaint did not purport to state a legal basis for identifying the employees since, under the Mexican criminal justice system, it is not the role of a complainant such as Servicios Funerarios to determine whether a person or entity should be charged with a crime or be arrested. Rather, it is the role of the Public Prosecutor's Office to conduct the appropriate investigation of the matters asserted in a criminal complaint to determine whether crimes were committed and, if so, to then take what in the prosecutor's discretion are the appropriate steps, including bringing the matter before the criminal courts and seeking arrest warrants. Here, upon conducting an independent investigation of the fraud perpetrated by AIC, the Public Prosecutor's Office made the independent decision to proceed against the employees pursuant to Article 21 of

the Mexican Constitution.  A criminal court judge, upon review of the conclusions of the investigation performed by the Public Prosecutor, issued the arrest warrants for the employees.

Servicios Funerarios did not identify Carlos Peña in the Criminal Complaint because it did not believe that he participated in the wrongful conduct set forth in the Criminal Complaint.  That belief is based on Mr. Peña's lack of participation in the fraudulent acts alleged in the Criminal Complaint and his lack of knowledge of the fraud alleged in the Criminal Complaint.

**INTERROGATORY NO. 4**

Describe in detail, with reference to supporting documents, Servicios Funerarios' ownership structure, and to the extent it has changed over time, any prior ownership structure, including without limitation its current or former ultimate beneficial owner(s); any agreements or understandings concerning profit sharing, stock options, phantom interests, deferred compensation, or any other economic entitlements or benefits of any kind; any current or former relationship with Banco Ve Por Más, SA Institución de Banca Múltiple, Grupo Financiero Ve Por Más, and the Trust Fideicomiso 666; and any other equity, ownership, or economic interests in Servicios Funerarios of any kind.

**RESPONSE:**

Servicios Funerarios' shares have at all times been owned by a trust established pursuant to Contrato de Fideicomiso de Administracion Number 682 and by Pablo Peña.  The sole beneficiary under the trust is Pablo Peña.

**<u>VERIFICATION</u>**

I, Pablo Peña, hereby state that I am authorized to sign these Answers to Interrogatories on behalf of Servicios Funerarios GG, S.A. DE C.V., the subjects stated in the foregoing answers are not all within my personal knowledge, no one representative of Servicios Funerarios GG, S.A. DE C.V. has personal knowledge over all such subjects, I have assembled the answers by communicating with employees and/or agents of Servicios Funerarios GG, S.A. de C.V., and I believe the answers and facts included herein are accurate and true to the best of my knowledge.

Date: _____        By: _____
                                                          Pablo Peña


Dated: August 11, 2023                     Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**          **LESSER, NEWMAN, ALEO & NASSER LLP**

David Boies                                          *By: /s/ Michael Aleo*
333 Main Street8765438uiyj                  Michael Aleo
Armonk, NY 10504                             Thomas Lesser
Telephone: (914) 749-8200                  39 Main Street, Suite 1
Facsimile:  (914) 749-8300                   Northampton, MA  01060
dboies@bsfllp.com                               Telephone:  (413) 584-7331
                                                          Facsimile:   (413) 586-7076
Carlos M. Sires                                    aleo@LNN-law.com
Jason Hilborn                                       lesser@LNN-law.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301            *Attorneys for Plaintiff Servicios*
Telephone:  (954) 356-0011                 *Funerarios GG, S.A. de C.V.*
Facsimile:  (954) 356-0022
csires@bsfllp.com
jhilborn@bsfllp.com


*Attorneys for Plaintiff Servicios Funerarios*
*GG, S.A. de C.V.*

5

## **CERTIFICATE OF SERVICE**

     I, Michael Aleo, hereby certify that this document was sent by electronic mail to counsel for Advent International Corporation.

Dated: August 11, 2023           By: _/s/ Carlos M. Sires_
                                   Carlos M. Sires