# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SERVICIOS FUNERARIOS GG, S.A. DE
C.V.,

        Plaintiff,

v.

ADVENT INTERNATIONAL
CORPORATION,

        Defendant,

        and

ADVENT INTERNATIONAL
CORPORATION,

        Counterclaim-Plaintiff,

v.

SERVICIOS FUNERARIOS GG, S.A. DE
C.V.,

        Counterclaim-
Defendant.

Civil Action No. 23-cv-10684

## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
## DIRECTED TO PLAINTIFF AND COUNTERCLAIM DEFENDANT
## <u>SERVICIOS FUNERARIOS GG, S.A. DE C.V.</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34.1,

Defendant and Counterclaim-Plaintiff Advent International Corporation ("AIC"), by its

undersigned counsel, request that Plaintiff and Counterclaim-Defendant Servicios Funerarios GG,

S.A. de C.V. ("Servicios Funerarios"), on behalf of itself, its representatives and agents, and on

behalf of Grupo Gayosso S.A. de C.V. ("Gayosso") and its representatives and agents, produce for

inspection and copying, and in accordance with the Instructions and Definitions set forth below, any and all documents or electronically stored information or tangible things in its possession, custody, or control that are responsive to any of the individual requests for documents (the "Requests") set forth below.  All responses to these Requests shall be provided to Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199, Attention: Peter Welsh and Daniel Ward.  A written response to each Request is due within thirty (30) days in the manner prescribed by the Federal Rules of Civil Procedure.  Additionally, with respect to Request No. 1, AIC requests that Servicios Funerarios provide both a written response and all responsive materials by May 19, 2023.

## INSTRUCTIONS AND DEFINITIONS

Each Request in this First Set of Requests for Production of Documents is subject to and incorporates the following instructions and definitions.

## INSTRUCTIONS

A.     Unless otherwise specified, these Requests seek documents and electronically-stored information sent, received, dated or created between January 1, 2018 and the present.

B.     Documents responsive to these Requests should be produced in the manner prescribed by the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), all documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the Requests.

Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(ii) and (iii), electronically stored information— including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messages, and other data or data compilations – stored in any medium from

which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (*see* Fed. R. Civ. P. 34(a)(1)(A))—must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

C.      To the extent that you consider any Request objectionable, respond to each Request to the extent not objectionable, and separately state with specificity the part of each Request as to which an objection is raised and the ground for each objection.

D.      Any Request propounded in the disjunctive shall also be read as if propounded in the conjunctive and *vice versa*.  Any Request propounded in the singular shall also be read as if propounded in the plural and *vice versa*.  Any Request propounded in the present tense shall also be read as if propounded in the past tense and *vice versa*.

E.      Each Request and subparagraphs or subdivisions thereof shall be construed independently, and no Request shall be construed as creating a limitation on any other Request.

F.      If any objection is made to any Request or part of any Request on the basis of any claim of privilege, immunity, or work-product protection set forth in detail all facts upon which the claim of privilege is based, including, without limitation, the following:

      i.      the type of communication, document, or information at issue (*e.g.*, oral, written, or electronic) and the date thereof;

      ii.     the name, current or last known home and business addresses and telephone numbers of each participant in such communication; document or information, the field or position, occupation, and employer of each participant in such communication, document, or information, or of those individuals who prepared, produced, or reproduced, or who were the recipients of, such communication, document, or information;

      iii.    a description of the communication, document, or information sufficient to identify it without revealing the information for which privilege is claimed;

      iv.     a description of the subject matter of the communication, document, or information in sufficient detail to allow the Court to determine the validity of the claim of privilege;

      v.     each and every factual and legal basis upon which defendant claims any privilege; and

      vi.     the Request or part thereof to which the communication, document, or information relates.

G.     The fact that a Request calls in part for documents which you claim to be privileged or otherwise objectionable is not a basis for you to fail to produce all documents called for by such Request as to which no privilege or objection is claimed.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), an objection to part of a Request must specify the part and permit inspection of the rest.

H.     Any reference in these Requests to an individual or person includes any and all agents, advisors, directors, officers, employees, principals, representatives, attorneys, successors-in-interest, and all other persons or entities acting in his, her, or its behalf or under his, her, or its control.

I.     Any reference in these Requests to any corporation, partnership, association, or entity includes its predecessors, affiliates, parents, subsidiaries, executives, officers, directors, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, the corporation, partnership, association, or entity.

