# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,           No. 23-cv-10684-IT

    Plaintiff / Counterclaim-Defendant,

v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant / Counterclaim-Plaintiff.
_____/

**PLAINTIFFS' RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

    Plaintiff Servicios Funerarios GG, S.A. DE C.V. ("Servicios Funerarios") responds, pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, to the First Set of Requests for the Production of Documents (the "Requests") propounded by defendant Advent International Corporation ("Advent"), as follows:

**General Objections and Reservations**

    1.    Servicios Funerarios objects to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

    2.    Servicios Funerarios objects to the Requests to the extent that they call for the production of documents that contain privileged attorney-client communications or that are otherwise protected from disclosure under the applicable privileges, laws, or rules.

    3.    Any inadvertent production of any privileged or otherwise protected document shall not be deemed or construed to be a waiver of any right or privilege, and Servicios Funerarios reserves the right to demand that Advent or any other person in

1

possession of such a document return any such document and all copies thereof, and that Advent or any other person destroy any materials that contain information derived from any such document.

4.      Servicios Funerarios objects to the Requests to the extent that they are overbroad, vague, not stated with reasonable particularity, and/or call for the production of documents that are not relevant to any party's claim or defense or are not proportional to the needs of the case.

5.      Servicios Funerarios objects to the Requests to the extent that they are unduly burdensome, time-consuming, and extremely costly and, to the extent such documents are ordered produced, requests that Advent bear the cost of the production.

6.      Servicios Funerarios objects to the Definitions of the Requests to the extent they increase the burden of production or result in an overbroad request. For example, the definition of "Servicios Funerarios" renders the requests as overbroad and Servicios Funerarios will agree to search and produce documents only as agreed to with Advent.

7.      Servicios Funerarios objects to the use of the term "Targeted Employees" because it is inaccurate, does not reflect the facts of this case, and is unduly prejudicial.

8.      Servicios Funerarios responds based upon information reasonable available to it and expressly reserves the right to supplement these Responses and Objections, including by reason of continuing investigation and discovery.

9.      Servicios Funerarios will identify by way of a privilege log each responsive document to which it claims protection from disclosure once those documents are identified for production. However, Servicios Funerarios objects to designating documents that constitute communications with counsel because those are indisputably protected communications.

10. Servicios Funerarios will produce the documents as set forth below within 30 days from the time the parties agree on an ESI protocol, including custodians and search terms; but, in any event, Servicios Funerarios will make a rolling production of documents.

**Responses to Individual Requests[1]**

**REQUEST NO. 1**

All documents or communications between You and any prosecutor or any other governmental, judicial, or regulatory authority of any kind, including through Your counsel, concerning the Mexico Criminal Action.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by Mexican law.

**REQUEST NO. 2**

All documents and communications that You contend support the issuance of the Arrest Warrants, the Asset Embargo, and/or the Interpol Notices, including without limitation (a) the factual and legal basis supporting the allegations made in the Criminal Complaint, (b) the factual and legal basis supporting the issuance of the Arrest Warrants as to each of the Targeted Employees, (c) the determination not to issue Arrest Warrants or Interpol Red Notices against Carlos Peña and Octavio Trejo, (d) the factual and legal basis supporting the issuance of the Asset Embargo, including the determination of which

---

[1] Each General Objection or Reservation shall be deemed incorporated into the response and objections to each specific Request.

assets should be subject to the Asset Embargo, and (e) the factual and legal basis supporting the issuance of the Interpol Red Notices as to each of the Targeted Employees.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by Mexican law or the attorney-client privilege.

**REQUEST NO. 3**

All documents and communications You relied upon in bringing the fraud allegations You have made in connection with the Gayosso Transaction in any civil or criminal proceeding or in any other filing, submission, or presentation to any governmental, judicial, or regulatory authority of any kind.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by Mexican law, the attorney-client privilege, or the work product doctrine, and that are identified pursuant to an ESI protocol agreed upon by the parties.

**REQUEST NO. 4**

All documents and communications relating to, supporting or contradicting the allegations in the Massachusetts Complaint, including without limitation all documents identified, mentioned, reviewed or relied upon in preparation of the Massachusetts Complaint.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by Mexican law, the attorney-client privilege, or the work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 5**

All documents and communications concerning Gayosso, including without limitation all documents and communications concerning Gayosso's finances, financial statements, accounting practices, operations, or any discussions or analysis of the foregoing.

**RESPONSE:**

Objection on the basis that the request is overbroad to the extent it seeks documents in the possession, custody, or control of Gayosso because every document in Gayosso's possession would be responsive to the request, including documents that are unrelated to this action. Responsive documents concerning Gayosso's finances, financial statements, accounting practices, operations, or any discussions or analysis of the foregoing will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 6**

All documents and communications concerning the Gayosso Transaction, including without limitation all documents and communications concerning Servicios Funerarios' reasons for entering into the Transaction, all terms, provisions, and drafts of

the SPA, as well as any due diligence, valuation, quality of earnings, research, or other analysis conducted in connection therewith.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 7**

All documents and communications concerning all sources of actual or potential financing or capital for the Gayosso Transaction, including without limitation any actual or potential financing from Servicios Funerarios, Pablo Peña, Carlos Peña, HSBC Holdings plc or any affiliate thereof, and/or the El-Mann Family or any other sources of financing or capital.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 8**

All documents and communications with or concerning Ernst & Young, including without limitation all documents and communications exchanged with Ernst & Young or Mario Arregoytia García in their capacity as a representative of Servicios Funerarios, Gayosso, any prior potential buyer of Gayosso, or any other entity or individual; all

documents and communications concerning any quality of earnings report or any other report prepared by Ernst & Young; and all documents and communications concerning Ernst & Young's involvement in the Gayosso Transaction.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine.

