UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Counterclaim-Defendant. | Civil Action No. 23-cv-10684 |

## DECLARATION OF JAVIER MIJANGOS Y GONZÁLEZ

I, Javier Mijangos y Gonzalez, having been duly sworn, under 28 U.S.C. §1746, declare the following:

1. I am a founding partner and CEO of the law firm **"Mijangos y González"**, based in Mexico City. I have law degrees from Escuela Libre de Derecho and from Universidad del País Vasco. I have a Master's Degree from the Center for Political and Constitutional Studies in Madrid, and I have a PhD in Law from Universidad Carlos III in Madrid. I completed my postdoctoral studies at the University of Iowa in the United States of America.

2. I dedicated the beginning years of my professional career to academia. I was a professor on the topic of Constitutional Law at Universidad Carlos III in Madrid between 2002 and 2009. I have several publications on issues related to the validity of fundamental rights in relations

between persons, rights of detained persons, and the death penalty in the United States of America, inadmissible evidence and exclusionary rules, as well as the study of case law of the European Court of Human Rights.

3. From 2010 to 2015, I worked as Secretary of Study and Records of the First Chamber and the Plenary Session of the Supreme Court of Justice of the Nation (SCJN) of Mexico. In that role, I was directly responsible for the preparation of opinions that advanced subject matters in which there were no precedents, such as freedom of expression, right to honor, consular assistance, and assurance of adequate defense of foreign citizens, presumption of innocence, the confidentiality of private communications, the sanctity of the home, inadmissible evidence and the exclusionary rule, circumstantial evidence, legitimate interest, guardianships and custody, and parental authority, among others.

4. In 2015, I founded the law firm **"Mijangos y González"**, which focuses on the practice of litigation in constitutional, administrative, and criminal matters before Mexican courts, primarily before the SCJN. I combine with this work a Professorship of Comparative Law at Escuela Libre de Derecho.

5. I would like to note that this opinion is issued with absolute independence and impartiality, such that the result of this judgment does not result in any personal benefit to me. I have no family, friendship, or personal relationship with either party; I have not represented them in any trial or proceeding in Mexico.

6. This statement, requested by ADVENT INTERNATIONAL CORPORATION ("AIC")[1], by way of its lawyers QUINN EMANUEL URQUHART & SULLIVAN, summarizes my legal opinion, in relation to the content and scope of the obligation of reservation of investigative proceedings, provided for by article 218 of the National Code of Criminal Procedure (CNPP). Therefore, I am answering the questions under Mexican law, which I transcribe below:

7. **QUESTION ONE: Who is bound by the obligation to maintain the confidentiality of investigative proceedings under Article 218 of the National Code of Criminal Procedure?**

---

[1] ADVENT INTERNATIONAL CORPORATION HAS CHANGED ITS NAME TO "ADVENT INTERNATIONAL L.P."

8. The CNPP is a general Mexican standard, applicable to any investigation or criminal proceeding carried out at the federal or state level. This Law regulates the essential rules and formalities of the criminal process, the rights of the parties (the accused, the victim, and their attorneys), and the powers and obligations of the Prosecutor's Office, among other issues.

9. In this particular case, Article 218 of the CNPP, on the one hand, establishes an obligation of the Prosecutor's Office to maintain the confidentiality of the files of any criminal investigation; this implies that only the parties to the procedure may be allowed access to said records. On the other hand, the Article recognizes a **right** of the parties to access the investigation files.

10. Maintaining the confidentiality of a criminal investigation file is an obligation belonging to the Prosecutor's Office as the party that is presiding over and responsible for the criminal investigation procedure. It is further the responsibility of the Prosecutor's Office to ensure that any inspection of the investigation files it allows to be made and any copies that are issued to the parties do not compromise or jeopardize the criminal investigation. I emphasize that, according to interpretation of Article 218 of the CNPP, the obligation to maintain the confidentiality of the investigation corresponds solely and exclusively to the Prosecutor's Office, as stated by the SCJN, when it resolved the contradiction of criteria 59/2016[2]; therefore, in no case may that burden be extended to the accused, to the victim, or to a third party.

