UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-10684-IT |
| ADVENT INTERNATIONAL CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER
[Docket No. 104]

October 23, 2023

Boal, M.J.

On September 14, 2023, Judge Talwani granted defendant Advent International

Corporation's ("AIC") motion for entry of a protective order governing the disclosure of

confidential information in this litigation.  Docket No. 101.  The parties had agreed to entry of

the order submitted by AIC except as to two issues.  Judge Talwani inadvertently entered the

order proposed by AIC before Servicios Funerarios G.G., S.A. DE C.V. ("SF") had an

opportunity to brief its position on those two issues.  Docket No. 101.  Judge Talwani then

allowed SF to file a motion for reconsideration and referred that motion to the undersigned.  See

Docket Nos. 102, 105.  After review of the parties' submissions as well as consideration of the

parties' arguments at the October 18, 2023 hearing, this Court rules as follows.

1

*Use of Confidential Information Produced During Discovery in Other Litigation Between The Parties*.  The order proposed by AIC provides that confidential and highly confidential information produced by the parties pursuant to the protective order "may only be used for purposes of litigating the claims and defenses at issue in this litigation, subject to the restrictions of this Order."  Docket No. 101 at 7.  Such a provision is generally a standard component of most stipulated protective orders.  See, e.g., In re Terrorist Attacks on September 11, 2001, No. 03-MD-01570, 2022 WL 1805398, at *2 (S.D.N.Y. June 2, 2022) ("[T]he requirement to use discovery materials only for the prosecution or defense of this case . . . is a basic component of most protective orders in this district).  Indeed, this Court's Model Protective Order includes such a provision.  See Magistrate Judge Jennifer C. Boal's Standing Order Re: Motions for Stipulated Protective Orders (Sept. 20, 2021), Model Protective Order, ¶ 8.

Courts have allowed use of confidential information subject to a protective order in other litigation under certain circumstances, such as when such access will secure "the just, speedy, and inexpensive determination of every action" consistent with Rule 1 of the Federal Rules of Civil Procedure.  See Baker v. Liggett Group, 132 F.R.D. 123, 126 (D. Mass. 1990).  As it appears that there may be overlap between the issues in this case and the Delaware action, this Court will allow the parties to use information subject to the protective order in that action.  However, this Court will not allow use of information subject to the protective order in the Mexican proceedings.  SF has acknowledged that discovery is not permitted in the Mexican proceedings and, therefore, allowing SF to use confidential information produced in this case in those proceedings would work an end-run around Mexican procedural rules.  See, e.g., In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 324 (D. Conn. 2009) (court should not modify protective order to allow use of confidential materials in other

litigation if party seeking such modification "is seeking to circumvent limitations on its ability to conduct discovery in [another] case or to gain access to materials it would otherwise have no right to access."). Accordingly, I grant in part and deny in part SF's request to modify the protective order to allow use of protected confidential materials in other litigation between the parties. Information subject to the protective order may be used in the Delaware action but not in the Mexican proceedings.

SF's *Counsel in Mexico's Access To Confidential Information*. The current protective order limits dissemination of confidential and highly confidential information to a party's "U.S.-based outside counsel of record in this action." Docket No. 101 at 5, 6. AIC seeks to prevent SF's outside counsel in Mexico from accessing confidential and highly confidential information based on its allegations that they are involved in corrupt conduct in connection with Mexican litigation between the parties. I find that that preventing SF's outside counsel in Mexico from accessing confidential information is improper here because it would impair SF's ability to defend itself against those same allegations of corruption in AIC's counterclaims. They may not, however, access highly confidential information.[1] Accordingly, I will allow SF's Mexican counsel to access confidential information produced in this action but only if such counsel subjects themselves to the jurisdiction of this Court[2] and SF's counsel of record in this case keeps a log of what confidential documents were shared with Mexican counsel.

---

[1] SF may seek to provide its outside counsel in Mexico access to highly confidential information on a case-by-case basis by filing a motion.

[2] They may do so by signing the Acknowledgement of Understanding and Agreement to Be Bound submitted as Appendix A to the Protective Order. SF's counsel agreed to this procedure at oral argument.

Within one week, the parties shall file a proposed stipulated protective order consistent with this opinion.

**So Ordered**.

             /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE