# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br>      Plaintiff, <br><br>v. <br><br>ADVENT INTERNATIONAL CORPORATION, <br><br>      Defendant, <br><br>      and <br><br>ADVENT INTERNATIONAL CORPORATION, <br><br>      Counterclaim-Plaintiff, <br><br>v. <br><br>SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br>      Counterclaim-Defendant. | Civil Action No. 23-cv-10684-IT |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF**
**ADVENT INTERNATIONAL CORPORATION'S INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant and Counterclaim-Plaintiff Advent International Corporation ("AIC") hereby provides the following initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

**Preliminary Statements & Reservations of Objections**

AIC makes these disclosures based on its current knowledge, available and known to AIC following a reasonable and diligent investigation, and without waiver of attorney-client privilege, work product, common interest privilege or any other privilege or immunity. In the event that any document referenced or produced by AIC contains privileged, confidential, proprietary or irrelevant information, its disclosure is inadvertent and does not constitute a waiver of any

privilege or objection with respect to the disclosed document or any of the information contained therein.

By making these disclosures, AIC does not represent that it is identifying every document, tangible thing, witness, or custodian possibly relevant to all issues that may eventually be raised in this action. Discovery in this case is beginning, AIC's investigation is ongoing, and AIC expressly reserves the right to revise, amend, correct, supplement, modify, or clarify these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure based on additional information obtained through continued formal discovery or other means. Furthermore, these disclosures are given without prejudice to AIC's right to use or rely on, at any time, including trial, subsequently discovered information or any information omitted from these disclosures by inadvertence, mistake, or otherwise.

By making these disclosures, AIC does not waive, in any way, (i) the right to object on the grounds of competency, privilege, the work product doctrine, relevancy, materiality, hearsay, undue burden, or any other proper ground or basis permitted by law, to the use of any such information for any purpose, in whole or in part, in this action or any other action or proceeding, and (ii) the right to object on any and all grounds permitted by law to any other discovery requests relating in any manner whatsoever to the subject matter of these disclosures in any proceeding, in this action or in any other action. AIC further reserves the right to object to the production of documents and things from the categories identified or the obtaining of testimony from the witnesses identified on any applicable basis.

The disclosures set forth below are organized to correspond to the general categories set forth in Rule 26(a)(1). AIC provides the disclosures contained herein, and in any subsequent amended or supplemental disclosures, subject to the above objections and qualifications.

**I.     Name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(l)(A)(i) of the Federal Rules of Civil Procedure, and based upon presently available information to AIC after reasonable investigation, the following individuals (listed below) may have discoverable information that AIC may use to support its claims or defenses. AIC provides the following list without any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, and without waiver of attorney-client privilege or work-product immunity, or any other privilege or immunity. Discovery in this case is just beginning and AIC's investigation is ongoing. AIC is not aware of other individuals warranting disclosure at this time, but reserves the right to amend or supplement this list of individuals based on facts that may be disclosed during discovery.

Any identification of an individual is not an affirmative assertion by AIC that the individual in fact has discoverable information, but rather that the individual may have discoverable information. Moreover, the actual knowledge of individuals identified herein may or may not exceed the scope of the subject matter listed in the entries below, and AIC (i) makes no representation whatsoever that the individuals necessarily have all information on the below-described subjects and (ii) has no intention whatsoever to limit the matters concerning which the individuals may give testimony, although AIC reserves all rights under all applicable privileges, immunities, and protections.

By identifying the following three individuals, AIC does not (a) concede that such individuals are employees, agents, or representatives of AIC; or (b) consent to or authorize Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V. ("Servicios Funerarios") or

anyone acting on its behalf to, contact or otherwise communicate with the following three individuals, who may have confidential and/or privileged information, regarding this matter. Such individuals should be contacted through AIC's counsel of record: Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199 and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave, 22nd Floor, New York, New York 10010. The following three individuals may have information regarding (i) Servicios Funerarios' acquisition of Grupo Gayosso S.A. de C.V. ("Gayosso") in January 2021 (the "Gayosso Transaction"); (ii) the extent of the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Gayosso Transaction; and/or (iii) Gayosso's financial reporting and accounting practices:

- **Enrique Pani Bano**, former senior executive at Advent International PE Advisors, S.C. and former Chairman of the Board of Gayosso;
- **Carlos Alfredo Paz Perez**, Senior Director and Co-Head of Portfolio Support Group, Latin America, for Advent International PE Advisors, S.C.; and
- **Veronica Stenner**, former employee of Advent International PE Advisors, S.C.

The following additional individuals, whose addresses and telephone numbers are not currently known to AIC, may also have information regarding (i) the Gayosso Transaction; (ii) the extent of the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Gayosso Transaction; (iii) Gayosso's financial reporting and accounting practices; (iv) the arrest warrants mentioned, among other places, in Paragraph 196 of the Counterclaim-Plaintiff's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint, ECF No. 14 (the "Counterclaim Complaint"); (v) the asset embargo mentioned, among other places, in Paragraph 182 of the Counterclaim Complaint; and/or (vi) the Interpol "Red Notices" mentioned, among other places, in Paragraph 208 of the Counterclaim Complaint:

- **Carlos Peña Vazquez**, former member of the investment team at Advent International PE Advisors, S.C. and former CEO of Gayosso;

- **Pablo Peña Vazquez**, sole administrator of Servicios Funerarios, principal of Consultoría XFN, S.C. ("ExeFin") and MexCap Partners, S.C. ("MexCap");

- **Mariana Gonzalez**, Managing Director of MexCap and affiliated with ExeFin;

- **Miguel Rizo Patrón**, affiliated with ExeFin and MexCap;

- **Carlos Nicolas Lukac Ostreche**, former CEO of Gayosso;

- **Juan Rodriguez**, CEO of Gayosso.

