# Exhibit D

**From:** Carlos Sires <csires@bsfllp.com>
**Sent:** Wednesday, June 7, 2023 7:06 PM
**To:** Gabriel Soledad <gabrielsoledad@quinnemanuel.com>
**Cc:** David Boies <DBoies@BSFLLP.com>; Jason Hilborn <jhilborn@bsfllp.com>; Michael Aleo <aleo@lnn-law.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Nicholas Hoy <nicholashoy@quinnemanuel.com>; Valerie Ramos <valerieramos@quinnemanuel.com>; Joseph Margolies <josephmargolies@quinnemanuel.com>; Welsh, Peter L. <Peter.Welsh@ropesgray.com>; Ward, Daniel V. <Daniel.Ward@ropesgray.com>
**Subject:** Re: Servicios Funerarios GG v. AIC, 23-cv-10684 - Initial Search Protocol

**[EXTERNAL EMAIL from csires@bsfllp.com]**

Gabe,

This responds to your email of June 5 in which you purport to memorialize our discussions at the June 1 meet-and-confer. At the outset, I note that your email adds several questions, characterizations, and factual assertions about this case that were never discussed during the meet-and-confer. Still, without accepting those assertions and characterizations, our responses below track the order of your email.

3

Central Repositories:

1.      ExeFin has not been formally dissolved, but it has had no commercial activity since April 2020. All information concerning the Gayosso transaction that was on the ExeFin server was transferred to the MexCap server, where it continues to reside. The transfer of the information took place during the period March 25-27, 2020. To the extent ExeFin had hard copy documents, those should be in the possession of MexCap. To the best knowledge of the principals of MexCap, no information concerning the Gayosso transaction that was on the ExeFin server has been lost or destroyed.

2.      We will not treat Fibra Uno as a party for document production purposes. Please explain your basis for asserting that "SF is purporting to seek damages on behalf of Fibra Uno."

Custodians:

1.      We will search the identified custodians to the extent there is information that is maintained on the Gayosso server or the MexCap server. In other words, any person on your list that was not storing information on either of these servers (the only two servers that will be searched) cannot be treated as a custodian. To the extent that hard copy documents are in the possession of Gayosso, Servicios Funerarios, or MexCap, they will be produced (subject, of course, to objections and privilege).

2.      We never discussed "custodial interviews" in our meeting, but we will of course work with our client to identify relevant information from emails, computers, and hard-copy documents.

3.      We will run agreed-upon search terms against the Gayosso and MexCap servers and not limit the search of those servers to emails to or from custodians.

4.      We will search the available personal devices of Pablo Peña and Mariana Gonzalez (based, of course, on agreed-upon search terms). This is conditioned on an agreement that Advent will similarly search the available personal devices of executives or high-level employees who were involved in relevant matters. (See paragraph 5, below.)

4

5.      We will search the available personal device of Carlos Peña (based, of course, on agreed-upon search terms). We do not agree at this time to search the personal devices of all custodians and do not agree with your contention that we are obligated to do so. That said, we are willing to discuss an agreement to search the devices of additional executives or high-level employees who had involvement in relevant matters, such as we have agreed to do with regard to Pablo Peña, Mariana Gonzalez, and Carlos Peña (subject, of course, to agreement from those individuals).

6.      Chayoga was never an employee of MexCap, so the search will be limited to MexCap's server.

7.      Revueltas was never an employee of MexCap, so the search will be limited to MexCap's server.

8.      We will treat Moreno as a custodian for the period he was employed by Gayosso. He had no involvement in the transaction from the buyer side and, thus, did not store information on the MexCap server.

9.      We do not accept Alfan as a custodian.

10.     These are new requests that were not discussed during our meet-and-confer and you are free to seek this information (to the extent not already provided) through normal discovery requests. That said, we have agreed to treat Mr. Trejo as a custodian.

Search Terms:

1.      Our understanding of what you stated during the meet-and-confer is that the identified requests were not subject to ESI searches and that the remaining requests would be responded to through the ESI searches. Our responses to your document requests reflect that understanding.

2.      We will provide hit reports and go from there, and as you said during our meeting, we expect you to do the same.

3.      The date range is fine with the caveat that it covers a substantial period post the demand letter and, as we discussed, we will have to address ways to avoid the burden of searching documents that are unquestionably privileged.

4.      We disclosed the name of the trust in our discovery responses.

Carlos.