# Exhibit H

## Document Production

Thanks for the update, though it is concerning to us that you are only now completing custodian interviews. Your e-mail also omits any detail of the timing of your non-Gayosso document productions. When can we expect the first of those? And are you on track to meet the new substantial completion deadline?

Yes, at this time we anticipate being able to meet the substantial completion deadline as to all documents we have agreed to produce. We are still working with Mexican counsel to obtain their documents in light of our more recent agreement to do so. If anything changes, we will promptly update you.

## Search Terms

We need clarification on your representations regarding the status of your production.

1. **Gayosso's Documents/Communications pre-dating the sale**:  In your September 11 letter, you claim that you have "run all proposed search terms" because you are not reviewing each documents in that date range, and are only sampling.  Please confirm that you [are] running all search terms, including those in Schedule E (except for "Gayosso," "Trejo," "inversion," "SAP"), on all of Gayosso's documents/communications predating the sale, and that the sampling and filtering has only limited the number of documents reviewed, not the number of documents on which you have run the terms.

   Confirmed.

2. **All other Categories:**  The hit counts you provide in Schedule E (as well as the other Schedules) seem to reflect the entire universe of potential hits (including documents/communications pre-dating the sale, which you are not reviewing).  In order to understand the actual burden of running these terms, please provide us with the following updated hit counts:

   a. Updated Hit Count for Gayosso's documents/communications during and after the sale for all terms listed in Schedule E, as well as for the string ("Instituto de Seguridad y Servicios Sociales de los Trabajadores del Estado" OR "ISSSTE" OR "ISSTE")

   b. Updated Hit Count for MexCap Collections on Schedules B and E

   These are attached.

## Custodians & Date Range

We welcome any efforts to move toward compromise, but maintain that your revised list and prioritization thereof does not reflect a legitimate effort to obtain relevant, discoverable materials. As an initial matter, we do not consider "cutting [y]our list of requested custodians in

half" a genuine "attempt to reach compromise." As we have explained in several letters, emails, and meet-and-confers, your initial list was grossly overbroad and not at all proportionate to the needs of the case. Because the starting position was unreasonable, merely reducing that position does not automatically make your new position reasonable.

In any event, your ranked list was also an unhelpful vector for compromise. You not only provided that list later than you said you would, but also failed to include the key information we requested—an explanation of *why* you believe the additional custodians are necessary in light of the collection we have already undertaken. Our prior communications have explained in detail why these custodians would yield irrelevant or duplicative discovery. If we understood your putative justifications, we would be better positioned either to agree to your requests or satisfy your concerns about obtaining incomplete discovery.

Though you did not provide this information, it seems to us from your prioritization of Messrs. Blumenkranc, Mussafer, and Maldonado that you are not, in fact, interested in individuals relevant to the deal, but rather are seeking to harass AIC by naming its most senior individuals with little to no connection or relevance to this case.  Mr. Blumenkranc is the head of Advent's Mexico Office, but did not hold that position until well after the deal was closed.  Mr. Mussafer is the Chairman and a Managing Partner of AIC, and his only potential relevance is entirely duplicative of Mr. Pike's documents.  Mr. Maldonado is a Managing Partner of AIC and was not on the Investment Committee that would have approved the deal.   Involving these executives in discovery would be disruptive, but not productive.  And as you can imagine, given that we have no explanation from you as to why you believe reviewing their documents is likely to result in relevant information, it is very difficult for us to justify the review to our client.

Nonetheless, we remain willing to compromise in an effort to move forward.  On the condition that doing so would resolve this dispute (and not otherwise), we are willing to produce documents from Eileen Sivolella and Patrice Etlin, who were two of your other highest-priority custodians and (as you know) very senior executives in their own right, even though we continue to anticipate that they will have few non-duplicative relevant documents.  Before we undertake a burdensome collection and review of the documents of these senior executives, however, we would like to know if a compromise will be achievable.  In particular, if our proposed further compromise is not acceptable, we reiterate our request that your provide some justification for the additional custodians (and in particular your highest-priority custodians, like Messrs. Blumenkranc, Mussafer, and Maldonado) in light of the points we have raised.  To be clear, if you are unwilling to provide this information and to agree to a reasonable compromise, we believe that our existing custodial review of more than a million documents (excluding Mr. Etlin and Ms. Sivolella) is more than adequate, and would be prepared to explain that to the Court.

We do not agree with your argumentative remarks but do not think responding to them is productive.  It appears that your proposal in the last paragraph is take-it-or-leave it.  If that is the case, we do not accept it.  In a last effort to resolve this without involvement by Judge Boal, we would agree to limit the additional custodians (*i.e.*, those that you have agreed to thus far, including Etlin and Sivolella) to: Musafer, Maldonado, Zuchinni, and Zuzenak.  With respect to Maldonado, it is our understanding that he was on the investment committee with respect to the transaction.  If that is not correct, as you state above, please provide us with the names of

everyone who was on the investment committee with respect to the transaction.  Unless we hear from you by tomorrow that this proposal is acceptable, we will consider us to be at an impasse on the issue.

We are still working to get you an answer on the date range, and should have one early next week.

We ask that you provide us with your position as soon as possible, given the discovery hearing scheduled for October 18th.

## Collection of Cell Phones

For clarity, you asked on our last meet-and-confer whether we would produce any device data and we agreed to provide a response, but you did not at that time (or in your Sept. 11 letter) identify requested custodians.  In any event, we agree to produce information from Enrique Pani's cell phone.

Thank you for offering to collect Mr. Pani's cell phone.  In addition to him, we would agree to limit the list to Paz, and Zucchini (removing Westra).   Please advise as soon as possible if that is acceptable to you.

## Privilege Log

We are continuing to discuss with our client and will be back to you soon. We should also discuss the timing of the exchange of privilege logs. Do you have a proposal on that?

We are analyzing the number of documents flagged for privilege to determine the amount of time we will need to complete secondary review of those documents, produce any that were incorrectly tagged, and prepare a log.  We anticipate we will need several weeks after the substantial completion date to do so.

## Supplemental Interrogatory Responses

The amendment to our responses and objections the first set of interrogatories is attached, and we will provide our amendment to the second set interrogatories early next week.

Your last communication was that the supplemental responses will be provided this week.  We look forward to receiving them by tomorrow.

## ESI Protocol

SF's productions have not included confidentiality metadata, which is required by II.A of the ESI Protocol.  Please produce load files correcting this omission and include confidentiality metadata going forward.

We will do so.