# Exhibit I

| From: | Valerie Ramos <valerieramos@quinnemanuel.com> |
|---|---|
| Sent: | Friday, September 29, 2023 4:35 PM |
| To: | Ana Carolina Varela; Carlos Sires; Gabriel Soledad |
| Cc: | Brooke Alexander; Michael Aleo; Nicholas Hoy; Ward, Daniel V.; Welsh, Peter L. |
| Subject: | RE: Discovery Questions |
| Attachments: | 2023.09.29 Amendment to ROs to First Set of ROGs.pdf |

Carlos,

It took you nearly a week to provide responses to the below.  It is not reasonable for you to demand answers from us in less than 24 hours, especially when you have still not responded to my email from September 21.  We believe that the Court reasonably expects the parties to work together cooperatively to resolve disputes, not to impose unilateral deadlines in an attempt to manufacture false impasses.  We would also note that while you demand immediate responses from AIC on your requests, you continue to delay responding to AIC's requests:

- You still have not provided the employment agreement of Mr. Chagoya.  We have been asking about Mr. Chagoya's employment and separation agreements since, at latest, our July 26 meet and confer.  After months, you finally agreed to provide it by September 11.  More than two weeks later you still have not provided it.
- You have failed to confirm whether you will supplement your Rogs 4 and 6, in light of your failure to include all information in your possession.
- You have failed to provide us with assurances that you are working with your client to identify any and all side agreements with the El-Mann family and their affiliates that relate to Gayosso.

Please confirm when we will receive these responses.

**Document Production**
Thanks for the update.  When can we expect to receive your first production of non-Gayosso documents?

**Search Terms**
Can you please confirm that these are new hits (i.e., docs not already captured by your ongoing review)?  I find it unlikely that MexCap would have over 5K documents hitting on "Advent" that are unrelated to Gayosso/this action and not otherwise getting picked up.  We are trying to ascertain how many additional documents you will have to review in order to determine which search term could be narrowed.  If this does not contain new or unique hits (which I suspect it does not), please provide the below information for each term:

| Search term | Total Hit Count | Hits From Docs You Already Agreed To Produce | New Hits From Docs Added (Total Hit Count – Docs You Already Agreed To Produce) | Hit From Docs You Already agreed To Produce + Docs Hitting On Other Search Terms In This List | Total unique hits (i.e. number of documents that hit on this search term only) |
|---|---|---|---|---|---|
| Example 1 | | | | | |

Please also provide the total, deduplicated number of additional hits generated by the terms on each list (i.e., how many additional documents would need to be reviewed if SF were to run all terms on each list).  Similarly, please provide the total, deduplicated number of additional hits generated by the terms on all lists (i.e., how many additional documents would need to be reviewed if SF were to run all terms on all lists—we would expect this number to be lower than the sum of the hit counts for the three individual lists due to overlap).

Regardless, all documents in MexCap Schedule B do not introduce a burden, given their low document count, and should be run.

**Date Range / Custodians**
We are taking back your proposal to our client.  As I am sure you are aware, given your own delay, we cannot have an answer for you by end of day, but we will have one for you as soon as possible next week.

As you also know, it is incorrect that our proposal in the last paragraph was "take-it-or-leave it," and we reject your attempts to manufacture a false record in this respect.  We continue to hope that the parties can reach a compromise without burdening the Court, and note that we are a lot closer to one than we were a couple of weeks ago.

We would also note our ongoing frustration with your unwillingness to provide any basis for your requested additional custodians.  As we stated in our e-mail from last week, "if our proposed further compromise is not acceptable, we reiterate our request that your provide some justification for the additional custodians . . . in light of the points we have raised."  Your continued and unexplained refusal to do so is a significant factor standing in the way of getting this resolved.  Nevertheless, as stated above, we will get back to you soon on your proposal.

As for your request concerning "who was in the investment committee"—this information was provided for you in response to our interrogatory set No. 1 (attached—a draft of which was sent on 09/22).

**Cell Phones**
We are taking back your proposal to our client, and will respond in short order.

**Supplemental Rogs**
We are working on obtaining final sign-off.  If not today, you will receive them this weekend, or Monday at latest.  Thanks for your patience.

---

**From:** Ana Carolina Varela <Avarela@bsfllp.com>
**Sent:** Thursday, September 28, 2023 7:23 PM
**To:** Valerie Ramos <valerieramos@quinnemanuel.com>; Carlos Sires <csires@bsfllp.com>; Gabriel Soledad <gabrielsoledad@quinnemanuel.com>
**Cc:** Brooke Alexander <balexander@BSFLLP.com>; Michael Aleo <aleo@lnn-law.com>; Nicholas Hoy <nicholashoy@quinnemanuel.com>; Ward, Daniel V. <Daniel.Ward@ropesgray.com>; Welsh, Peter L. <Peter.Welsh@ropesgray.com>
**Subject:** RE: Discovery Questions

[EXTERNAL EMAIL from avarela@bsfllp.com]

---

Valerie,

Please see attached correspondence.

Regards,

Carolina

**Ana Carolina Varela**
Associate

---

BOIES SCHILLER FLEXNER LLP