# Exhibit N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

Case No. _____

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,

    Plaintiff,

    v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff Servicios Funerarios GG, S.A. de C.V. serves, pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 33.1, its first set of interrogatories upon defendant Advent International Corporation.

## INSTRUCTIONS

1.    Answer each interrogatory separately, and as completely as possible based on all information known or available to you as of the time of the answer. Your answers should consist of information known to your officers, agents, attorneys, employees, or other representatives. If you do not possess the information to fully answer an interrogatory, you should answer the interrogatory to the fullest extent possible, specifying your inability to answer the remainder.

2.    All words in these Interrogatories that are not defined in the "Definitions" section below or in the Complaint filed by Plaintiff in this action shall have their plain and ordinary meanings.

1

3. All uses of the conjunctive shall be interpreted as also including the disjunctive and vice versa. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

4. "Including" and "includes" shall be construed as including but not limited to, and as referring only to an incomplete listing of illustrative examples and not as limiting or narrowing the generality of any definition, instruction or Request.

5. Unless otherwise stated, these Interrogatories refer to the period from **January 1, 2017,** through **November 30, 2021** (the "Time Period").

6. If you contend that you are entitled to withhold information falling within the purview of this First Set of Interrogatories on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, such information should be identified by providing a description of the following:

   a. Describe the subject matter of the information in enough detail to determine the validity of the claimed privilege;

   b. Identify the Person(s) who have knowledge or who have transmitted said information;

   c. State the nature and basis of the privilege or other ground claimed for withholding the information; and

   d. The date such information was transmitted to or by you.

## DEFINITIONS

Unless otherwise expressly specified, for purposes of these Interrogatories, the following definitions shall apply:

1. "Advent" means defendant Advent International Corporation and Advent International PE Advisors, S.C., and, its predecessors, affiliates, subsidiaries,

2

      executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, including Carlos Peña.

2.   "Committee" means any formal or informal committee of a party (*e.g.*, investment committee, audit committee).

3.   "Communication" is defined in Local Rule 26.5(c)(1) and includes without limitation any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written or electronic means, including, but not limited to, by notes, letter, telegram, facsimile, social media, direct message, electronic mail, text message, or voicemail.

4.   "Concerning" is defined in Local Rule 26.5(c)(7).

5.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

6.   "Financial Information System" means any system used by a party to maintain its financial information, including the system to which Advent sometimes refers as "SAP."

7.   "Financial Statements" means any financial statement, whether or not audited, purporting to set out the financial condition or valuation of Gayosso.

8.   "Gayosso" means Grupo Gayosso, S.A. de C.V. and, its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or

entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control.

9. "Identify" (With Respect to Persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place and position of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. "Identify" (With Respect to Documents) means to give, to the extent known, the:

    a. type of document;

    b. general subject matter;

    c. date of the document;

    d. author(s), addressee(s), and recipient(s); and

    e. identifying information (*e.g.*, a Bates stamp number) that Advent ascribed to the document when producing it in response to the requests for production of documents that Servicios Funerarios GG, S.A. de C.V. propounded on Advent.

11. "Identify" (With Respect to Meetings") means to give, to the extent known:

    a. the location of the meeting if it was held at a physical location;

    b. the electronic platform of the meeting if was held electronically;

    c. the participants at the meeting;

    d. the substance of the matters discussed; and

    e. the date and time of the meeting.

12. "Identify" (With Respect to Communications) means to give, to the extent known:

    a. the means of the communication (*e.g.*, electronic, in-person, by mail, by telephone or voice service);

4

  b.  the date and time of the communication;

  c.  the substance of the communication; and

  d.  the location(s) where the communication took place.

  e.  each Person who participated in the communication.

13. "Identify" (With Respect to Documents) means to give, to the extent known:

  a.  A description of the document (*e.g.*, email, letter, memorandum, contract, financial statement);

  b.  The author, recipient, and date of the document;

  c.  The current location of the document; and

  d.  To the extent the interrogatory seeks information about the provision or exchange of the document, the date and means by which the document was provided, and each Person to whom the document was provided.

14. "Person" means any natural person or any business, legal, or governmental entity or association.

15. "Representative" means any person holding a position with, performing duties for, acting on behalf of, or otherwise representing the specified entity, whether or not that person also holds a position with another entity.

16. "Relating to" shall include the normal sense of the phrase including and referring to, or communication of, the subject, or any content or subject matter thereof, or any issue raised thereby.

17. "Sale" means the sale of shares in Gayosso to Servicios Funerarios.

18. "Servicios Funerarios" means plaintiff Servicios Funerarios GG, S.A. de C.V. and, its officers, directors, employees, partners, parent, subsidiaries, or affiliates, and includes specifically Pablo Pena, with respect to the sale, Grupo E S.A. de C.V.

19. "SPA" means the Stock Purchase and Sale Agreement for the sale of the shares of Gayosso entered into on January 24, 2020 and amended on January 27, 2020, September 30, 2020, December 18, 2020, and January 27, 2021, as amended.

