# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>        Plaintiff,<br><br>v.<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>        Defendant,<br><br>        and<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>        Counterclaim-Plaintiff,<br><br>v.<br><br>SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>        Counterclaim-Defendant. | Civil Action No. 23-cv-10684-IT |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF AIC'S
RESPONSES AND OBJECTIONS TO SERVICIOS FUNERARIOS'
<u>FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 of the U.S. District Court for the District of Massachusetts, Defendant and Counterclaim-Plaintiff Advent International Corporation ("AIC") submits the following Responses and Objections to Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V.'s ("Servicios Funerarios") First Set of Interrogatories to Defendant (the "Interrogatories" and each, an "Interrogatory").

**GENERAL RESPONSES**

1. A response by AIC to any Interrogatory is not an admission or representation by AIC that any factual or legal conclusions, allegations, assumptions or claims in such Interrogatory are warranted, true, or accurate.

2. AIC's Responses and Objections herein reflect AIC's present knowledge, information, and belief, based on their reasonable efforts to ascertain information responsive to the Interrogatories. AIC's Responses and Objections may be subject to change or modification based on further discovery or facts and circumstances that may come to AIC's attention. Accordingly, AIC reserves the right to revise, correct, supplement, or clarify the Responses and Objections set forth herein.

3. AIC's Responses and Objections herein do not constitute a waiver of AIC's right to object to: (a) any further demand for discovery involving or relating to matters raised in the Interrogatories; or (b) the relevance, materiality, or admissibility of the Interrogatories or of statements made or information disclosed in AIC's Responses and Objections contained herein.

4. The foregoing General Responses are continuing and incorporated by reference into each of the Specific Responses and Objections set forth below. Any objection or lack of objection to any portion of the Interrogatories is not to be deemed an admission or waiver.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Subject to the foregoing General Responses, which are incorporated by reference into each of the following Specific Responses and Objections whether or not referred to in a specific response, AIC responds as follows:

**INTERROGATORY NO. 1:**

Identify each Person and Committee with knowledge of the Sale or the SPA and describe in detail what knowledge Advent believes each identified Person or Committee to have concerning or relating to the Sale or the SPA.

**RESPONSE TO INTERROGATORY NO. 1:**

AIC objects to this Interrogatory as premature in the absence of discovery from Servicios Funerarios regarding the Sale or the SPA. AIC further objects to this Interrogatory on the grounds that it seeks information already in the possession, custody, or control of Servicios Funerarios. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the term "Committee."

AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. AIC also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and is not reasonably tailored to the discovery of admissible information. With respect to Persons, AIC will limit its response to Persons who had direct knowledge of the Sale or the SPA during the time of the Sale or the negotiation of the SPA, and will exclude from its response any Persons or committees who may have gained knowledge of the Sale or the SPA solely as a result of the November 8, 2021 demand letter signed by Pablo Peña on behalf of Servicios Funerarios or other correspondence related thereto.

Subject to and without waiving the foregoing, AIC answers that the following Persons or committees are believed to have knowledge or information concerning or relating to the Sale or SPA:

Persons with direct knowledge of the Sale or the SPA:

- Enrique Pani Bano
  ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.
- Carlos Alfredo Paz Perez

-3-

- ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Veronica Stenner

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Carlos Peña Vazquez

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Francisco Emilio Moreno Bazán

  - ◦ Knowledge of negotiations of Sale and SPA.

- Pablo Peña Vazquez

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Carlos Nicolas Lukac Ostreche

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Octavio Trejo Garcia

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Mariana Gonzalez

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Miguel Rizo Patrón

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

- Jhovany Alfan

  - ◦ Knowledge of (i) negotiations of Sale and SPA and (ii) the due diligence that Servicios Funerarios and its agents and advisors performed in connection with the Sale and SPA.

In addition, the AIC Latin American Investment Advisory Committee evaluated the business case for the transaction based on summary information provided by AIC deal team, including Carlos Peña, and contributed to the exit memorandum presented to AIC Investment Committee.  The AIC Investment Committee assessed the exit memorandum prepared by deal team and AIC Latin American Investment Advisory Committee and approved the exit.  Neither committee participated in the due diligence process, including the furnishing of any financial documentation to Servicios Funerarios or its representatives.  AIC's internal counsel reviewed drafts of the SPA provided by the individuals identified above, and participated in negotiation of the financial Guarantee benefitting Servicios Funerarios, but also did not participate in the due diligence process, including the furnishing of any financial documentation to Servicios Funerarios or its representatives.

**INTERROGATORY NO. 2:**

Describe in detail, with reference to supporting documents and communications, the complete factual and legal basis for each of the allegations in Advent's answer and counterclaim.

**RESPONSE TO INTERROGATORY NO. 2:**

AIC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored to the discovery of admissible information.  AIC further objects to this Interrogatory on the grounds that, in seeking a response concerning "each of the allegations in Advent's answer and counterclaim," Servicios Funerarios exceeds the 25 interrogatories to which Plaintiff is entitled pursuant to Local Rule 26.1(c). Indeed, on its own, this Interrogatory constitutes more than 25 interrogatories.  AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

AIC further objects to this Interrogatory to the extent it seeks a legal conclusion, analysis, or opinion. Additionally, pursuant to Federal Rule of Civil Procedure 33(a)(2), because this Interrogatory seeks an opinion or contention related to fact and the application of law to fact, AIC is not required to answer this Interrogatory at this time. *See Eveden, Inc. v. The N. Assurance Co. of Am.*, No. 10-CV-10061, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012) (explaining that it may be appropriate to withhold responses to contention interrogatories until a "substantial amount" of discovery has been completed).

Subject to and without waiving the foregoing, AIC answers by incorporating by reference its answer and counterclaims filed on April 24, 2023. Further, AIC answers that it intends to produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d). While discovery is just beginning and the parties first must negotiate, among other things, an appropriate protective order, custodians, and a list of search terms, AIC anticipates producing documents responsive to this Interrogatory from the custodial files of Enrique Pani Bano, Carlos Alfredo Paz Perez, Veronica Stenner, and Carlos Peña Vazquez.

**INTERROGATORY NO. 3:**

Identify every Representative of Advent (including "members of the deal team," as alleged in paragraph 121 of the Counterclaim, and members of the "Portfolio Support Group," as described at https://www.adventinternational.com/about/how-we-add-value/) who was ever employed at, or acted on behalf of, Gayosso or who participated in or acted in any way in connection with, the Sale, and state any position they have held at Advent and Gayosso, their title in each position, their duties and responsibilities in each position, the dates they held each position, and the location(s) where they performed their duties.

**RESPONSE TO INTERROGATORY NO. 3:**

AIC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored to the discovery of admissible information. AIC further objects to this Interrogatory as not relevant to any party's claims or defenses to the extent it seeks information prior to January 1, 2017. AIC further objects to this Interrogatory to the extent that it assumes that

each individual associated with an affiliate of AIC is a "Representative of Advent." AIC also objects to the definition of "Advent" to the extent that term is defined to include Carlos Peña after the date of his departure from Advent International PE Advisors, S.C.

AIC further objects to this Interrogatory on the grounds that, in addition to requesting that AIC identify certain Representatives of Advent, it also requests that Advent specify: (1) any position they have held at Advent and Gayosso; (2) their title in each position; (3) their duties and responsibilities in each position; (4) the dates they held each position; and (5) the location(s) where they performed their duties, and thus constitutes at least five separate interrogatories for the purposes of Local Rule 26.1(c).

Subject to and without waiving the foregoing, AIC responds that the following individuals employed or retained by affiliates of AIC worked directly on the Sale.

- Enrique Pani Bano
  - Title: Managing Director, Advent International PE Advisors, S.C. (Apr. 2016–Aug. 2021) (Mexico City, Mexico); Chairman of Gayosso Board of Directors
  - Duties: Managed acquisition and sale of portfolio companies; Provided support to portfolio companies and served as board member of portfolio companies; Provided oversight of negotiations with respect to Sale
- Carlos Alfredo Paz Perez
  - Title: Senior Director and Co-Head of Portfolio Support Group, Latin America, Advent International PE Advisors, S.C.; (Sept. 2013–present) (Mexico City, Mexico); Member of Gayosso Board of Directors
  - Duties: Provided operational support to portfolio companies through coordination with management and served as board member; Provided oversight of negotiations with respect to Sale
- Veronica Stenner
  - Titles: Intern, Advent International PE Advisors, S.C. (Mar. 2017–Dec. 2017) (Mexico City, Mexico); Analyst, Advent International PE Advisors, S.C. (Jan. 2018–Jan. 2020) (Mexico City, Mexico); Associate, Advent International PE Advisors, S.C. (Jan. 2020–Aug. 2022) (Mexico City, Mexico)
  - Duties: Provided analytical and operational support to the deal team in acquisitions, divestment, and managing of portfolio

- Carlos Peña Vazquez
  ◦ Title: Director, Advent International PE Advisors, S.C. (Aug. 2009–Dec. 2018; Jan. 2019–Mar. 2021) (Mexico City, Mexico); Member of Gayosso Board of Directors
  ◦ Duties: Managed acquisition and sale of portfolio companies; Provided support to portfolio companies and served as board member; Participated in Board of Directors of Gayosso, including financial committee and management committee; Coordinated day-to-day due diligence and negotiations with respect to Sale.
- Francisco Emilio Moreno Bazán
  ◦ Title: Attorney, Llaguno, Name y Moreno, S.C. (Mexico City, Mexico)
  ◦ Duties: Legal secretary for portfolio company Boards of Directors; Participated in legal-related matters concerning Gayosso investment and Sale; Prepared power of attorneys related to the structure of Sale

In addition, the AIC Latin American Investment Advisory Committee and AIC Investment Committee participated in the approval of the Sale based on summary materials provided by individuals identified above, but did not participate in the due diligence process, including the furnishing of any financial documentation to Servicios Funerarios or its representatives. AIC's internal counsel reviewed drafts of the SPA provided by individuals identified above, and participated in negotiation of the financial Guarantee benefitting Servicios Funerarios, but also did not participate in the due diligence process, including the furnishing of any financial documentation to Servicios Funerarios or its representatives.

**INTERROGATORY NO. 4:**

Identify every communication exchanged between Advent and Gayosso concerning or relating to Sale or the financial condition or valuation of Gayosso.

**RESPONSE TO INTERROGATORY NO. 4:**

AIC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and is not reasonably tailored to the discovery of admissible information. AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other

applicable rule or privilege. AIC also objects to the definition of "Advent" to the extent that term is defined to include Carlos Peña after the date of his departure from Advent International PE Advisors, S.C.

Subject to and without waiving the foregoing, AIC answers that it intends to produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d). While discovery is just beginning and the parties first must negotiate, among other things, an appropriate protective order, custodians, and a list of search terms, AIC anticipates producing documents responsive to this Interrogatory from the custodial files of Enrique Pani Bano, Carlos Alfredo Paz Perez, Veronica Stenner, and Carlos Peña Vazquez.

**INTERROGATORY NO. 5:**

Identify every document created by Advent concerning or relating to the Sale or the financial condition or valuation of Gayosso.

**RESPONSE TO INTERROGATORY NO. 5:**

AIC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and is not reasonably tailored to the discovery of admissible information. AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the phrase "'Identify' with respect to Documents," for which the Interrogatories provide two conflicting definitions. AIC also objects to the definition of "Advent" to the extent that term is defined to include Carlos Peña after the date of his departure from Advent International PE Advisors, S.C.

Subject to and without waiving the foregoing, AIC answers that it intends to produce documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).

While discovery is just beginning and the parties first must negotiate, among other things, an appropriate protective order, custodians, and a list of search terms, AIC anticipates producing documents responsive to this Interrogatory from the custodial files of Enrique Pani Bano, Carlos Alfredo Paz Perez, Veronica Stenner, and Carlos Peña Vazquez.

**INTERROGATORY NO. 6:**

Identify any instance where Gayosso (i) removed from, or did not enter into, the Financial Information System any unpaid invoice, liability, or account payable, (ii) re-introduced into the Financial Information System an invoice, liability, or account payable previously removed from the Financial Information System, (iii) or first introduced into the Financial Information System an invoice, liability or account payable that it received prior to the execution of the SPA, and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**RESPONSE TO INTERROGATORY NO. 6:**

AIC objects to this Interrogatory in its entirety on the grounds that it seeks information that, to the extent it exists, would already be in the possession, custody, or control of Servicios Funerarios. Indeed, Servicios Funerarios' initial disclosures identify over a dozen individuals to be contacted through counsel for Servicios Funerarios who have knowledge of Gayosso's financial statements and/or accounting practices. AIC further objects to this Interrogatory as not relevant to any party's claims or defenses to the extent it seeks information prior to January 1, 2017.

AIC also objects to this Interrogatory as premature in the absence of discovery from Servicios Funerarios regarding Gayosso's financial and accounting practices. AIC further objects to the request to "[i]dentify any instance where Gayosso . . . first introduced into the Financial Information System an invoice, liability or account payable that it received prior to the execution of the SPA" as overbroad, unduly burdensome, and not reasonably tailored to the discovery of admissible information. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the phrase

"'Identify' with respect to Documents," for which the Interrogatories provide two conflicting definitions.

Subject to and without waiving the foregoing, AIC answers that pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents responsive to this Interrogatory, if any, that are identified pursuant to a review of agreed-upon custodians and search terms. AIC also reserves the right to supplement this response upon review of documents produced by Servicios Funerarios and Gayosso.

**INTERROGATORY NO. 7:**

Identify any instance in which Gayosso split, allocated, or divided or requested a third party to split, allocate, or divide any cost, expense, or account payable in connection with the construction of a grave into more than one invoice, one of which was designated as being for "infrastructure," and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**RESPONSE TO INTERROGATORY NO. 7:**

AIC objects to this Interrogatory in its entirety on the grounds that it seeks information that, to the extent it exists, would already be in the possession, custody, or control of Servicios Funerarios. Indeed, Servicios Funerarios' initial disclosures identify over a dozen individuals to be contacted through counsel for Servicios Funerarios who have knowledge of Gayosso's financial statements and/or accounting practices.

AIC also objects to this Interrogatory as premature in the absence of discovery from Servicios Funerarios regarding Gayosso's financial and accounting practices. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the phrase "'Identify' with respect to Documents," for which the Interrogatories provide two conflicting definitions.

Subject to and without waiving the foregoing, AIC answers that pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents responsive to this Interrogatory, if any, that are identified pursuant to a review of agreed-upon custodians and search terms. AIC also reserves the right to supplement this response upon review of documents produced by Servicios Funerarios and Gayosso.

**INTERROGATORY NO. 8:**

Identify every instance in which Gayosso used, for purposes of the Financial Statements, a cost of a casket that was lower than the cost of the casket actually purchased by the customer and identify every disclosure of those instances made to Servicios Funerarios (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**RESPONSE TO INTERROGATORY NO. 8:**

AIC objects to this Interrogatory in its entirety on the grounds that it seeks information that, to the extent it exists, would already be in the possession, custody, or control of Servicios Funerarios. Indeed, Servicios Funerarios' initial disclosures identify over a dozen individuals to be contacted through counsel for Servicios Funerarios who have knowledge of Gayosso's financial statements and/or accounting practices, and specify that two of those individuals, Alfredo García Ávila and Juan Gerardo Fernandez Saldaña, have direct knowledge of the cost of caskets.

AIC also objects to this Interrogatory as premature in the absence of discovery from Servicios Funerarios regarding Gayosso's financial and accounting practices. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the phrase "'Identify' with respect to Documents," for which the Interrogatories provide two conflicting definitions.

Subject to and without waiving the foregoing, AIC answers that pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents responsive to this Interrogatory, if any, that are identified pursuant to a review of agreed-upon custodians and search terms. AIC also reserves

the right to supplement this response upon review of documents produced by Servicios Funerarios and Gayosso.

**INTERROGATORY NO. 9:**

Identify every communication by which Gayosso disclosed to Servicios Funerarios the existence of its January 8, 1982 contract with the Instituto de Seguridad y Servicios de los Trabajadores del Estado, (including by identifying every document provided to Servicios Funerarios containing the disclosure).

**RESPONSE TO INTERROGATORY NO. 9:**

AIC objects to this Interrogatory in its entirety on the grounds that it seeks information that, to the extent it exists, would already be in the possession, custody, or control of Servicios Funerarios. Indeed, Servicios Funerarios' initial disclosures identify over a dozen individuals to be contacted through counsel for Servicios Funerarios who have knowledge of Gayosso's financial statements, and specify that that one of those individuals, Marcos Manuel Castro Ruiz, has direct knowledge of Gayosso's contract with the Instituto de Seguridad y Servicios de los Trabajadores del Estado.

AIC also objects to this Interrogatory as premature in the absence of discovery from Servicios Funerarios regarding Gayosso's financial and accounting practices. AIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as it fails to define with reasonable particularity the meaning of the phrase "'Identify' with respect to Documents," for which the Interrogatories provide two conflicting definitions.

Subject to and without waiving the foregoing, AIC answers that pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents responsive to this Interrogatory, if any, that are identified pursuant to a review of agreed-upon custodians and search terms. AIC also reserves the right to supplement this response upon review of documents produced by Servicios Funerarios and Gayosso.

Dated: June 5, 2023

As to objections,

*[signature]*

Peter L. Welsh (No. 643261)
Daniel V. Ward (No. 667158)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7050
Peter.Welsh@ropesgray.com
Daniel.Ward@ropesgray.com

Andrew J. Rossman (admitted *pro hac vice*)
Nicholas A. S. Hoy (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
andrewrossman@quinnemanuel.com
nicholashoy@quinnemanuel.com

Gabriel F. Soledad (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

*Attorneys for Defendant and Counterclaim-Plaintiff Advent International Corporation*

## VERIFICATION

I, Peter Welsh, am a partner at Ropes & Gray LLP, and am authorized to make this verification for and on behalf of Advent International Corporation ("AIC" or the "Company"). I have read AIC's Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant and know the contents thereof. As these responses are made on behalf of the Company, these responses rely upon the assistance of individuals with pertinent factual information. Subject to the foregoing, the information contained herein is true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 5, 2023

*/s/ Peter Welsh*
Peter Welsh
Ropes & Gray LLP
On behalf of Advent International Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2023, I served a copy of the foregoing *Advent International Corporation's Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant* via electronic mail:

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires, Esq.
Jason Hilborn, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

Peter L. Welsh