# Exhibit Q

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br>  Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br>  Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br>  Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br>  Counterclaim-Defendant. | Civil Action No. 23-cv-10684-IT |

## DEFENDANT AND COUNTERCLAIM-PLAINTIFF AIC'S RESPONSES AND OBJECTIONS TO SERVICIOS FUNERARIOS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 of the U.S. District Court for the District of Massachusetts, Defendant and Counterclaim-Plaintiff Advent International Corporation n/k/a Advent International, L.P. ("AIC"), submits the following Responses and Objections to Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V.'s ("Servicios Funerarios") Second Set of Interrogatories to Defendant (the "Interrogatories" and each, an "Interrogatory").

**GENERAL RESPONSES**

1.  A response by AIC to any Interrogatory is not an admission or representation by AIC that any factual or legal conclusions, allegations, assumptions or claims in such Interrogatory are warranted, true, or accurate.

2.  AIC's Responses and Objections herein reflect AIC's present knowledge, information, and belief, based on its reasonable efforts to ascertain information responsive to the Interrogatories. AIC's Responses and Objections may be subject to change or modification based on further discovery or facts and circumstances that may come to AIC's attention. Accordingly, AIC reserves the right to revise, correct, supplement, or clarify the Responses and Objections set forth herein.

3.  AIC's Responses and Objections herein do not constitute a waiver of AIC's right to object to (a) any further demand for discovery involving or relating to matters raised in the Interrogatories; or (b) the relevance, materiality, or admissibility of the Interrogatories or of statements made or information disclosed in AIC's Responses and Objections contained herein.

4.  The foregoing General Responses are continuing and incorporated by reference into each of the specific Responses and Objections set forth below. Any objection or lack of objection to any portion of the Interrogatories is not to be deemed an admission or waiver.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Subject to the foregoing General Responses, which are incorporated by reference into each of the following specific Responses and Objections whether or not referred to in a specific response, AIC responds as follows:

**INTERROGATORY NO. 10:**

Describe in detail the complete factual and legal basis, with reference to supporting documents and communications, for the allegations in the Counterclaim that Servicios Funerarios used "illegitimate means" (Counterclaim at ¶ 181, 193, 206, 214, 257), "improper influence"

(Counterclaim at ¶ 195), and "improper means" (Counterclaim at ¶ 252) in connection with the Mexican criminal justice system, including with respect to the issuance of arrest warrants, embargoes, and red notices. For the avoidance of doubt, the answer to this interrogatory should identify in detail the specific acts or conduct that constituted the alleged "illegitimate means," "improper influence," and "improper means."

**RESPONSE TO INTERROGATORY NO. 10:**

AIC objects to this Interrogatory inasmuch as it constitutes a premature contention interrogatory. Pursuant to Federal Rule of Civil Procedure 33(a)(2), because this Interrogatory seeks an opinion or contention related to fact and the application of law to fact, AIC is not required to answer this Interrogatory at this time. *See Eveden, Inc. v. The N. Assurance Co. of Am.*, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012) (explaining that it may be appropriate to withhold responses to contention interrogatories until a "substantial amount" of discovery has been completed). Such is the case here, where much of the information supporting AIC's claims is exclusively in the possession of Servicios Funerarios, and Servicios Funerarios has yet to make a single production of custodial files or agree to an appropriate protective order. *See HealthEdge Software, Inc. v. Sharp Health Plan*, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021) (delaying response to contention interrogatory where respondent had not yet received or reviewed opposing party's document production); *United States ex rel. Long v. Janssen Biotech, Inc.*, 2023 WL 3794179, at *4 (D. Mass. June 1, 2023) (same).

AIC further objects to this Interrogatory because D. Mass. L.R. 26.5(c)(8) requires a response to a contention interrogatory to (among other things) "identify each and every" document and communication "which forms any part of the source of the party's information regarding the alleged facts or legal conclusions." AIC cannot be expected to provide answers to this request before at least the completion of fact discovery. *See Eveden*, 2012 WL 12345021, at *1.

3

AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing, AIC answers by incorporating by reference its answer and counterclaims filed on April 24, 2023, and expressly states that it intends to supplement its response to this Interrogatory at the appropriate time.

**INTERROGATORY NO. 11:**

Identify each instance where Servicios Funerarios used illegal, improper, or illegitimate means or conduct with respect to the Mexican criminal justice system, including by stating in detail the nature of the means or conduct, identifying the persons who participated in the conduct (including any "Mexican authorities" alleged to be involved (Counterclaim at ¶¶ 247, 257)), stating the time and place of the conduct, identifying any agreement with respect to the conduct (including, for example, any payment, arrangement, or quid pro quo), and identifying the source of the foregoing information.

**RESPONSE TO INTERROGATORY NO. 11:**

AIC objects to this Interrogatory inasmuch as it constitutes a premature contention interrogatory. Pursuant to Federal Rule of Civil Procedure 33(a)(2), because this Interrogatory seeks an opinion or contention related to fact and the application of law to fact, AIC is not required to answer this Interrogatory at this time. *See Eveden, Inc. v. The N. Assurance Co. of Am.*, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012) (explaining that it may be appropriate to withhold responses to contention interrogatories until a "substantial amount" of discovery has been completed). Such is the case here, where much of the information supporting AIC's claims is in the possession of Servicios Funerarios, and Servicios Funerarios has yet to make a single production of custodial files or agree to an appropriate protective order. *See HealthEdge Software, Inc. v. Sharp Health Plan*, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021) (delaying response to contention interrogatory where respondent had not yet received or reviewed opposing party's

document production); *United States ex rel. Long v. Janssen Biotech, Inc.*, 2023 WL 3794179, at *4 (D. Mass. June 1, 2023) (same).

AIC further objects to this Interrogatory because D. Mass. L.R. 26.5(c)(8) requires a response to a contention interrogatory to (among other things) "identify each and every" document and communication "which forms any part of the source of the party's information regarding the alleged facts or legal conclusions." AIC cannot be expected to provide answers to this request before at least the completion of fact discovery. *See Eveden*, 2012 WL 12345021, at *1.

AIC further objects to this Interrogatory to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing, AIC answers by incorporating by reference its answer and counterclaims filed on April 24, 2023, and expressly states that it intends to supplement its response to this Interrogatory at the appropriate time.

Dated: August 14, 2023

Andrew J. Rossman
Nicholas A. S. Hoy
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
andrewrossman@quinnemanuel.com
nicholashoy@quinnemanuel.com

Gabriel F. Soledad
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

Respectfully submitted,

/s/ *Peter L. Welsh*

Peter L. Welsh (No. 643261)
Daniel V. Ward (No. 667158)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7050
Peter.Welsh@ropesgray.com
Daniel.Ward@ropesgray.com

*Counsel for Defendant and Counterclaimant-Plaintiff AIC*

## **VERIFICATION**

I, Peter L. Welsh, am a partner at Ropes & Gray LLP, and am authorized to make this verification for and on behalf of Advent International Corporation ("AIC" or the "Company"). I have read AIC's Responses and Objections to Plaintiff's Second Set of Interrogatories to Defendant and know the contents thereof. As these responses are made on behalf of the Company, these responses rely upon the assistance of individuals with pertinent factual information. Subject to the foregoing, the information contained herein is true to the best of AIC's knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2023

_____
Peter L. Welsh
Ropes & Gray LLP
On behalf of Advent International Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2023, I served a copy of the foregoing *Advent International Corporation's Responses and Objections to Plaintiff's Second Set of Interrogatories to Defendant* via electronic mail:

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires, Esq.
Jason Hilborn, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

                                                    */s/ Peter L. Welsh*
                                                    Peter L. Welsh