UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,

Plaintiff,

v.

ADVENT INTERNATIONAL CORPORATION,

Defendant.

Civil Action No. 23-10684-IT

ORDER ON PLAINTIFF'S MOTION TO COMPEL
PRODUCTION AND IDENTIFICATION OF DOCUMENTS
[Docket No. 116]

November 7, 2023

Boal, M.J.

Plaintiff Servicios Funerarios GG, S.A. de C.V. ("SF") has moved to compel defendant Advent International Corporation ("AIC") to "produce and identify documents responsive to Requests 33, 34, 35, and 36" of its first set of document requests to AIC.[1] Docket No. 116,[2]

[1] These requests seek documents AIC had in its possession at the time it filed its counterclaims regarding, and upon which it based, its allegations of corruption by SF and its Mexican criminal counsel. See Docket No. 117-4 at 23-25.

[2] While SF's motion is styled as a "Motion to Compel AIC to Search Documents of Requested Custodians," this appears to be an inadvertent re-filing of SF's prior motion to compel on these same grounds. See Docket No. 111. The memorandum and declaration in support of the motion seek production and identification of documents responsive to requests for production of documents 33-36. See Docket Nos. 117, 118.

Docket No. 118 at 1.[3] Although SF states that it is seeking to compel "production" of responsive documents, AIC has agreed to produce such documents and has represented that it is not withholding any non-privileged responsive documents. See Docket No. 117-4 at 23-25; Docket No. 133 at 2, 4. What SF seeks is an order compelling AIC to identify which documents in its production are responsive to Requests 33-36. Docket No. 118 at 13-16.

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The producing party can choose whether to produce the documents as they are kept in the usual course of business or label and organize them. Valeo Elec. Sys., Inc. v. Cleveland Die & Mfg Co., No. 08-cv-12486, 2009 WL 1803216, at *2 (E.D. Mich. June 17, 2009). The usual course of business alternative, however, is only available when the documents' natural organization makes finding critical documents reasonably possible. W. Holding Co., Inc. v. Chartis Ins. Co. of Puerto Rico, 293 F.R.D. 68, 71 (D.P.R. 2013) (citations omitted).

This Court has previously explained that the option of producing records as "they are kept in the usual course of business" "is only available to (1) commercial enterprises or entities that function in the manner of commercial enterprises and (2) records resulting from 'regularly conducted activity.'" Traverse v. Gutierrez Co., No. 18-10175-DJC, 2019 WL 12291348, at *1 (D. Mass. Aug. 15, 2019) (citing SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 412 (S.D.N.Y. 2009)). Misinterpreting this Court's decision in Traverse, SF argues that in order to have the option of producing documents in the usual course of business, a producing party must satisfy both the commercial enterprise and regularly conducted activity prongs. Docket No. 118 at 14. It then argues that AIC may not produce documents responsive to Requests 33-36 in the

[3] Judge Talwani referred the motion to the undersigned on October 4, 2023. Docket No. 119.

usual course of business because it is difficult to imagine that any documents regarding AIC's allegations of corruption in the Mexican judicial system were created as part of AIC's regularly conducted activity. Id. at 14-15.

First, the option for producing records in the usual course of business is available if either prong is met. See Collins & Aikman Corp., 256 F.R.D. at 412 ("[T]he option of producing documents 'as they are kept in the usual course of business' under Rule 34 requires the producing to party to meet either of two tests.") (emphasis added). Second, under the "regularly conducted activity prong," the issue is not whether the subject matter of the documents is typical of the producing party's business but whether a party's creation of the correspondence or documents is "regularly conducted" so as to "require a well-organized record-keeping system." Traverse, 2019 WL 12291348, at *1. Therefore, AIC meets both tests.

In any event, it appears that the vast majority of responsive documents are electronic and, as such, are covered by the Stipulation and Order for the Production of Documents and ESI (the "ESI Order"). See Docket No. 92. Under the ESI order, the parties agreed that the "production of custodial files shall constitute production of documents as maintained in the ordinary course of business. As such, Parties need not identify specific document requests to which each produced document corresponds." Id. at 3.[4]

This Court finds that production of documents responsive to Requests 33-36 as they are kept in the usual course of business is sufficient and AIC need not organize and label them to

[4] To the extent that SF argues that production of documents responsive to Requests 33-36 should not be limited to documents found only in custodial files, AIC has represented that it is not limiting the production in that manner. See Docket No. 134-1 at 2. AIC has agreed to produce any documents in AIC's possession, custody, and control responsive to such requests after a reasonable search. Id.

correspond to each request. Accordingly, SF's motion is denied.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE