IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Counterclaim-Defendant. | Civil Action No. 23-cv-10684-IT <br><br> Referral: Hon. Jennifer C. Boal |

**AIC'S SURREPLY IN FURTHER OPPOSITION
TO SERVICIOS FUNERARIOS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORIES**

Defendant and Counterclaim-Plaintiff Advent International Corporation n/k/a Advent International, L.P. ("AIC") submits this Surreply In Further Opposition to Plaintiff Servicios Funerarios GG, S.A. de C.V.'s ("SF") Motion to Compel Advent International Corporation to (1) Produce Documents and (2) Respond To Interrogatories (Dkt. 172), supporting memorandum of law (Dkt. 174 ("Mot.")), and reply memorandum of law (Dkt. 196 ("Reply")).

1

**ARGUMENT**

Throughout this litigation, SF has falsely claimed that AIC has no basis for its allegations that SF hired Mexican criminal counsel to obtain arrest warrants and asset embargoes as leverage in its civil claims against AIC. *See, e.g.*, Mot., 13. Based on these accusations, SF has gone so far as to threaten AIC with defamation claims in Mexico and Rule 11 sanctions in this Court. *See* Dkt. 118 at 8; Dkt. 189-3 at 21:3–13. Indeed, a cornerstone of SF's pending motion to compel is its demand that AIC provide a further response to its Interrogatory No. 11 (asking AIC to identify *each instance* in which SF acted improperly), or state that it "cannot" identify any example of SF's counsel's misconduct. Mot., 19. As AIC's opposition explained, AIC has already provided a more than sufficient response to Interrogatory 11 for this stage in the case, as well as ample basis for its counterclaims. *See, e.g.*, Dkt. 188 ("Opp.") at 3. The information necessary to illuminate *each instance* of SF's misconduct, however, is in SF's sole possession, *id.* at 6, 14, and SF has consistently resisted providing such materials in discovery, *id.* at 7–9.

On November 14, 2023, mere hours after AIC filed its opposition, SF finally produced its engagement letter with its Mexican criminal counsel (the "Engagement Letter"). This production was 40 days after the substantial completion deadline ███████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

---

[1] AIC's Request For Production No. 29, served on May 3, 2023, requested "[a]ll documents and communications concerning the retention of Mexican counsel in connection with . . . the Mexico Criminal Action, including without limitation any engagement letters."

███████████████████████████████████████████████ Ex. A-1 at 1. Such ████████ are categorically prohibited in criminal engagements in the United States, and for good reason.[2] ███████████████████████████████████████████████████████████████████████████████████████████████████

The Engagement Letter contains other troubling terms that further demonstrate SF's Mexican criminal counsel was retained for an improper purpose:

- ███████████████████████████████████████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████████████████████████████████████████

In sum, the Engagement Letter ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] ███████████████████████████████████████████████████████████████████████████████████████████████████

3

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████

The late-produced Engagement Letter was undoubtedly material to SF's motion to compel a further response to Interrogatory No. 11, which asks AIC to "[i]dentify each instance where Servicios Funerarios used illegal, improper, or illegitimate means or conduct with respect to the Mexican criminal justice system," "including . . . *any agreement with respect to the conduct (including, for example, any payment, arrangement, or quid pro quo)*." Dkt. 173-16 at 7 (emphasis added). ████████████████████████████████████████

████████████████████████████████████████████████

██████████

In other words, at the same time SF insisted that AIC "obviously" could not further substantiate its counterclaims and demanded that AIC "state so . . . without equivocation," Mot. 2, SF was actively withholding critical evidence of *the very scheme AIC has alleged*, █████████

████████████████████████████████ This discovery conduct soundly belies SF's argument (at Reply 4) that "waiting for further discovery would not make the answer [to Interrogatory No. 11] substantially more complete." To force AIC to further respond to Interrogatory No. 11 before all such evidence is produced—and before AIC has had the

4

opportunity to depose SF's witnesses—would only facilitate SF's efforts to mischaracterize the record and cast false aspersions on the merits of AIC's case.[3]

## CONCLUSION

For the reasons stated herein and in AIC's opposition, AIC respectfully requests that the Court deny SF's motion to compel.

---

[3] At the appropriate time, AIC will supplement its response to Interrogatory No. 11 to account for information that SF is just now providing in discovery. And as practical matter, SF has limited AIC's ability to reference the Engagement Letter in any supplemental interrogatory response by designating the document "Highly Confidential," which prevents AIC's counsel from sharing the Engagement Letter with its client. *See* Dkt. 185 at 7–8. AIC intends to request that SF remove the "Highly Confidential" designation and will seek relief from the Court if necessary.

Dated: November 30, 2023                    Respectfully submitted,

/s/ *Andrew J. Rossman*
Andrew J. Rossman (admitted pro hac vice)
Nicholas A. S. Hoy (admitted pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
andrewrossman@quinnemanuel.com
nicholashoy@quinnemanuel.com

Gabriel F. Soledad (admitted pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies (admitted pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

Peter L. Welsh (No. 643261)
Daniel V. Ward (No. 667158)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7050
Peter.Welsh@ropesgray.com
Daniel.Ward@ropesgray.com
*Counsel to Defendant and Counterclaim Plaintiff*

## **LOCAL RULE 7.1 CERTIFICATION**

I certify pursuant to Local Rule 7.1, that counsel to Defendant and Counterclaim-Plaintiff Advent International Corporation conferred with counsel for Plaintiff and Counterclaim-Defendant Servicios Funerarios GG, S.A. de C.V. concerning the issues presented in this Motion on November 29, 2023.

/s/ *Andrew J. Rossman*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 30, 2023, I caused to be served a copy of the foregoing document via the CM/ECF system on all counsel of record.

/s/ *Andrew J. Rossman*