# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>      Plaintiff,<br><br>v.<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>      Defendant,<br><br>and<br><br>ADVENT INTERNATIONAL CORPORATION,<br><br>      Counterclaim-Plaintiff,<br><br>v.<br><br>SERVICIOS FUNERARIOS GG, S.A. DE C.V.,<br><br>      Counterclaim-Defendant. | Civil Action No. 23-cv-10684 |

**[PROPOSED] AMENDED
PROTECTIVE ORDER**

**1.  Introduction**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information by the parties, and potentially by non-parties, for which special protection from public disclosure and from use for any purpose other than those listed in Section 6 hereof may be warranted.  Accordingly, the Court finds good cause to enter the following Protective Order (the "Order").  This Order does not confer blanket protections on all disclosures or responses to discovery and ~~that~~ the protection it affords from public disclosure ~~and use~~ extends only to the limited information or items that are entitled to confidential treatment under

1

the applicable legal principles.

The Court may allow, after notice to the parties, the disclosure of any document or information covered by this Order, and may modify this Order at any time in the interests of justice, and to ensure that any proceeding before this Court is fair, efficient, and consistent with the public interest.

**2.**   **Definitions**

i.   "Party" or "Parties" means a named party in this case.

ii.   "Person" means an individual or an entity.

iii.   "Producer" means a Person who produces information via the discovery process in this action.

iv.   "Recipient" means a Person who receives information via the discovery process in this action.

v.   "Confidential Information" is information concerning a Person, the disclosure of which may harm that Person, including that Person's competitive position, negatively impact their privacy interests (including information that could be used to impair an individual's personal safety, liberty, or well-being), or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a court. Confidential Information includes such information that a Producer claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available, that provides a commercial advantage to its possessor, that contains sensitive or personally identifiable information of a natural person, and/or that the disclosure of which to persons other than those described in Paragraph 4 below would create a risk of harm that could not be avoided by less restrictive means. Confidential Information also includes confidential, proprietary, or private information of a third party to whom a Party believes it owes an obligation of confidentiality with respect to such information. Information is not

2

"Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to the Recipient without an obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by a means not constituting a breach of this Order.  Information is likewise not Confidential if a Person lawfully obtained it independently of this litigation.

vi. "Highly Confidential Information" is a subset of Confidential Information and shall mean any information that the Producer claims in good faith to constitute, reflect, or relate to (i) any trade secret; or (ii) any proprietary, business, competitively sensitive, research, technical, commercial, financial, or other information that would not be adequately protected under the procedures set forth herein for "Confidential Information."; or (iii) information that could be used to impair an individual's personal safety.  "Highly Confidential Information" may include, but is not limited to, information concerning Advent International, L.P.'s and/or its affiliates' investment strategy, investor list, or investments other than Grupo Gayosso, S.A. de C.V.  Information is not "Highly Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to the Recipient without an obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by a means not constituting a breach of this Order.  Information is likewise not Highly Confidential if a Person lawfully obtained it independently of this litigation.

3. **Designation of Information as Confidential**

i. Each Party may designate as confidential, for protection under this Order, any document or material that constitutes or includes Confidential Information, by affixing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend or stamp on such document or material.  The legend or stamp shall be placed clearly on each page of the document or material for which such protection is sought.

ii. A Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL means that the Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.  The designation of Confidential or Highly Confidential Information shall be made in good faith and subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.

iii. By making documents or things containing Confidential or Highly Confidential Information available for inspection without marking them as CONFIDENTIAL or HIGHLY CONFIDENTIAL, a Producer does not forfeit a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL before providing the copies to the Recipient.  Further, any Party shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any document provided by any third party, by notifying the Parties and the Producer of such designation within seven (7) days of the time such disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information has come to its attention. During the first seven (7) days after receipt of any third party production, all such documents shall be treated as HIGHLY CONFIDENTIAL.

iv. A Party wishing to designate deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL may do so by identifying it as such on the record at the time of the testimony.  Alternatively, a Person may make written designations, by page and line number, served on the Parties, within thirty (30) calendar days of receiving the transcript.  If a Party wishes to use the deposition testimony for any public purpose prior to the expiration of such thirty (30) days, that Party shall confer with all other Parties and, if applicable, the representative of the deponent prior to such use, but shall not use the information until the Parties so agree or the Court so permits.

v. A CONFIDENTIAL or HIGHLY CONFIDENTIAL designation may be made at

any time, including after production, provided that any disclosure of information prior to its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be considered a violation of this Order. With respect to designations made after production, the Recipient shall take all reasonable steps to avoid disclosure or retention of the document or information by a person to whom there has been disclosure pursuant to this Order. A Party's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      vi.    A Party who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL may withdraw the designation by written notification to all Parties in the case.

      vii.    If a Recipient disputes a Producer's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Recipient shall notify the Producer in writing, identifying the specific document(s) or thing(s) as to which the designation is disputed, and the grounds for the dispute. The Recipient and the Producer shall then confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the Party challenging the designation may seek relief from the Court and the Producer bears the burden of proving that the information is properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. In the event such an application is made, the information shall remain subject to the Producer's designation until the Court rules on the dispute.

**4.**    **Access to Confidential Information**

      i.    Absent written permission from the Producer or further order by the Court, information designated as CONFIDENTIAL may only be disclosed to: (i) a Party; (ii) a Party's outside counsel, including necessary paralegal, secretarial and clerical personnel assisting such counsel and necessary discovery consultants, processors, and vendors assisting such counsel; (iii) a Party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such individuals; (iv) a stenographer and videographer recording testimony concerning the

information; (v) experts and consultants and their staff whom a Party employs for purposes of this action, but only after each such person has completed the certification contained in Appendix A; (vi) witnesses testifying at depositions or at trial in this action, but only if there is a good faith basis for disclosing the information to the witness and only after each such person has completed the certification contained in Appendix A; and (vii) the Court presiding over this action and its staff. Notwithstanding the foregoing, a document marked CONFIDENTIAL may be disclosed to any Person who was an author or recipient of the document.

    ii.    Servicios Funerarios GG, S.A. de C.V. ("Servicios Funerarios") may disclose to its Mexico-based outside counsel information designated as CONFIDENTIAL by Advent International Corporation only if such counsel subjects themselves to the jurisdiction of this Court (which they may do by signing the Acknowledgment of Understanding and Agreement to Be Bound set forth in Appendix A hereto). Servicios Funerarios' counsel of record in this case must keep a log of what Confidential documents were shared with or disclosed to, in whole or in part, its Mexico-based outside counsel, including, without limitation, Confidential deposition transcripts or Confidential portions of such transcripts.

**5.**    **<u>Access to Highly Confidential Information</u>**

    i.    Absent written permission from the Producer or further order by the Court, information designated as HIGHLY CONFIDENTIAL may only be disclosed to: (i) a Party's U.S.-based outside counsel of record in this action, including necessary paralegal, secretarial and clerical personnel assisting such counsel and necessary discovery consultants, processors, and vendors assisting such counsel; (ii) a stenographer and videographer recording testimony concerning the information; (iii) experts and consultants and their staff whom a Party employs for purposes of this action and who have been authorized in writing to view information designated as HIGHLY CONFIDENTIAL by the Producer, but only after each such person has completed the

certification contained in Appendix A; (iv) witnesses testifying at depositions or at trial in this action, but only if there is a good faith basis for disclosing the information to the witness and only after each such person has completed the certification contained in Appendix A; and (v) the Court presiding over this action and its staff. Notwithstanding the foregoing, a document marked HIGHLY CONFIDENTIAL may be disclosed to any Person who was an author or recipient of the document.

6. **Use and Disclosure of** ~~Confidential and Highly Confidential Information~~**Discovery Material**

i. Absent written agreement by the Parties otherwise, any discovery material produced in this action ~~Confidential and Highly Confidential Information~~ may only be used for purposes of (i) litigating the claims and defenses at issue in this litigation, and (ii) litigating the claims and defenses at issue in the action captioned *Advent International Corporation, et al. v. Servicios Funerarios GG, S.A. de C.V.*, C.A. No. 2023-0647-LWW (Del. Ch.) (the "Delaware Action"), subject to the restrictions of this Order.

ii. If a Recipient is served with a subpoena or an order issued in litigation other than this litigation and the Delaware Action that would compel disclosure of any material or document ~~designated~~ produced in this action ~~as Confidential or Highly Confidential Information~~, the Recipient must so notify the Producer, in writing, immediately and in no event more than ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Recipient must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Recipient must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

iii. A Recipient who wishes to disclose Confidential or Highly Confidential Information to a Person not authorized under Paragraphs 4 or 5 must first make a reasonable, good

7

faith attempt to obtain the Producer's permission. If the Recipient is unable to obtain permission, it may move the Court to obtain permission.

7. **Production of Privileged or Protected Material**

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Per Federal Rule of Evidence 502(d), no such privilege or protection is waived by disclosure connected with the litigation pending before the Court. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the Recipient(s) and providing a privilege log for the produced documents, information or other material within ten (10) business days of the time such disclosure has come to its attention. The Recipient(s) shall gather and return all copies of such documents, information or other material to the Producer within ten (10) business days of receipt of notice from the Party of production of the protected materials, except for any pages containing privileged or otherwise protected markings by the Recipient(s), which pages shall instead be destroyed and certified as such to the Producer within ten (10) business days of receipt of the notice from the Party of production of the protected material. Notwithstanding the above, the Recipient reserves the right to contest the assertion of privilege or other protection with respect to any document.

8. **Filing with the Court**

This Order does not by itself authorize the filing of documents under seal or impoundment. If a Party wishes to file any materials or information with the Court that a Producer has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, then that Party must move for an order sealing or impounding such materials or information, in accordance with any applicable rules, before filing the same with the Court. If a Party has not objected to the designation of particular materials or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, then that Party shall not oppose the motion to file the materials or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under seal. Before the Party seeking to file materials or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL moves for an order sealing or impounding such materials or information, the Parties will confer in good faith regarding the intended filing to avoid unnecessary filings under seal.

9. **Unauthorized Disclosure**

If a Recipient learns that, by inadvertence or otherwise, it has disclosed documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to any Person or in any circumstance not authorized under this Order, the Recipient must immediately (a) notify in writing the Producer of the unauthorized disclosures, which written statement shall include a description of (i) the circumstances surrounding the unauthorized disclosure, (ii) a list of persons to whom such disclosure was made, and (iii) the steps the Recipient has taken to retrieve the CONFIDENTIAL or HIGHLY CONFIDENTIAL information or to otherwise mitigate any harm that may result from its unauthorized disclosure; (b) use its best efforts to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information; (c) inform the Person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such Person(s) execute the attached Appendix A.

10. **Document Disposal**

Within sixty (60) days of final termination of this action, including any appeals, all ~~documents~~discovery material produced in this action, and any duplicates, abstracts, indexes, summaries, descriptions, and excerpts thereof ~~, containing Confidential or Highly Confidential Information~~ shall be returned to the Producer or destroyed, except that counsel for the Parties may retain an archival copy of all court papers, transcripts, exhibits offered or introduced into evidence at trial, court filings, correspondence (including counsels' emails), and attorney work product or attorney-client privileged communications and materials, provided that such materials are protected in accordance with the terms of this Protective Order. The Recipient shall verify the return and destruction by written notice to the Producer.

11. **Survival of Obligations**

~~This Order's obligations regarding Confidential and Highly Confidential Information~~The obligations set forth in this Order survive the conclusion of this action. This Order shall remain in full force and effect after the termination of this litigation or until canceled or otherwise modified by the Court.

                **IT IS SO ORDERED:**

                _____
DATED: _____, 2023      Honorable Jennifer Boal
                Magistrate Judge
                District of Massachusetts

**APPENDIX A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Counterclaim-Defendant. | Civil Action No. 23-cv-10684 |

**ACKNOWLEDGEMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

I certify that I have read the ~~Stipulated~~ Amended Protective Order ("Protective Order") in the above- captioned case and that I understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts for any proceeding involving enforcement of the Protective Order.

Name: _____

Job Title/Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____