UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-10684-IT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO
PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES
[Docket No. 172]

December 11, 2023

Boal, M.J.

Plaintiff Servicios Funerarios GG, S.A. de C.V. ("SF") has moved to compel defendant Advent International Corporation ("AIC") to (1) search for relevant documents maintained on the mobile devices of two custodians; (2) produce responsive documents through May 5, 2023; (3) further answer Interrogatory No. 11; and (4) verify its answers to Interrogatory Nos. 10 and 11. Docket No. 172.[1]  After careful consideration of the parties' submissions, as well as the arguments made at the December 6, 2023 hearing, I rule as follows.

*Cell Phone Data From Paz and Zucchini*.  SF seeks an order compelling AIC to search the cell phones of Juan Carlos Zucchini and Carlos Paz.  Docket No. 174 at 11-14.  Mr. Zucchini

---

[1] Judge Talwani referred the motion to the undersigned on November 1, 2023.  Docket No. 179.

1

is the head of AIC's Latin American operations.  Id. at 13.  Mr. Paz is the Senior Director and Co-Head of the Portfolio Support Group for AIC Latin America.  Id.

Since the filing of the motion, I held that SF has not shown that Mr. Zucchini is an appropriate custodian to be searched.  Docket No. 183.[2]  Accordingly, I deny this request with respect to Mr. Zucchini.

With respect to Mr. Paz, AIC acknowledges that he possesses relevant information.  See Docket No. 188 at 14-15.  Indeed, he was designated as an agreed-upon custodian and AIC has searched for and produced his emails as they were located in the company's central server.  Id. at 15.  AIC argues, however, that it cannot produce data from his phone because it does not have control of that device.  Id. at 14.  According to AIC, Mr. Paz "has gone into hiding" as a result of SF's actions and, therefore, AIC lacks the practical ability to obtain his cell phone.  Id. at 21.

Rule 34(a) requires production of discovery that is in the responding party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  The concept of control is highly fact specific.  Courts have found that "an employer has 'control' of a current employee and the legal right to obtain business communications from a current employee *regardless* of whether the communication is located on a personal cell phone."  See, e.g., Matter of Skanska USA Civil Southeast Inc., No. 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *3 (N.D. Fla. Aug. 5, 2021) (emphasis in original; citation omitted) (subject phone belonged to an agreed-upon custodian).  Here, at oral argument, AIC's counsel represented that Mr. Paz is a current employee; that the cell phone was issued by the company; and that they are able to contact Mr. Paz via his attorney.  Under such circumstances, therefore, for purposes of Rule 34, I find that AIC has control over the phone and has an obligation to produce responsive information from the cell phone.

---

[2] SF appealed this order.  See Docket No. 210.

Case 1:23-cv-10684-IT    Document 232    Filed 12/11/23    Page 3 of 3

Accordingly, I order AIC to search Mr. Paz's phone and produce responsive documents within 30 days of the date of this order.

*Date Range For The Production Of Documents*.  SF requests that AIC produce documents responsive to a limited set of search terms for the period dated from January 1, 2017 through May 5, 2023.  Docket No. 174 at 14-15.  AIC has agreed to produce documents through October 7, 2022, the date the arrest warrants were issued in Mexico.  I find that May 5, 2023 is a reasonable cutoff date, especially where AIC has requested that SF produce documents through that date.  Accordingly, AIC shall produce documents responsive to the agreed search terms for the time period January 1, 2017 to May 5, 2023.

*Answer To Interrogatory No. 11*.  SF argues that AIC's answer to Interrogatory No. 11, which asked SF to identify "each instance where [SF] used illegal, improper, or illegitimate means or conduct" with respect to the Mexican criminal proceedings is insufficient.  AIC answered this interrogatory by referring to its answer to Interrogatory No. 10, which asked for the basis for its allegations that SF used illegitimate means, improper influence, and improper means to obtain the arrest warrants, embargoes, and red notices.  See Docket No. 154.  After review of AIC's response, I find that it is sufficient at this time.  AIC is reminded of its obligation to timely supplement its discovery responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

*Verification Of Interrogatory Answers*.  This Court reserves ruling on this issue until resolution of AIC's motion to amend the protective order.  See Docket No. 215.

So Ordered.

                    /s/ Jennifer C. Boal
                    JENNIFER C. BOAL
                    U.S. MAGISTRATE JUDGE

3