# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant, <br><br> and <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Counterclaim-Defendant. | <br><br><br><br><br><br><br> Civil Action No. 23-cv-10684 |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Plaintiff Servicios Funerarios GG, S.A. de C.V. ("Servicios Funerarios") responds, pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1, to the Second Set of Interrogatories (the "Interrogatories") propounded by Defendant Advent International Corporation ("Advent"), as follows[1]:

---

[1] Servicios Funerarios supplements these responses by agreement following meet-and-confer discussions.

**General Objections and Reservations**

1.       Servicios Funerarios objects to the Interrogatories to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.       Servicios Funerarios objects to the Interrogatories to the extent that they call for information that is protected by the attorney-client privilege or that is otherwise protected from disclosure under applicable privileges, laws, or rules.

3.       Servicios Funerarios objects to the Interrogatories to the extent that they are overbroad, vague, not stated with reasonable particularity, and/or call for information that is not relevant to any party's claim or defense or is not proportional to the needs of the case.

4.       Servicios Funerarios objects to the Interrogatories to the extent that they are unduly burdensome, time-consuming, and disproportionately costly and, in that event, requests that Advent bear the cost of responding.

5.       Servicios Funerarios objects to the Definitions of the Interrogatories to the extent they increase the burden of responding.  For example, the definitions of "Servicios Funerarios" and "Gayosso" render the Interrogatories as overbroad.

6.       Servicios Funerarios responds based upon information reasonably available to it and expressly reserves the right to supplement these Responses, including by reason of continuing investigation and discovery.

**Responses to Interrogatories[2]**

**INTERROGATORY NO. 8**

Describe in detail, with reference to supporting documents, all efforts taken by You or on Your behalf to obtain or cause (directly or indirectly) to be imposed any embargo, seizure, or restriction on assets belonging to or managed by AIC, Advent Mexico, or any other affiliated or related entity, including requests, solicitations, or continuing efforts, as well as Your basis for seeking any such embargo, seizure, or restriction.

**RESPONSE:**

Objection on the basis that the request to "describe in detail" "all efforts" renders the Interrogatory unduly burdensome, overbroad, and vague and that the Interrogatory thus seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case. In addition, the Interrogatory as phrased encompasses a request for information protected by the attorney-client privilege. Lastly, the Interrogatory improperly combines two interrogatories, one seeking Servicios Funerarios' efforts to obtain the orders and an unrelated one asking for the basis for seeking the orders. Although Servicios Funerarios responds to both, it does so with the view that they constitute separate interrogatories for purposes of the limits on the number of interrogatories that Advent is entitled to serve.

Subject to the foregoing objections:

Because it was the subject of fraud in connection with the sale of Gayosso, Servicios Funerarios, through counsel, availed itself of legal remedies under Mexican law. Those remedies include the filing in Mexico of a civil action against Advent and related entities and the filing of a criminal complaint with the Head of the Strategic Prosecutor's Office for Financial Crimes of the

---

[2] Each General Objection or Reservation shall be deemed incorporated into the response and objections to each specific Interrogatory.

Attorney General's Office of Mexico City ("Prosecutor's Office").  In connection with the filing of the criminal complaint, Servicios Funerarios provided to the Prosecutor's Office documentation concerning the fraudulent sale, which Servicios Funerarios produced to Advent during the course of discovery in this action.  As part of the civil and criminal actions, Servicios Funerarios requested the issuance of embargoes against property located  in Mexico in which Advent or its affiliates had an ownership or controlling interest subject to being embargoed under Mexican law, provided documents to the Prosecutor's Office, and provided for Gayosso employees to be interviewed by the Prosecutor's Office.

Servicios Funerarios, through counsel, sought the embargoes and asset seizures, as it was entitled to do under Mexican law, to redress the damages it has suffered by reason of the fraud committed in connection with the sale of Gayosso.  Servicios Funerarios identified, through internet searches and a review of Advent International Corporation's website, Advent-owned or controlled assets located in Mexico.  Upon identifying those assets, Servicios Funerarios' Mexican counsel shared copies of those findings with the prosecutor.  The prosecutor subsequently sought an embargo on those and other assets.  After learning that the TwiBel entities were liquidated, Servicios Funerarios' counsel met in person with the prosecutor to inform him of that development and that, as a result, Servicios Funerarios had a legal basis to request, and would be formally requesting, an *aseguramiento* or asset seizure.  Servicios Funerarios later submitted a written request for an *aseguramiento* to the prosecutor.  A copy of this written request was produced to you with Bates stamp GSO-01636706.  Since that time, counsel for Servicios Funerarios has submitted filings in the related *amparo* proceedings.  Pursuant to Rule 33(d), additional documents relating to Servicios Funerarios' actions with respect to the request for the embargoes and asset seizures have been or will be produced.

**INTERROGATORY NO. 9**

Describe in detail, with reference to supporting documents, all financing, compensation or funds (including post-closing refinancing) that Servicios Funerarios and/or its shareholders, beneficiaries, or board members sought or received in connection with Gayosso or the Gayosso Transaction, including without limitation the terms of any such financing, compensation, or funds; the date such funding was provided; and the sources of the equity Servicios Funerarios and/or its shareholders contributed to the Gayosso Transaction in any form (including but not limited to cash, financing, loans, compensation or equity in other entities).

**RESPONSE:**

Objection on the basis that the request to describe "all financing, compensation or funds" "in connection with Gayosso" renders the Interrogatory unduly burdensome, overbroad, and vague and that the Interrogatory thus seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

Subject to the foregoing objections:

Servicios Funerarios and/or its shareholders, beneficiaries, or board members neither sought nor received compensation or funds (other than through financing referenced below) in connection with the Gayosso Transaction.

Servicios Funerarios' shareholders, beneficiaries, or board members, neither sought nor received any financing in connection with the Gayosso Transaction (other than on behalf of Servicios Funerarios, as referenced below).

Servicios Funerarios sought and received financing in connection with the Gayosso Transaction. Pursuant to Rule 33(d), the information concerning that financing is ascertainable from the documents produced by Servicios Funerarios in this action.

In October of 2021, Gayosso split the loan obligation among Gayosso and a subsidiary,

making no other changes to the terms of the loan.  Later, on October 26, 2023, Gayosso negotiated

a new amortization schedule for the outstanding amount of the loan, which is now due to be paid

in September of 2028, and was granted a preapproved working capital line in the amount of 80

million pesos.  The terms of this loan otherwise remain unchanged.

(*See*  GSO-01617883,  GSO-01617408,  GSO-02213477  –  GSO-02213944,  GSO-

01614927, GSO-01618058, GSO-01617344, GSO-01542308, GSO-01542400, GSO-01542497,

GSO-01542593,  GSO-01542689,  GSO-01542785,  GSO-01542881,  GSO-01542977,  GSO-

01543073, GSO-01543169, GSO-01543265, GSO-01543361, GSO-01543457, GSO-01543552,

GSO-01543648,  GSO-01543744,  GSO-01543848,  GSO-01543944;  GSO-01620831;  GSO-

01690295 – GSO-01690850, GSO-02222012).  Pursuant to Rule 33(d), Servicios Funerarios has

or will produce documents relating to its financing efforts.

**INTERROGATORY NO. 11**

Describe in detail, with reference to supporting documents, the basis for the underlying

computation of each category of alleged damages and applicable currency in the Mexico Civil

Action and Your Initial Disclosures, including without limitation the basis for any differences in

the computation of damages between the Mexico Civil Action and Your Initial Disclosures, as

well as the identity (including name, place of employment, and job title) of each person involved

in computing the damages alleged in the Mexico Civil Action and/or Your Initial Disclosures.

**RESPONSE:**

Objection on the basis that this interrogatory seeks information that is the subject of expert

testimony and, thus, will be addressed in the parties' expert disclosures.

Subject to the foregoing objection:

Unrecognized and Undisclosed Liabilities: the basis for the computation of the liabilities in

this category corresponds to the sum of the amounts stated in each of the following: invoices,

purchases orders, order of reception of goods or services and SAP; related to services and goods that were received before the Closing Date but which were not recorded as a liability in the financial statements of the Company at such date.

Contractual Obligations: The basis for the computation of the liabilities in this category can be divided into three categories:

- Divided cost (two invoices): this amount represents the difference between: i) the database of active customer contracts at the Closing Date multiplied by the actual cost of construction for the following products (Gavetas, Capillas, Jardines) stated either in invoices, purchase orders or suppliers' cost quotations available at the date of calculation of each item and ii) the balance of the liability recorded in the financial statements at the Closing Date.

- Failure to register (Omisión de registro): this amount represents the sum of: i) the database of active customer contracts at the Closing Date multiplied by the actual cost of the items that were omitted in the liability calculation at the Closing Date stated either in invoices, purchase orders, or suppliers cost quotations available at the date of calculation of each item and ii) the number of outstanding contracts included in the Contract for the Purchase and Sale of Perpetual Mortuary Use Rights with the ISSSTE, multiplied by the actual cost of the items that were omitted in the liability calculation at the Closing Date stated either in invoices, purchase orders or suppliers' cost quotations available at the date of calculation of each item.

- Undervalued Cost of Caskets: this amount was calculated using difference between: i) the database of active customer contracts at the Closing Date multiplied by the actual cost of each type of casket that was historically used/acquired by customers stated either in invoices, purchase orders or suppliers' cost quotations available at the date of calculation

of each item and ii) the balance of the liability recorded in the financial statements at the Closing Date.

Rehabilitation of Spaces Due to Contractual Obligations: the basis for the computation of the liabilities in this category corresponds to the sum of the estimated cost of each construction project which needed to have been completed at the Closing Date to honor Gayosso's contractual obligations to its customers. These estimates were obtained from supplier quotations available at the date of calculation of the corresponding liability.

Other Liabilities Required by Law: the liabilities in this category were calculated by taking the sum of the square meters of fence that needed to be built to bring Gayosso's properties into compliance with applicable Mexican regulations, as calculated by Gayosso, and multiplied by the actual cost obtained from suppliers' quotations available at the date of calculation of the corresponding liability.

These amounts were calculated in Mexican Pesos. Inflation updates and present value calculations were not used in the computation. Pursuant to Rule 33(d), the underlying computation of each category of alleged damages set forth in Servicios Funerarios' Initial Disclosures can be ascertained from the documents produced to Advent during (and prior to) discovery in this action (*see* G-0024106 - G-0024110, G-0063848 - G-0073669, G-0297036 - G-0297037, GSO-01518088 - GSO-01518202, GSO-01518373, GSO-01518386, GSO-01521288, GSO-01521809 - GSO-01521842, GSO-01521982, GSO-01525131 - GSO-01525133, GSO-01526068 - GSO-01526121, GSO-01526398 - GSO-01526402, GSO-01526469 - GSO-01526470, GSO-01526472 - GSO-01526474, GSO-01526493 - GSO-01526505, GSO-01526507 - GSO-01526511, GSO-01526515 - GSO-01526518, GSO-01526520 - GSO-01526521, GSO-01527425, GSO-01527537, GSO-01529695, GSO-01614856, GSO-01618641, GSO-01620700 - GSO-01620704, GSO-01635427 - GSO-01635691, GSO-01636073, GSO-01638333 - GSO-

01638345, GSO-01684548 - GSO-01685758, GSO-01685787, GSO-01686499, GSO-01686571 - GSO-01686573, GSO-01686592 - GSO-01686606, GSO-01688320 - GSO-01688362, GSO-01689008 - GSO-01689022, GSO-01689030 - GSO-01689036, GSO-01689039 - GSO-01689217, GSO-01689235 - GSO-01689412, GSO-01689422, GSO-01689471 - GSO-01693687, GSO-01693865 - GSO-01693983, GSO-01693865 - GSO-01694073, GSO-02213947 – GSO-02216557).

The persons involved in the computation of liabilities were Pablo Peña; Carlos Peña; Roberto Carlos Chagoya Hernández, and his colleagues: Paola Itzel Hernández Huerta, Jorge Emilio Garcia Lortia, Hugo Herrera Ruiz, Fernando Jimenez Vigueras; and counsel for Servicios Funerarios, in addition to experts retained in connection with the Mexican litigation.

-10-

## **VERIFICATION**

I, Pablo Peña, hereby state that I am authorized to sign these Answers to Interrogatories on behalf of Servicios Funerarios GG, S. A. de C.V., the subjects stated in the foregoing answers are not all within my personal knowledge, no one representative of Servicios Funerarios GG, S.A. de C.V. has personal knowledge over all such subjects, I have assembled the answers by communicating with employees and/or agents of Servicios Funerarios GG, S.A. de C.V., and I declare under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge.

Date: _____                                    _____
                                                              Pablo Peña

Dated: February 27, 2024                    Respectfully submitted,

                                            **BOIES SCHILLER FLEXNER LLP**


                                            /s/ Carlos M. Sires
                                            Carlos M. Sires
                                            401 East Las Olas Blvd., Suite 1200
                                            Fort Lauderdale, FL 33301
                                            Telephone: (954) 356-0011
                                            Facsimile:  (954) 356-0022
                                            csires@bsfllp.com

                                            *Attorneys for Plaintiff Servicios Funerarios*
                                            *GG, S.A. de C.V*

## <u>CERTIFICATE OF SERVICE</u>

I, Carlos M. Sires, hereby certify that this document was sent by electronic mail to counsel

for Advent International Corporation.

Date: February 27, 2024

/s/ Carlos M. Sires
Carlos M. Sires
