UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant. | * <br> * <br> * <br> * <br> *    Civil Action No. 1:23-cv-10684-IT <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

May 29, 2024

TALWANI, D.J.

Pending before the court are Objections [Doc. Nos. 192, 251] by Plaintiff Servicios Funerarios ("SF") and Defendant Advent International Corporation ("AIC") to the Magistrate Judge's Orders [Doc. Nos. 183, 232] on SF's Motions to Compel [Doc. Nos. 109, 172].[1] For the reasons set forth herein, the Objections are overruled and the Magistrate Judge's Orders are affirmed.

**I.   Standard of Review**

A magistrate judge's ruling on a non-dispositive motion such as a discovery motion is entitled to substantial deference. See Fed. R. Civ. P. 72(a). A district court reviews the magistrate judge's factual findings for clear error, see Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999), and legal conclusions under the "contrary to law" standard, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

---

[1] SF's Objections [Doc. No. 195] to the Magistrate Judge's Order [Doc. No. 182] on AIC's Motion to Compel [Doc. No. 74] is also pending and will be addressed separately.

II. **Discussion**

    A. *Objections to the Magistrate Judge's <u>Order</u> Denying SF's <u>Motion to Compel</u> the Search of Three Employees' Documents*

SF objects, <u>see</u> Objections [Doc. No. 192], to the Magistrate Judge's <u>Order on Plaintiff's Motion to Compel Defendant to Search Documents of Requested Custodians</u> [Doc. No. 183]. The Magistrate Judge denied SF's <u>Motion to Compel</u> [Doc. No. 109] AIC to search the electronically stored information ("ESI") of three employees SF identified as having potentially relevant information but who AIC refused to designate as custodians. SF argues that (1) the Magistrate Judge subjected it to an improperly high burden where she did not account for SF's allegations concerning the three proposed custodians' actions with respect to the transaction and required SF to demonstrate that the potential custodian possessed uniquely relevant information; and (2) the Magistrate Judge improperly credited AIC's unsupported assertion that any ESI in the possession of the potential custodians was duplicative.[2] The court finds no error in the Magistrate Judge's denial of the motion.

A party seeking documents or ESI may make a request for those documents and ESI under Federal Rule of Civil Procedure 34. If the responding party fails to produce the requested documents or ESI, the party seeking the discovery may seek an order under Rule 37(a)(3)(B)(iv) compelling production of the requested documents or ESI. The Magistrate Judge correctly identified SF's burden to demonstrate the relevance of its production request and AIC's burden to then show that a discovery request is improper. <u>See</u> Order at 4 (citing <u>Torres v. Johnson & Johnson</u>, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018)) [Doc. No. 183].

---

[2] SF also argues that a search of the potential custodians' files is warranted based on recently discovered evidence, <u>see</u> Objections [Doc. No. 210 *SEALED*], but that argument is outside the scope of the court's review where it was not presented to the Magistrate Judge in the first instance.

Here, SF's motion was directed broadly at the scope of the search AIC has agreed to conduct, without pointing to any specific requests at issue or any documents that AIC failed to produce. Where the motion was presented without the specificity contemplated by Rule 37, the Magistrate Judge properly placed the burden on SF to show a need to search the requested custodians' ESI and properly concluded that that burden had not been met.

Accordingly, the Order on Plaintiff's Motion to Compel Defendant to Search Documents of Requested Custodians [Doc. No. 183] is AFFIRMED. SF's Objections [Doc. No. 192] are overruled without prejudice to a motion under Rule 37(a)(3)(B)(iv) seeking an order compelling production of documents requested under Rule 34.[3]

B.  *Objections to the Magistrate Judge's Order Granting SF's Motion to Compel the Production of ESI from a Work Cell Phone*

AIC objects, see Objections [Doc. No. 251], to the Magistrate Judge's Order on Plaintiff's Motion to Compel Defendant to Produce Documents and Respond to Interrogatories [Doc. No. 232] insofar as it granted SF's Motion to Compel [Doc. No. 172] AIC to search and produce ESI from an agreed-upon custodian's work cell phone. AIC objects that it does not have possession, custody, or control of the work phone because (1) the custodian, Carlos Paz, is in hiding, and (2) he refuses to provide the at-issue documents due to the potential that those same documents could cause harm in the ongoing criminal proceedings. AIC's arguments do not provide a basis for overruling the Magistrate Judge's Order. AIC does not dispute that Mr. Paz is its employee, that he possesses relevant information, or that the phone in question is a work cell

---

[3] If AIC's opposition to any such motion relies on Federal Rule of Civil Procedure 26(b)(2)(B), AIC "must show that the information is not reasonably accessible because of undue burden or cost," and if such showing is made, "the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(2)(B).

phone.[4] As a result, AIC has not meaningfully disputed that it could exercise control over the phone or that the phone likely contains information relevant to the case. The remaining barrier to production—Mr. Paz's voluntary choice not to turn over the phone—does not create grounds for relief from the Magistrate Judge's Order compelling AIC to search the phone and produce the ESI. Accordingly, the Order to Compel [Doc. No. 232] is AFFIRMED.

### III.    Conclusion

For the foregoing reasons, SF's Objections [Doc. No. 192] and AIC's Objections [Doc. No. 251] are overruled and the Magistrate Judge's Order on Plaintiff's Motion to Compel Defendant to Search Documents of Requested Custodians [Doc. No. 183] and Order on Plaintiff's Motion to Compel Defendant to Produce Documents and Respond to Interrogatories [Doc. No. 232] are AFFIRMED.

IT IS SO ORDERED

May 29, 2024                                                      /s/      Indira Talwani
                                                                 United States District Judge

---

[4] AIC argues that employers should not be forced to compel employees to turn over their mobile devices. AIC's Objection at 6 n.5 [Doc. No. 251] (citing In re Pork Antitrust Litig., 2022 WL 972401, at *7 (D. Minn. Mar. 31, 2022)). The cited case concerned *personal* devices, however, and not an employer-provided device as is at issue here.