J.     No Request is to be left unanswered.  If the response to a Request or any part thereof is "none" or "unknown," the word "none" or "unknown" must be written in the response.  If the Request is inapplicable, the words "not applicable" must be written in the response, and the reasons for the alleged inapplicability stated with specificity.

K.     All documents to be produced shall be the original and all non-identical copies, including all drafts and copies with notes, comments or marginalia of any nature, of each responsive document.  If you are unable to produce the original of any document, you shall produce the best available copy and all non-identical copies, including drafts and copies with notes, comments or marginalia of any nature.

L.     If any part of a document is responsive to a Request, the document in its entirety must be produced, including all attachments and enclosures.  Documents attached to each other shall not be separated.

M.     All documents that constitute electronically stored information shall be produced as single page TIFFs with image load files showing production numbers and documents breaks or as otherwise agreed by the parties.  Defendant and Counterclaim Plaintiff reserves the right to request production of electronically stored information in its native format and/or with associated metadata where necessary.

N.     Metadata shall be provided in connection with ESI requested, and INCLUDES without limitation, file, application and system metadata.  The following list identifies the metadata fields that shall be produced (to the extent available):

- Document number or production number (including the document start and document end numbers).  This should use the standard Bates Number in accordance with those used in previous productions.
- BeginAttach
- EndAttach
- Title/Subject
- Sent/Date and time (for emails only)
- Last modified date and time created date and time (for e-docs)

- Received DATE and time (for emails only)
- Author
- Recipients
- cc:
- bcc:
- Source (custodian)
- Hash Value
- File Path
- Media (type of media that the DOCUMENT was stored on when it was collected)
- Page count
- Original file name
- Doc extension
- Full text
- Accessed date & time
- Last Print date

O.    If any document requested herein was at one time in existence, but, after a diligent search, is found to be lost, discarded, destroyed, transferred to others not within your possession, custody or control, or otherwise disposed of, or if you cannot comply in full with any specific Request for any other reason, please furnish a list identifying each such document or information that you failed to produce, explain why full compliance is not possible, and include the following information with respect to each such document, to the fullest extent possible:

   i.  the document's date(s);

   ii.  the document's author(s);

   iii.  the document's sender(s);

   iv.  the document's addressee(s);

        v.      the document's recipient(s);

        vi.     the document's subject matter(s);

        vii.    the document's length;

        viii.   the document's attachments; and

        ix.     the document's location in which it was maintained.

In each instance, explain the circumstances of its loss, discarding, or destruction, including the person(s) responsible for authorizing the disposition and the date thereof, and provide a description of your efforts to locate the document or information and copies of it.

        P.      Pursuant to Fed. R. Civ. P. Rule 26(e), these Requests are continuing in nature, and your responses shall be supplemented if and as additional responsive documents or information become known to you, by or through any of your agents, counsel, or other representatives, after service of your responses and objections, such that your response to any Request is in any way incomplete or erroneous, either in part or in full.  Supplemental responses shall be served promptly upon discovery of such documents or information.

## **DEFINITIONS**

        A.      "You," "your," "Servicios Funerarios," "plaintiff" or "Counterclaim-Defendant" means Servicios Funerarios GG, S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Servicios Funerarios GG, S.A. de C.V, including without limitation MexCap Partners, Execution Finance, Grupo E, and Gayosso.

        B.      "Defendant," "AIC," or "Counterclaim-Plaintiff" means Advent International Corporation.

C.      "Advent Mexico" means Advent International PE Advisors, S.C.

D.      "LAPEF VI" means Advent Latin American Private Equity Fund VI Limited Partnership.

E.      "Somar" means Grupo Farmacéutico Somar, S.A.P.I. de C.V.

F.      "Somar Transaction" means the transaction announced on May 17, 2022, pursuant to which Procaps Group, S.A. agreed to acquire Somar from affiliates of LAPEF VI.

G.      "Carlos Peña" means Carlos Peña Vazquez.

H.      "Pablo Peña" means Pablo Peña Vazquez.

I.      "Octavio Trejo" means Octavio Trejo García.

J.      "Sellers" means TwiBel 1 SPRL, TwiBel 2 SPRL, TwiBel 3 SPRL, TwiBel 4 SPRL, TwiBel 5 SPRL, TwiBel 6 SPRL, and TwiBel 7 SPRL, collectively.

K.      "Gayosso" means Grupo Gayosso S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Grupo Gayosso S.A. de C.V.

L.      "Grupo E" means Grupo E S.A. de C.V.

M.      "Fibra Uno" means Fibra Uno Administración S.A. de C.V.

N.      "MexCap Partners" means MexCap Partners, S.C.

O.      "Execution Finance" means Consultoría XFN, S.C.

P.      "El-Mann Family" means Fibra Uno, Andre El-Mann Arazi, and all known living relatives of Andre El-Mann Arazi by blood or marriage.

-8-

Q.     "Ernst & Young" means all member firms of Ernst & Young Global Limited, including without limitation Mancera S.A.

R.     "GAAP" means Generally Accepted Accounting Principles.

S.     "IFRS" means International Finance Reporting Standards.

T.     "Gayosso Transaction" means the transaction contemplated by the SPA.

U.     "SPA" means the Stock Purchase and Sale Agreement between Sellers and Servicios Funerarios entered into on January 24, 2020 and amended on January 27, 2020; September 30, 2020; December 18, 2020; and January 27, 2021, as amended.

V.     "Demand Letter" means the letter dated November 8, 2021 signed by Pablo Peña on behalf of Servicios Funerarios and addressed to certain AIC-affiliated entities.

W.     "Mexico Civil Action" means the action initiated by Servicios Funerarios on or about March 24, 2022 against AIC, Advent Mexico, and the Sellers in the Federal Court in Matters of Asset Forfeiture in Mexico City, including all subsequent and related proceedings, hearings, motions, rulings, and orders.

X.     "Criminal Complaint" means the June 2, 2022 criminal complaint and October 5, 2022 supplemental statement of facts that Servicios Funerarios submitted to a Mexico City criminal prosecutor, including their accompanying witness declarations and any correspondence related thereto.

Y.     "Mexico Criminal Action" means the Criminal Complaint, as well as the resulting criminal investigation initiated by prosecutor Andrés Maximino Pérez Hicks concerning the Gayosso Transaction in criminal court in Mexico City, and all subsequent and related hearings, requests, motions, rulings, and orders, including the Arrest Warrants, Criminal Embargo, and Interpol Red Notices.

Z.      "Arrest Warrants" means any and all arrest warrants issued or requested in the Mexico Criminal Action for James Westra, Enrique Pani Bano, Carlos Alfredo Paz Pérez, Carlos Lukac, Alejandro Sosa Hernández, and Mario Arregoytia García.

AA.     "Targeted Employees" means James Westra, Enrique Pani Bano, Carlos Alfredo Paz Pérez, Carlos Lukac, and Alejandro Sosa Hernández.

BB.     "Interpol Red Notices" means any and all Interpol red notices issued or requested for James Westra, Enrique Pani Bano, Carlos Alfredo Paz Pérez, Carlos Lukac, Alejandro Sosa Hernández, and Mario Arregoytia García.

CC.     "Civil Embargo" means any and all requests or demands initiated, filed, or otherwise submitted in the Mexico Civil Action seeking to enjoin, embargo, or otherwise encumber any assets belonging to any individual or entity, including without limitation all related proceedings, hearings, motions, rulings, and orders.

DD.     "Criminal Embargo" means any and all criminal proceedings that resulted in enjoining, embargoing, or otherwise encumbering assets managed or held by AIC, including withbout limitation LAPEF VI's indirectly held shares in Somar, as well as all related proceedings, hearings, motions, rulings, and orders, including but not limited to orders dated October 7, 2022, December 6, 2022, and January 11, 2023, and the hearing that occured on October 7, 2022.

EE.     "Massachusetts Action" means the above-captioned proceeding, including all subsequent and related proceedings, hearings, motions, rulings, and orders.

FF.     "Massachusetts Complaint" means the complaint filed in the Massachusetts Action, as well as any amended complaints.

GG.     "SAP" means Gayosso's financial information system referenced in paragraph 21 of the Massachusetts Complaint.

HH.    "Identify" with respect to "persons" means to give the information required by Local Rule 26.5(c)(3) and (6).

II.    "Identify" with respect to documents means to give the information required by Local Rule 26.5(c)(4).

JJ.    The term "document" is defined in Local Rule 26.5(c)(2) and includes without limitation any writing, drawing, graph, chart, photograph, sound recording, image, videotape, data, data compilation, computer data base or data bank, email, text message, instant message, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

KK.    The term "communication" is defined in Local Rule 26.5(c)(1) and includes without limitation any act or instance of transferring, transmitting, passing, delivering, or giving information by written or electronic means, including, but not limited to, by notes, letter, telegram, facsimile, social media, direct message, electronic mail, text message, or voicemail.

LL.    The term "concerning" is defined in Local Rule 26.5(c)(7).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Part 1 – Written Response and All Responsive Materials Due by May 19, 2023

### REQUEST NO. 1

All documents or communications between You and any prosecutor or any other governmental, judicial, or regulatory authority of any kind, including through Your counsel, concerning the Mexico Criminal Action.

### REQUEST NO. 2

All documents and communications that You contend support the issuance of the Arrest Warrants, the Asset Embargo, and/or the Interpol Notices, including without limitation (a) the factual and legal basis supporting the allegations made in the Criminal Complaint, (b) the factual and legal basis supporting the issuance of the Arrest Warrants as to each of the Targeted Employees, (c) the determination not to issue Arrest Warrants or Interpol Red Notices against Carlos Peña and Octavio Trejo, (d) the factual and legal basis supporting the issuance of the Asset Embargo, including the determination of which assets should be subject to the Asset Embargo, and (e) the factual and legal basis supporting the issuance of the Interpol Red Notices as to each of the Targeted Employees.

## Part 2 – Written Responses Due Within Thirty Days

### REQUEST NO. 3

All documents and communications You relied upon in bringing the fraud allegations You have made in connection with the Gayosso Transaction in any civil or criminal proceeding or in any other filing, submission, or presentation to any governmental, judicial, or regulatory authority of any kind.

### REQUEST NO. 4

All documents and communications relating to, supporting or contradicting the allegations in the Massachusetts Complaint, including without limitation all documents identified, mentioned, reviewed or relied upon in preparation of the Massachusetts Complaint.

### REQUEST NO. 5

All documents and communications concerning Gayosso, including without limitation all documents and communications concerning Gayosso's finances, financial statements, accounting practices, operations, or any discussions or analysis of the foregoing.

### REQUEST NO. 6

All documents and communications concerning the Gayosso Transaction, including without limitation all documents and communications concerning Servicios Funerarios' reasons for entering into the Transaction, all terms, provisions, and drafts of the SPA, as well as any due diligence, valuation, quality of earnings, research, or other analysis conducted in connection therewith.

### REQUEST NO. 7

All documents and communications concerning all sources of actual or potential financing or capital for the Gayosso Transaction, including without limitation any actual or potential

financing from Servicios Funerarios, Pablo Peña, Carlos Peña, HSBC Holdings plc or any affiliate thereof, and/or the El-Mann Family or any other sources of financing or capital.

**REQUEST NO. 8**

All documents and communications with or concerning Ernst & Young, including without limitation all documents and communications exchanged with Ernst & Young or Mario Arregoytia García in their capacity as a representative of Servicios Funerarios, Gayosso, any prior potential buyer of Gayosso, or any other entity or individual; all documents and communications concerning any quality of earnings report or any other report prepared by Ernst & Young; and all documents and communications concerning Ernst & Young's involvement in the Gayosso Transaction.

**REQUEST NO. 9**

All documents and communications concerning Gayosso's compliance with GAAP, IFRS, or other accounting standards or principles, including without limitation all documents and communications concerning revenue recognition and cost recognition.

**REQUEST NO. 10**

All documents and communications concerning any financial or accounting analysis concerning Gayosso, including without limitation all audited and unaudited financial statements, general ledgers, internal or external reports or work papers reflecting or relating to Gayosso's accounting.

**REQUEST NO. 11**

All documents and communications concerning SAP or any other financial information system used by Gayosso, including without limitation any and all documents and communications concerning the removal of, or failure to enter, any invoices or any other information, as well as

any other documents and communications relating in any way to the allegations in paragraph 21 of the Massachusetts Complaint.

**REQUEST NO. 12**

All documents and communications with or concerning the El-Mann Family.

**REQUEST NO. 13**

All documents and communications concerning Carlos Peña's resignation from Advent Mexico or employment with Gayosso.

**REQUEST NO. 14**

All documents and communications with or concerning Octavio Trejo.

**REQUEST NO. 15**

All documents and communications concerning the Demand Letter.

**REQUEST NO. 16**

All documents and communications concerning the Mexico Civil Action.

**REQUEST NO. 17**

All documents and communications concerning the Civil Embargo, including without limitation any and all documents presented to any court or other judicial or legal authority supporting or relating to the Civil Embargo.

**REQUEST NO. 18**

All documents and communications concerning the Mexico Criminal Action, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Mexico Criminal Action and/or any of the Arrest Warrants.

**REQUEST NO. 19**

All documents and communications concerning the Interpol Red Notices, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Interpol Red Notices.

**REQUEST NO. 20**

All documents and communications concerning the Criminal Embargo, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Criminal Embargo.

**REQUEST NO. 21**

All documents and communications relating to, supporting or contradicting the allegations made in support of the Mexico Civil Action, the Civil Embargo, the Mexico Criminal Action, the Arrest Warrants, the Interpol Red Notices, and the Criminal Embargo.

**REQUEST NO. 22**

All documents and communications concerning Somar or the Somar Transaction.

**REQUEST NO. 23**

All documents and communications concerning any other arrest warrants, Interpol red notices, asset embargoes, or any other criminal or civil proceedings initiated, sought, filed, or requested in connection with the Gayosso Transaction or relating in any way to AIC or Advent Mexico.

**REQUEST NO. 24**

All communications with Carlos Peña concerning Gayosso, the Gayosso Transaction, the SPA, Advent Mexico, AIC, Ernst & Young, the El-Mann Family, the Demand Letter, the Mexico

Civil Action, the Civil Embargo, the Mexico Criminal Action, the Arrest Warrants, the Interpol Red Notices, the Criminal Embargo, and the Massachusetts Action.

**REQUEST NO. 25**

From January 1, 2015 to the present, all documents and communications concerning Pablo Peña's engagement, relationship, or any other communication or interaction with Gayosso, Advent Mexico, AIC, the El-Mann Family, or Ernst & Young.

**REQUEST NO. 26**

All documents needed to interpret and understand any and all documents produced in response to these Requests, including without limitation documents necessary to understand the meaning of abbreviations.

**REQUEST NO. 27**

All documents and communications concerning the Massachusetts Action, including documents and communications concerning your reasons for filing the Massachusetts Action.

**REQUEST NO. 28**

All documents and communications concerning the formation, ownership, management, and structure of Servicios Funerarios.

**REQUEST NO. 29**

All documents and communications concerning the retention of Mexican counsel in connection with the Demand Letter, the Mexico Civil Action, and the Mexico Criminal Action, including without limitation any engagement letters, fee agreements, invoices, and non-privileged communication between you and Mexican counsel, including prior to your retention of Mexican counsel.

**REQUEST NO. 30**

All documents and communications concerning Gayosso's Board of Directors, Steering Committee, Finance Committee, and any other committee comprised of management, including without limitation changes to their composition, as well as meeting minutes and reports prepared for or by any of these committees.

**REQUEST NO. 31**

All documents and communications concerning Gayosso's shareholder meetings, including without limitation any meeting minutes or notes, resolutions or other documents approved or otherwise resulting therefrom; presentations or documents made available prior to, during, or after the meeting; and any correspondence with or about Gayosso's shareholders or the meeting.

**REQUEST NO. 32**

All documents and communications concerning any financing You obtained or attempted to obtain in connection with the Gayosso Transaction, including without limitation any KYC performed by any bank.

Dated:  May 3, 2023

Andrew J. Rossman*
Nicholas A. S. Hoy*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
andrewrossman@quinnemanuel.com
nicholashoy@quinnemanuel.com

Gabriel F. Soledad*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW
Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

*admitted *pro hac vice*

/s/ Peter L. Welsh
Peter L. Welsh (No. 643261)
Daniel V. Ward (No. 667158)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7050
Peter.Welsh@ropesgray.com
Daniel.Ward@ropesgray.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2023, I served a copy of the foregoing *First Set of Requests For the Production of Documents upon Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V.* via electronic mail and FedEx upon the following counsel of record:

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires, Esq.
Jason Hilborn, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

*/s/ Peter L. Welsh*
Peter L. Welsh