**REQUEST NO. 9**

All documents and communications concerning Gayosso's compliance with GAAP, IFRS, or other accounting standards or principles, including without limitation all documents and communications concerning revenue recognition and cost recognition.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 10**

All documents and communications concerning any financial or accounting analysis concerning Gayosso, including without limitation all audited and unaudited financial statements, general ledgers, internal or external reports or work papers reflecting or relating to Gayosso's accounting.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 11**

All documents and communications concerning SAP or any other financial information system used by Gayosso, including without limitation any and all documents and communications concerning the removal of, or failure to enter, any invoices or any other information, as well as any other documents and communications relating in any way to the allegations in paragraph 21 of the Massachusetts Complaint.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 12**

All documents and communications with or concerning the El-Mann Family.

**RESPONSE:**

Objection on the ground that the documents requested are not relevant to any party's claims or defenses and are not proportional to the needs of the case.  The principals of Servicios Funerarios have had a longstanding personal and business relationship with members of the El-Mann Family and communications between them that are not related to the Gayosso transaction have no relevance to the claims and defenses in this action.

8

Servicios Funerarios will produce responsive documents that concern the Gayosso transaction to the extent not protected by the attorney-client privilege or work product doctrine and are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 13**

All documents and communications concerning Carlos Peña's resignation from Advent Mexico or employment with Gayosso.

**RESPONSE:**

Responsive documents will be produced to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 14**

All documents and communications with or concerning Octavio Trejo.

**RESPONSE:**

Objection on the ground that the documents requested are not relevant to any party's claims or defenses and are not proportional to the needs of the case. Trejo was the CFO of Gayosso for over six years prior to the transaction. The request encompasses documents that have no relevance to the issues in this action. Servicios Funerarios will produce responsive documents that concern the alleged wrongful conduct and the Gayosso transaction, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 15**

All documents and communications concerning the Demand Letter.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 16**

All documents and communications concerning the Mexico Civil Action.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected by the attorney-client privilege or work product doctrine.

**REQUEST NO. 17**

All documents and communications concerning the Civil Embargo, including without limitation any and all documents presented to any court or other judicial or legal authority supporting or relating to the Civil Embargo.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by the attorney-client privilege, the work product doctrine, or Mexican law.

**REQUEST NO. 18**

All documents and communications concerning the Mexico Criminal Action, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Mexico Criminal Action and/or any of the Arrest Warrants.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by the attorney-client privilege, the work product doctrine, or Mexican law.

**REQUEST NO. 19**

All documents and communications concerning the Interpol Red Notices, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Interpol Red Notices.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by the attorney-client privilege, the work product doctrine, or Mexican law.

**REQUEST NO. 20**

All documents and communications concerning the Criminal Embargo, including without limitation any and all documents presented to any court, prosecutor, or other judicial or legal authority supporting or relating to the Criminal Embargo.

**RESPONSE:**

11

Responsive documents will be produced to the extent not protected from disclosure by the attorney-client privilege, the work product doctrine, or Mexican law.

**REQUEST NO. 21**

All documents and communications relating to, supporting or contradicting the allegations made in support of the Mexico Civil Action, the Civil Embargo, the Mexico Criminal Action, the Arrest Warrants, the Interpol Red Notices, and the Criminal Embargo.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by Mexican law, the attorney-client privilege, or the work product doctrine, and are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 22**

All documents and communications concerning Somar or the Somar Transaction.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by Mexican law, the attorney-client privilege, or the work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 23**

All documents and communications concerning any other arrest warrants, Interpol red notices, asset embargoes, or any other criminal or civil proceedings initiated, sought, filed, or requested in connection with the Gayosso Transaction or relating in any way to AIC or Advent Mexico.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by Mexican law, the attorney-client privilege, or the work product doctrine, and are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 24**

All communications with Carlos Peña concerning Gayosso, the Gayosso Transaction, the SPA, Advent Mexico, AIC, Ernst & Young, the El-Mann Family, the Demand Letter, the Mexico Civil Action, the Civil Embargo, the Mexico Criminal Action, the Arrest Warrants, the Interpol Red Notices, the Criminal Embargo, and the Massachusetts Action.

**RESPONSE:**

Objection on the ground that the documents requested are not relevant to any party's claims or defenses and are not proportional to the needs of the case. To the extent not protected by the attorney-client privilege or work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties, Servicios Funerarios will produce responsive documents that concern the Gayosso Transaction, the SPA, Advent Mexico, AIC, Ernst & Young, the El-Mann Family, the Demand Letter, the Mexico Civil Action, the Civil Embargo, the Mexico Criminal Action, the Arrest Warrants, the Interpol Red Notices, the

Criminal Embargo, and Massachusetts Action, and Carlos Peña's communications with regard to those subjects.

**REQUEST NO. 25**

From January 1, 2015 to the present, all documents and communications concerning Pablo Peña's engagement, relationship, or any other communication or interaction with Gayosso, Advent Mexico, AIC, the El-Mann Family, or Ernst & Young.

**RESPONSE:**

Objection on the ground that the documents requested relating to the El-Mann Family are not relevant to any party's claims or defenses and are not proportional to the needs of the case. The principals of Servicios Funerarios have had a longstanding personal and business relationship with members of the El-Mann Family and communications between them that are not related to Gayosso transaction have no relevance to the claims and defenses in this action. Servicios Funerarios will produce responsive documents that concern the Gayosso transaction, to the extent not protected by the attorney-client privilege or work product doctrine, pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 26**

All documents needed to interpret and understand any and all documents produced in response to these Requests, including without limitation documents necessary to understand the meaning of abbreviations.

**RESPONSE:**

Objection on the ground that the request is vague and ambiguous. Notwithstanding this objection, no such documents are known to exist.

**REQUEST NO. 27**

All documents and communications concerning the Massachusetts Action, including documents and communications concerning your reasons for filing the Massachusetts Action.

**RESPONSE:**

Responsive documents will be produced, to the extent not protected from disclosure by the attorney-client privilege or the work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 28**

All documents and communications concerning the formation, ownership, management, and structure of Servicios Funerarios.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by the attorney-client privilege.

**REQUEST NO. 29**

All documents and communications concerning the retention of Mexican counsel in connection with the Demand Letter, the Mexico Civil Action, and the Mexico Criminal Action, including without limitation any engagement letters, fee agreements, invoices, and

non-privileged communication between you and Mexican counsel, including prior to your retention of Mexican counsel.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by the attorney-client privilege or the work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

**REQUEST NO. 30**

All documents and communications concerning Gayosso's Board of Directors, Steering Committee, Finance Committee, and any other committee comprised of management, including without limitation changes to their composition, as well as meeting minutes and reports prepared for or by any of these committees.

**RESPONSE:**

Objection on the ground that the documents requested are not relevant to any party's claims or defenses and are not proportional to the needs of the case. The request encompasses documents, such as those concerning "any other committee of management," that have no relevance to the issues in this action. Servicios Funerarios will produce responsive documents that concern the alleged wrongful conduct and the Gayosso transaction to the extent not protected by the attorney-client privilege or work product doctrine.

**REQUEST NO. 31**

All documents and communications concerning Gayosso's shareholder meetings, including without limitation any meeting minutes or notes, resolutions or other documents

approved or otherwise resulting therefrom; presentations or documents made available prior to, during, or after the meeting; and any correspondence with or about Gayosso's shareholders or the meeting.

**RESPONSE:**

Objection on the ground that the documents requested are not relevant to any party's claims or defenses and are not proportional to the needs of the case. The request encompasses documents that are wholly unrelated to the issues in this action. Servicios Funerarios will produce responsive documents that concern the alleged wrongful conduct and the Gayosso transaction to the extent not protected by the attorney-client privilege or work product doctrine.

**REQUEST NO. 32**

All documents and communications concerning any financing You obtained or attempted to obtain in connection with the Gayosso Transaction, including without limitation any KYC performed by any bank.

**RESPONSE:**

Responsive documents will be produced to the extent not protected from disclosure by the attorney-client privilege or the work product doctrine, and that are identified pursuant to an ESI protocol agreed to by the parties.

Dated:  June 5, 2023                                          Respectfully submitted,

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **LESSER, NEWMAN, ALEO & NASSER LLP** |
| */s/ David Boies* | */s/ Michael Aleo* |
| David Boies | Michael Aleo |
| 333 Main Street8765438uiyj | Thomas Lesser |
| Armonk, NY 10504 | 39 Main Street, Suite 1 |
| Telephone: (914) 749-8200 | Northampton, MA  01060 |
| Facsimile:  (914) 749-8300 | Telephone:  (413) 584-7331 |
| dboies@bsfllp.com | Facsimile:   (413) 586-7076 |
| | aleo@LNN-law.com |
| Carlos M. Sires | lesser@LNN-law.com |
| Jason Hilborn | |
| 401 East Las Olas Blvd., Suite 1200 | *Attorneys for Plaintiff Servicios* |
| Fort Lauderdale, Florida  33301 | *Funerarios GG, S.A. de C.V.* |
| Telephone:  (954) 356-0011 | |
| Facsimile:   (954) 356-0022 | |
| csires@bsfllp.com | |
| jhilborn@bsfllp.com | |

*Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.*

## CERTIFICATE OF SERVICE

I, Michael Aleo, hereby certify that this document was sent by electronic mail to counsel for Advent International Corporation.

Date: June 5, 2023                                                            */s/ Michael Aleo*
                                                                                           Michael Aleo