11. **QUESTION TWO: Does Article 218 of the National Code of Criminal Procedure limit** *access to the files* **of the investigation and the** *issuance of copies* **thereof, or does it also limit** *access to any issued copies* **of the investigation files?**

12. In resolving the contradiction of thesis 149/2019[3], the SCJN stated that the right of the parties to access the investigative files includes not only the physical inspection of said records, <u>but also the right to obtain copies thereof.</u>

---

[2] Contradiction of criteria 59/2016, issued on June 8, 2016, by a majority of three votes of the First Chamber of the SCJN. Rapporteur Minister: Jorge Mario Pardo Rebolledo.
[3] Conflicting lines of precedent 149/2019, ruled on June 12, 2019, unanimously by five votes of the First Chamber of the SCJN. Rapporteur Minister: Juan Luis González Alcántara Carrancá. Which resulted in Case Law 1a./J. 72/2019,

13. As noted previously, Article 218 of the CNPP establishes the obligation of the Prosecutor's Office to keep the files of the criminal investigation confidential, and it may allow the parties access to said records, by physical inspection, or by the issuance of copies. The obligation of the Prosecutor's Office to keep the investigation files confidential allows the Prosecutor's Office to restrict the right to issue copies in certain cases; this does not imply that it may completely refuse to issue copies, but that certain personal information of the victim, witnesses, or third parties may be blocked or suppressed, to guarantee their safety.

14. It is important to mention that Article 218 of the CNPP at no point regulates or restricts the parties' usage of said copies, **nor does it prohibit them from allowing third parties or authorities access to said copies**. The Prosecutor's Office has no legal obligation to verify the use that the parties make of the copies issued as the CNPP does not impose a duty on the victim or the accused to keep confidential or for their personal use the information contained in the copies of the investigation files that were provided to them.

15. **QUESTION THREE: Does Article 218 of the National Code of Criminal Procedure prohibit, per se, the use of the copy of the investigation files under the control of one of the parties as evidence in this trial***?*

16. Article 218 of the CNPP at no point prohibits that copies of the records of an investigation, delivered to one of the parties, from being used as evidence in a trial before Mexican or foreign courts. As indicated in the previous questions, the obligation to maintain the confidentiality of investigative files applies only to the Prosecutor's Office, which has the duty to ensure that the original files of an investigation can be inspected only by the parties that are part of the criminal procedure.

---

available for consultation in the Gazette of the Weekly Report of the Judiciary. Book 71, October 2019, Volume I, page 994; under heading: *"**ADEQUATE DEFENSE DURING THE INITIAL INVESTIGATION STAGE OF THE ACCUSATORY CRIMINAL PROCEDURE.  THE ACCUSED AND THEIR DEFENDER HAVE THE RIGHT TO OBTAIN COPIES OR PHOTOGRAPHIC REPRODUCTIONS OF THE EVIDENTIARY INFORMATION CONTAINED IN THE INVESTIGATION FOLDER, WHEN THE ACCUSED FALLS WITHIN ANY OF THE CASES ESTABLISHED IN ARTICLE 218, PARAGRAPH THREE, OF THE NATIONAL CODE OF CRIMINAL PROCEDURE."*

17. A similar case has already been analyzed by the SCJN, when it resolved conflicting lines of precedent 59/2016. In that case, it analyzed whether the obligation of the Prosecutor's Office to keep the investigative files confidential extends to a judge who hears a trial unrelated to the criminal procedure. The SCJN held that the obligation to keep investigative files confidential is required only of the Prosecutor's Office in criminal proceedings; **this obligation cannot be extended to judges unrelated to criminal proceedings, who came to know the investigation from copies produced in a different trial.** Therefore, the Judge may allow such records in the file to be exhibited as evidence within the trial, especially if they are exhibited by a person who was part of the criminal proceedings. The only obligation that the Judge who comes to know said records will be to take the necessary measures to ensure that said evidence is only used within the trial being carried out.[4]

18. In short, there is no legal provision that prevents copies of an investigation, lawfully obtained by one of the parties to the criminal proceedings, from being used as evidence in a different trial. The answer is an absolute NO. Article 218 of the CNPP does not prohibit the use of copies of criminal investigation files under the control of one of the parties as evidence in a different trial.

19. **QUESTION FOUR: Based on Article 218 of the National Code of Criminal Procedure, is it sufficient that an accused be subject to an "*acto de molestia*"[5] to have the right to access the investigation files and obtain copies thereof?**

20. Regardless of the analysis in connection with the previous questions, it should be reiterated that Article 218 of the CNPP recognizes the right of the victim and the accused to access the files of the criminal investigation, a right that includes both the physical inspection of the file and obtaining copies thereof.

---

[4] Case Law 1a./J. 33/2016, of the First Chamber of the SCJN, available for consultation at: Gazette of the Weekly Report of the Judiciary. Book 34, September 2016, Volume I, page 470; under the heading: **"CERTIFIED COPIES OF RECORDS SHOWING A PRIOR INVESTIGATION AND/OR ARREST WARRANT OF THE COMPLAINANT. THE DISTRICT JUDGE MAY AUTHORIZE THEM WHEN THEY ARE INCLUDED IN THE INJUNCTION TRIAL BY VIRTUE OF A REASONED REPORT, PROVIDED THAT ANY RESERVED OR CONFIDENTIAL INFORMATION THAT THEY MAY CONTAIN DOES NOT BELONG TO A DIFFERENT PERSON."**

[5] Under Mexican Law, an *acto de molestia* is any action on the part of authorities that tends to infringe upon the rights or freedoms of the person affected, as defined *infra* ¶ 22.

21. With respect to the victim, they may have access to investigation files at any time. With respect to the accused, it is established that they will be able to access the investigation records from the moment at which (i) they are summoned as an accused, (ii) they are detained or, (iii) they are subject to any *acto de molestia* and their testimony is to be taken, whichever comes first.

22. However, it is important to note that the Federal Courts have issued consistent criteria under which they hold that it is sufficient that the accused is subject an *acto de molestia*, in connection with the investigation by the Prosecutor's Office, to determine that they have the right to access the investigation files, regardless of whether the Prosecutor's Office requested that the accused give testimony or not. An *acto de molestia*, in accordance with Mexican doctrine, must be understood in a broad sense as any act by authorities that may temporarily restrict or limit a person's rights, for example, precautionary orders issued by a Criminal Court judge that commands the confiscation of assets or the freezing of bank accounts.[6]

23. Therefore, it is sufficient that the accused is subject to any *acto de molestia* by a criminal prosecution authority in order to have the right to access the investigation files and obtain copies thereof.

## CONCLUSION

24. To the best of my knowledge, based on what is expressed in this opinion, Article 218 of the CNPP establishes an obligation of the Prosecutor's Office to keep confidential the files of a criminal investigation; as well as a right of the victim and the accused to inspect said records and obtain copies of them. This obligation of confidentiality is unique and exclusive to the Prosecutor's

---

[6] See (i) Case Law PC.I.P. J/53 P, of the First Circuit Plenary for Criminal Matters, published in the Gazette of the Weekly Report of the Judiciary. Book 63, February 2019, Volume II, page 1155, under heading *"ACCESS TO THE INVESTIGATION RECORDS IN THE INITIAL STAGE BEFORE THE PUBLIC MINISTRY, CONSTITUTING A RIGHT OF THE ACCUSED AND THEIR DEFENSE, WHICH MAKES IT POSSIBLE TO OBTAIN COPIES OR PHOTOGRAPHIC REPRODUCTIONS, GUARANTEEING AN ADEQUATE DEFENSE."*, and the Isolated Thesis, I.5o.P.64 P, of the Fifth Collegiate Court for Criminal Matters of the First Circuit, published in the Gazette of the Weekly Report of the Judiciary. Book 76, March 2020, Volume II, page 916, under the heading: *"RIGHT TO ACCESS THE INVESTIGATION RECORDS IN THE INVESTIGATION FOLDER, FOR THE DEFENDANT TO EXERCISE IT AS PROVIDED IN ARTICLE 218, THIRD PARAGRAPH, OF THE NATIONAL CODE OF CRIMINAL PROCEDURE, IT IS SUFFICIENT THAT THEY ARE SUBJECT TO ANY ACT OF INTRUSION WITHOUT THE NEED OF THE MINISTRY AUTHORITY INTENDING TO TAKE A TESTIMONY."*

Office and cannot be extended to the victim, the accused, or a third party, with respect to any copies provided to them, as the CNPP does not provide for such an assumption.

25. Therefore, in accordance with the Mexican constitutional, legal, and jurisprudential framework, it can be stated that there is no prohibition or impediment whatsoever for copies of the files of a criminal investigation, which is under the control of one of the parties, to be used as evidence in this trial.

I certify under penalty of perjury, under the laws of the United States of America and Mexico, that the foregoing is true and correct.

Date:   August 22, 2023
                Mexico City, Mexico


                                                                    _____

                                                                              Javier Mijangos y González



# TRANSLATION CERTIFICATION

Date: August 22, 2023

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Spanish (Latin America)

To:

- English (USA)

The documents are designated as:
- Mijangos Affidavit Draft- Right to Investigative File Copy v210823638pm.docx

Leslie Yale, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

*Leslie Yale*
Signature of Leslie Yale

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Counterclaim-Defendant. | Civil Action No. 23-cv-10684 |

**DECLARACIÓN DE JAVIER MIJANGOS Y GONZÁLEZ**

Yo, Javier Mijangos y González, debidamente juramentado, declaro de conformidad con el 28 U.S.C. §1746, lo siguiente:

1. Soy socio fundador y director general de la firma legal *"Mijangos y González"*, con sede en la Ciudad de México. Soy abogado por la Escuela Libre de Derecho y por la Universidad del País Vasco. Cuento con una Maestría por el Centro de Estudios Políticos y Constitucionales de Madrid, y soy Doctor en Derecho por la Universidad Carlos III de Madrid. Realicé estudios postdoctorales en la Universidad de Iowa en los Estados Unidos de América.

2. Los primeros años de mi carrera profesional los dediqué a la academia, fui profesor del área de Derecho Constitucional de la Universidad Carlos III de Madrid entre 2002 y 2009. Cuento con diversas publicaciones, en temas relacionados con la vigencia de los derechos fundamentales

en las relaciones entre particulares, las garantías del detenido y la pena de muerte en los Estados Unidos de América, la prueba ilícita y sus reglas de exclusión, así como del estudio de la jurisprudencia del Tribunal Europeo de Derechos Humanos.

3. Laboré de 2010 a 2015 como Secretario de Estudio y Cuenta de la Primera Sala y el Pleno de la Suprema Corte de Justicia de la Nación (SCJN) en México. En dicha función, me encargué directamente de la elaboración de sentencias que permitieron el desarrollo de materias en las que no existían precedentes, tales como libertad de expresión, derecho al honor, asistencia consular y garantía de defensa adecuada de personas extranjeras, presunción de inocencia, secreto de las comunicaciones privadas, inviolabilidad del domicilio, prueba ilícita y sus reglas de exclusión, prueba circunstancial, interés legítimo, guarda y custodia, patria potestad, entre otras.

4. En 2015 fundé la firma de abogados *"Mijangos y González"*, enfocada en la práctica del litigio en materia constitucional, administrativo y penal ante los tribunales mexicanos y, de manera destacada, ante la SCJN. De igual forma, combino dicha labor con una cátedra de Derecho Comparado que imparto en la Escuela Libre de Derecho.

5. Quiero indicar que esta opinión es emitida con absoluta independencia e imparcialidad, en tanto que el resultado de este juicio no me genera beneficio personal alguno. No guardo relación familiar, de amistad o personal con ninguna de las partes; ni las he representado en algún juicio o procedimiento en México.

6. Esta declaración, solicitada por ADVENT INTERNATIONAL CORPORATION ("AIC")[1], a través de sus abogados QUINN EMANUEL URQUHART & SULLIVAN, sintetiza mi opinión jurídica, en relación con el contenido y alcance de la obligación de reserva de los actos de investigación, prevista en el artículo 218 del Código Nacional de Procedimientos Penales (CNPP). Para lo cual, doy respuesta a las preguntas de derecho mexicano, que abajo transcribo:

7. ***PREGUNTA UNO: ¿A quién está dirigida la obligación de reserva de los actos de investigación del artículo 218 del Código Nacional de Procedimientos Penales?***

---

[1] ADVENT INTERNATIONAL CORPORATION A HA CAMBIADO SU NOMBRE A "ADVENT INTERNATIONAL L.P."

2

8. El CNPP es una norma general mexicana, aplicable a toda investigación o procedimiento penal que se siga en el orden federal o estatal. En dicha Ley, se regulan las reglas y formalidades esenciales del proceso penal, los derechos de las partes (el acusado, la víctima y sus abogados), las facultades y obligaciones de la Fiscalía, entre otras cuestiones.

9. En el caso particular, el artículo 218 del CNPP, por un lado, prevé, una **obligación** de la Fiscalía, de mantener bajo reserva los registros de toda investigación penal; ello implica que únicamente se podrá permitir a las partes del proceso, el acceso a dichos registros. Por otra parte, dicho artículo reconoce un **derecho** de las partes para acceder a los registros de la investigación.

10. La reserva de los actos de una investigación penal es una obligación de la Fiscalía, como rector y responsable del trámite de la investigación penal. Corresponde entonces a la Fiscalía garantizar, que la consulta que se permita de las constancias de una investigación y las copias que sean emitidas a las partes, no comprometan o pongan en riesgo la investigación penal. Se insiste, de acuerdo con la interpretación del artículo 218 del CNPP, la obligación de reserva de la investigación corresponde única y exclusivamente a la Fiscalía, tal y como lo señaló la SCJN, al resolver al resolver la contradicción de criterios 59/2016[2]; por ende, en ningún caso, al acusado a la víctima o a un tercero se les puede hacer extensiva dicha carga.

**11. PREGUNTA DOS: ¿El artículo 218 del Código Nacional de Procedimientos Penales limita el *acceso a los actos* de la investigación y la *expedición de copias* de los mismos, o también limita el *acceso a copias expedidas* de los registros de la investigación?**

12. Al resolver la contradicción de tesis 149/2019[3], la SCJN señaló que el derecho de las partes para acceder a los actos de investigación no sólo comprende la consulta física de dichas constancias, <u>sino también la posibilidad de obtener copias de la misma.</u>

---

[2] Contradicción de criterios 59/2016, fallada el 08 de junio de 2016, por mayoría de tres votos de la Primera Sala de la SCJN. Ministro Ponente: Jorge Mario Pardo Rebolledo.

[3] Contradicción de tesis 149/2019, fallada el 12 de junio de 2019, por unanimidad de cinco votos de la Primera Sala de la SCJN. Ministro Ponente: Juan Luis González Alcántara Carrancá. De la que derivó la Jurisprudencia 1a./J. 72/2019, disponible para su consulta en la Gaceta del Semanario Judicial de la Federación. Libro 71, octubre de 2019, Tomo I, página 994; de rubro: ***"DEFENSA ADECUADA EN LA ETAPA DE INVESTIGACIÓN INICIAL DEL PROCEDIMIENTO PENAL ACUSATORIO. EL INDICIADO Y SU DEFENSOR TIENEN DERECHO A OBTENER COPIAS O REPRODUCCIONES FOTOGRÁFICAS DE LOS DATOS DE PRUEBA QUE OBRAN EN LA CARPETA DE INVESTIGACIÓN, CUANDO EL IMPUTADO SE UBICA EN ALGUNO DE LOS***

13. Como ya se señaló, el artículo 218 del CNPP establece la obligación de la Fiscalía de mantener en reserva los actos de la investigación penal; pudiendo permitir el acceso de las partes a dichas constancias, a través de la consulta física, o bien, a través de la expedición de copias. La obligación de la Fiscalía de mantener en reserva los actos de investigación le permite limitar, en ciertos casos, el derecho a la expedición de copias; ello no implica que se pueda negar totalmente la expedición de las mismas, sino que se podrá testar o suprimir determinada información personal de la víctima, testigos o de terceras personas, para garantizar su seguridad.

14. Es importante mencionar que, el artículo 218 del CNPP, en ningún momento regula o restringe el uso que las partes le puedan dar a dichas copias, **así como tampoco les prohíbe que puedan permitir el acceso de terceras personas o autoridades a dichas copias**. La Fiscalía no tiene ninguna obligación legal de verificar el uso que le dan las partes, a las copias emitidas, pues el CNPP no impone el deber a la víctima o el acusado, de mantener en reserva o para su uso personal, la información contenida en las copias que les fueron proporcionadas de los actos de investigación.

15. **PREGUNTA TRES:** *¿El artículo 218 del Código Nacional de Procedimientos Penales prohíbe, per se, que la copia de los registros de una investigación que se encuentre bajo el control de una de las partes pueda ser utilizada como prueba en el presente juicio?*

16. El artículo 218 del CNPP en ningún momento prohíbe que las copias de los registros de una investigación, entregadas a una de las partes, puedan ser utilizadas como prueba en un juicio seguido ante tribunales mexicanos o en el extranjero. Como se ha señalado en las preguntas anteriores, la obligación de reserva de los actos de investigación únicamente es aplicable a la Fiscalía, quien tiene el deber de garantizar que las constancias originales de una investigación sólo puedan ser consultadas por las partes que forman parte del procedimiento penal.

17. Un caso simular ya han sido analizado por la SCJN, al resolver la contradicción de tesis 59/2016. En dicho asunto, se analizó si la obligación de la Fiscalía, de mantener bajo reserva las constancias de una investigación, es extensiva a una Juez que conoce de un juicio ajeno al

---

*SUPUESTOS ESTABLECIDOS EN EL ARTÍCULO 218, PÁRRAFO TERCERO, DEL CÓDIGO NACIONAL DE PROCEDIMIENTOS PENALES. "*

4

procedimiento penal. La SCJN sostuvo que la obligación de reserva de los actos de investigación únicamente es exigible a la Fiscalía en el procedimiento penal; **dicha obligación no puede hacerse extensiva a jueces ajenos al procedimiento penal, que tuvieron conocimiento de la investigación por las copias que exhibieron en un diverso juicio.** Por ende, el Juez podrá permitir que dichas constancias de la carpeta sean exhibidas como pruebas dentro del juicio, máxime cuando las mismas fueron exhibidas por una persona que formó parte del procedimiento penal. La única obligación que tiene el Juez que conozca de dichas constancias, será tomar las medidas necesarias para garantizar que dicha prueba solo sea usada dentro del juicio que se sigue.[4]

18. En suma, no existe ninguna disposición legal, que impida que las copias de una investigación, obtenidas lícitamente por una de las partes del proceso penal, puedan ser utilizadas como pruebas en un juicio diverso. Por ende, la respuesta es un rotundo NO. El artículo 218 del CNPP no prohíbe que las copias de los registros de una investigación penal que se encuentra bajo el control de una de las partes puedan ser utilizadas como prueba en diverso juicio.

19. **PREGUNTA CUATRO:** *¿Con base en el 218 del Código Nacional de Procedimientos Penales, basta que un imputado sea sujeto a un acto de molestia para que cuente con el derecho de accesar a los registros de la investigación y obtener copias de los mismos?*

20. Con independencia de lo analizado en las preguntas anteriores, debe reiterarse que el artículo 218 del CNPP reconoce el derecho de la víctima y del acusado para poder acceder a los registros de la investigación penal; prerrogativa que engloba tanto la consulta física del expediente, como la obtención de copias de la misma.

21. En el caso de la víctima, podrá acceder a los registros de la investigación en cualquier momento. En el caso del acusado, el CNPP se señala que podrá acceder a los registros de investigación a partir del momento en que: (i) sea citado audiencia como imputado, (ii) sea

---

[4] Jurisprudencia 1a./J. 33/2016, de la Primera Sala de la SCJN, disponible para su consulta en: Gaceta del Semanario Judicial de la Federación. Libro 34, septiembre de 2016, Tomo I, página 470; de rubro: *"COPIAS CERTIFICADAS DE CONSTANCIAS EN QUE APAREZCAN LA AVERIGUACIÓN PREVIA Y/O LA ORDEN DE APREHENSIÓN DEL QUEJOSO. EL JUEZ DE DISTRITO PUEDE AUTORIZARLAS CUANDO SE INTEGRAN AL JUICIO DE AMPARO POR VIRTUD DEL INFORME JUSTIFICADO, SIEMPRE QUE LA INFORMACIÓN RESERVADA O CONFIDENCIAL QUE PUDIEREN CONTENER NO PERTENEZCA A UNA PERSONA DISTINTA."*

detenido o, (iii) cuando sujeto de algún acto de molestia y se pretenda recibir su entrevista, lo que pase primero.

22. No obstante, es importante destacar que los Tribunales Federales, han emitido criterios consistentes, donde sostienen que bastará que el acusado se encuentre sometido a un acto de molestia, con motivo de la investigación seguida por la Fiscalía, para considerar que tiene derecho a acceder a los registros de la investigación, sin importar si se le haya solicitado rendir una entrevista o no. Acto de molestia que, conforme a la doctrina mexicana, debe ser entendida en un sentido amplio, como cualquier acto de autoridad, que de forma temporal, tenga el alcance de restringir o limitar los derechos de una persona; siendo un ejemplo de estas, las providencias precautorias que son dictadas por un Juez penal, donde se ordena el embargo de bienes o el congelamiento de cuentas bancarias.[5]

23. Así, bastará con que el acusado se encuentre sujeto a un acto de molestia de parte de la autoridad penal, para tener derecho a acceder a los registros de la investigación y a obtener copias de los mismos.

## CONCLUSIÓN

24. A mi leal y saber entender, con base en lo expresado en esta opinión, el artículo 218 del CNPP prevé una obligación de reserva de los actos de una investigación penal, a cargo de la Fiscalía; así como un derecho de la víctima y del acusado para consultar dichos registros y obtener copia de los mismos. Dicha obligación de reserva es única y exclusiva de la Fiscalía, y no puede extenderse a la víctima, al acusado o a un tercero, respecto de las copias que le son proporcionadas, pues el CNPP no prevé tal supuesto.

---

[5] Al respecto véanse: (i) la Jurisprudencia PC.I.P. J/53 P, del Pleno en Materia Penal del Primer Circuito, publicada en la Gaceta del Semanario Judicial de la Federación. Libro 63, febrero de 2019, Tomo II, página 1155; de rubro: *"ACCESO A LOS REGISTROS DE LA INVESTIGACIÓN EN LA ETAPA INICIAL ANTE EL MINISTERIO PÚBLICO. CONSTITUYE UN DERECHO DEL IMPUTADO Y SU DEFENSOR, QUE CONLLEVA LA POSIBILIDAD DE OBTENER COPIAS O SU REGISTRO FOTOGRÁFICO, CON LO QUE SE GARANTIZA EL EJERCICIO DE UNA DEFENSA ADECUADA.";* así como, la Tesis Aislada: I.5o.P.64 P; del Quinto Tribunal Colegiado en Materia Penal del Primer Circuito, publicada en la Gaceta del Semanario Judicial de la Federación. Libro 76, marzo de 2020, Tomo II, página 916; de rubro: *"DERECHO DE ACCESO A LOS REGISTROS DE LA CARPETA DE INVESTIGACIÓN. PARA QUE EL IMPUTADO PUEDA EJERCERLO CONFORME AL ARTÍCULO 218, PÁRRAFO TERCERO, DEL CÓDIGO NACIONAL DE PROCEDIMIENTOS PENALES, BASTA CON QUE SEA OBJETO DE UN ACTO DE MOLESTIA, SIN QUE SE REQUIERA, ADEMÁS, QUE LA AUTORIDAD MINISTERIAL PRETENDA RECIBIR SU ENTREVISTA."*

**25.** Por ende, atendiendo a marco constitucional, legal y jurisprudencial mexicano, se puede aseverar que no existe prohibición o impedimento alguno para que las copias de los registros de una investigación penal, que se encuentra bajo el control de una de las partes, puedan ser utilizadas como prueba en el presente juicio.

Certifico bajo pena de perjurio, conforme a las leyes de los Estados Unidos de América y México, que lo anterior es verdadero y correcto.

Fecha:      21 de agosto de 2023
            Ciudad de México, México

_____
Javier Mijangos y González