- **Octavio Trejo Garcia**, CFO of Gayosso;

- **Alejandro Sosa Hernandez**, former COO of Gayosso;

- **Gabriela Cruz Romera**, Collections Director for Gayosso;

- **Marco Antonio Vallejo Hernandez,** Corporate Comptroller for Gayosso;

- **Isela Montenegro Aranda**, IT/Systems Director for Gayosso;

- **Jhovany Alfan**, counsel to Fibra Uno Administración S.A. de C.V.;

- **Roberto Carlos Chagoya Hernandez**, public accounting advisor to Servicios Funerarios; and

- **Mario Arregoytia García**, employee of Mancera, S.C., a member practice of Ernst & Young Global Limited.

Furthermore, AIC incorporates by reference in these disclosures, or any supplemental or amended disclosures, the names of any and all persons (including individuals and entities) disclosed by Servicios Funerarios. AIC further incorporates by reference the names of any and all persons (including individuals and entities) identified by Servicios Funerarios in any Responses to any Interrogatories, Responses to Document Requests, or Responses to Requests for Admission. The above disclosure does not identify or otherwise include information concerning experts as this subject is not covered by Rule 26(a)(1). AIC expressly reserves its right to amend its initial disclosures in connection with expert discovery deadlines. Moreover, since discovery has just begun, AIC is not in a position to identify all of Servicios Funerarios' employees, agents,

consultants, or third parties who may have discoverable information that AIC may use to support its claims or defenses. The above identifications are not intended to be exhaustive.  By making these disclosures, AIC makes no representation as to its control over any non-AIC employee or entity.  AIC reserves the right to identify additional persons if it learns during the course of its investigation and discovery in this action that such additional persons have knowledge of discoverable information that AIC may use to support its claims or defenses.

**II.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and based upon information reasonably available to AIC at this time, AIC describes below the documents, data compilations, and tangible things that are in the possession, custody, or control of AIC or its counsel that it may use to support its claims or defenses.  Unless otherwise indicated, the categories of documents below are located at Advent International PE Advisors, S.C., Edificio Omega, Campos Eliseos 345 – 14th Floor, Col. Polanco, 11560 México, D.F., AIC, Prudential Tower, 800 Boylston Street, Boston, MA 02199, or at the offices of AIC's counsel, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199 and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave, 22nd Floor, New York, New York 10010.

1. Documents, electronically stored information, and tangible things relating to the Gayosso Transaction.

2. Documents, electronically stored information, and tangible things relating to the extent of the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Gayosso Transaction.

3. Documents, electronically stored information, and tangible things relating to Gayosso's financial reporting and accounting practices.

By providing the forgoing description of documents, AIC does not acknowledge the relevance or discoverability of any documents or waive its right to withhold production of any document in its possession that is protected by the attorney-client privilege, work product immunity, or any other claim of privilege or immunity, or waive any abjection on the grounds that AIC is prohibited from, or limited in, producing any document under a confidentiality agreement with a third party, or where production of such a document would be otherwise unlawful.  By making these disclosures, AIC reserves, and does not waive, the right to object to the discoverability, admissibility, relevance, and the like of such documents and evidence.  AIC expressly reserves the right to identify and use other documents in support of its claims and/or defenses if, during the course of this litigation, such other documents become known to AIC.

**III.    A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Pursuant to Rule 26(a)(l)(A)(iii) of the Federal Rules of Civil Procedure, and based upon presently available information, AIC responds as follows:

As of the date of these Initial Disclosures, AIC cannot fully assess the damages it will claim from Servicios Funerarios.  To the best of AIC's current knowledge, the damages that AIC will pursue from Servicios Funerarios include: (a) the sum of (i) compensatory and punitive damages to remedy the financial loss and reputational harm that AIC has suffered as a result of Servicios Funerarios' wrongdoing, as outlined in the Counterclaim Complaint, (ii) treble damages pursuant to Chapter 93A of the Massachusetts General Law, and (iii) interest on the foregoing calculated at the Massachusetts statutory rate of 12%; (b) in the alternative, moral damages pursuant to Article 1916 of the Mexico City Civil Code; and (c) the amount of any costs, attorneys' fees, and/or other

expenses resulting from Servicios Funerarios' wrongdoing, as outlined in the Counterclaim Complaint.

**IV.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, and based upon presently available information, AIC responds as follows:

AIC will make available any applicable insurance policies upon entry into a suitable protective order governing the exchange of confidential material in this action.

Dated:  May 3, 2023

| | |
|---|---|
| Andrew J. Rossman*<br>Nicholas A. S. Hoy*<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>nicholashoy@quinnemanuel.com<br><br>Gabriel F. Soledad*<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street NW<br>Washington, D.C. 20005<br>(202) 538-8000<br>gabrielsoledad@quinnemanuel.com<br><br>Joseph H. Margolies*<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>(312) 705-7400<br>josephmargolies@quinnemanuel.com<br><br>*admitted *pro hac vice* | Respectfully submitted,<br><br>*/s/ Peter L. Welsh*<br>Peter L. Welsh (No. 643261)<br>Daniel V. Ward (No. 667158)<br>ROPES & GRAY LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7050<br>Peter.Welsh@ropesgray.com<br>Daniel.Ward@ropesgray.com<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff Advent International Corporation* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2023, I served a copy of the foregoing *Defendant and Counterclaim-Plaintiff Advent International Corporation's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)* via electronic mail and FedEx upon the following counsel of record:

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires, Esq.
Jason Hilborn, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

                                                              */s/ Peter L. Welsh*
                                                              Peter L. Welsh