20. "State the Basis," when used in an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, and the party shall:

   a. identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   d, state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

21. "Twibel entities" means TwiBel 1 SPRL, TwiBel 2 SPRL, TwiBel 3 SPRL, TwiBel 4 SPRL, TwiBel 5 SPRL, TwiBel 6 SPRL, and TwiBel 7 SPRL.

22. "Twilux entities" means Advent Twilight Luxembourg 1 S.à r.l., Advent Twilight Luxembourg 2 S.à r.l., Advent Twilight Luxembourg 3 S.à r.l., Advent Twilight

Luxembourg 4 S.à r.l., Advent Twilight Luxembourg 5 S.à r.l., Advent Twilight Luxembourg 6 S.à r.l., and Advent Twilight Luxembourg 7 S.à r.l.

## INTERROGATORIES

### Interrogatory Number 1

Identify each Person and Committee with knowledge of the Sale or the SPA and describe in detail what knowledge Advent believes each identified Person or Committee to have concerning or relating to the Sale or the SPA.

**Response:**

**Interrogatory Number 2**

Describe in detail, with reference to supporting documents and communications, the complete factual and legal basis for each of the allegations in Advent's answer and counterclaim.

**Response:**

**Interrogatory Number 3**

Identify every Representative of Advent (including "members of the deal team," as alleged in paragraph 121 of the Counterclaim, and members of the "Portfolio Support Group," as described at https://www.adventinternational.com/about/how-we-add-value/) who was ever employed at, or acted on behalf of, Gayosso or who participated in or acted in any way in connection with, the Sale, and state any position they have held at Advent and Gayosso, their title in each position, their duties and responsibilities in each position, the dates they held each position, and the location(s) where they performed their duties.

**Response:**

**Interrogatory Number 4**

Identify every communication exchanged between Advent and Gayosso concerning or relating to Sale or the financial condition or valuation of Gayosso.

**Response**:

**Interrogatory Number 5**

Identify every document created by Advent concerning or relating to the Sale or the financial condition or valuation of Gayosso.

**Response**:

## Interrogatory Number 6

Identify any instance where Gayosso (i) removed from, or did not enter into, the Financial Information System any unpaid invoice, liability, or account payable, (ii) re-introduced into the Financial Information System an invoice, liability, or account payable previously removed from the Financial Information System, (iii) or first introduced into the Financial Information System an invoice, liability or account payable that it received prior to the execution of the SPA, and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**Response**:

**Interrogatory Number 7**

Identify any instance in which Gayosso split, allocated, or divided or requested a third party to split, allocate, or divide any cost, expense, or account payable in connection with the construction of a grave into more than one invoice, one of which was designated as being for "infrastructure," and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**Response**:

**Interrogatory Number 8**

Identify every instance in which Gayosso used, for purposes of the Financial Statements, a cost of a casket that was lower than the cost of the casket actually purchased by the customer and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**Response**:

**Interrogatory Number 9**

Identify every communication by which Gayosso disclosed to Servicios Funerarios the existence of its January 8, 1982 contract with the Instituto de Seguridad y Servicios de los Trabajadores del Estado, (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**Response**:

| | |
|---|---|
| Dated:  May 5, 2023 | Respectfully submitted, |
| **BOIES SCHILLER FLEXNER LLP** | **LESSER, NEWMAN, ALEO & NASSER LLP** |
| David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300<br>dboies@bsfllp.com | By: */s/ Michael Aleo*<br>     Michael Aleo<br>     Thomas Lesser<br>     39 Main Street, Suite 1<br>     Northampton, MA  01060<br>     Telephone:  (413) 584-7331<br>     Facsimile:  (413) 586-7076<br>     aleo@LNN-law.com<br>     lesser@LNN-law.com |
| Carlos M. Sires (*pro hac vice*)<br>Jason Hilborn (*pro hac vice*)<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 356-0011<br>Facsimile:  (954) 356-0022<br>csires@bsfllp.com<br>jhilborn@bsfllp.com | *Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.* |
| *Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.* | |

## CERTIFICATE OF SERVICE

I, Carlos M. Sires, hereby certify that this document was on May 5, 2023 sent by electronic mail to counsel for Defendant Advent International Corporation.

Date: May 5, 2023                                             /s/ Carlos M. Sires
                                                                            Carlos M. Sires

                                    **ADVENT INTERNATIONAL CORPORATION**

                                    By:_____

                                    Its:_____

STATE OF_____)

                       ) SS:

COUNTY OF_____)

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared _____ _____ who is personally known to me or who has produced _____ _____ as identification and who executed the foregoing Answers to Interrogatories and he/she deposes and says that the attached Answers to Interrogatories are true and correct.

    WITNESS my hand and official seal in the County and State last aforesaid this ____ day of _____, 2023.

                                      _____

                                      Notary Public, State of _____

                                      Commission No.: _____

                                      My Commission Expires: