UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-10684-IT |
| ADVENT INTERNATIONAL CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

<u>ORDER ON DEFENDANT'S MOTION TO RE-DESIGNATE DOCUMENTS</u>[1]
[Docket No. 277]

June 12, 2024

Boal, M.J.

On January 1, 2024, this Court issued an Amended Protective Order (the "Protective Order") governing the disclosure of confidential information.  Docket No. 267.  Pursuant to the Protective Order, plaintiff Servicios Funerarios GG S.A. de C.V. ("SF") designated an engagement letter with Mexican counsel as well as invoices that its Mexican criminal counsel issued pursuant to that engagement letter and other billing-related documents as "Highly Confidential."  Defendant Advent International Corporation ("AIC") challenges the designation of such documents as "Highly Confidential" and requests an order re-designating them as "Confidential."

---

[1] Judge Talwani referred this motion to the undersigned on April 3, 2024.  Docket No. 309.

Pursuant to the terms of the Protective Order, the burden is on SF as the producing party to prove that the designated information is "Highly Confidential." Protective Order, ¶ 3(vii). In addition, once a protective order has been entered, the party seeking continued protection "must continue to show good cause for confidentiality when challenged." Global Material Tech., Inc. v. Dazheng Metal Fibre Co., Ltd., 133 F.Supp.3d 1079, 1084 (N.D. Ill. 2015) (citation omitted). To make that showing, SF must show "that disclosure will result in a 'clearly defined and serious injury,' by pointing to 'specific demonstrations of fact.'" Id. (citation omitted). "The 'harm must be significant, not mere trifle.'" Id. (citation omitted). Conclusory statements are not sufficient to meet that burden. Id. (citations omitted).

The Protective Order defines "Highly Confidential" information as:

> information that the Producer claims in good faith to constitute, reflect, or relate to (i) any trade secret; or (ii) any proprietary, business, competitively sensitive, research, technical, commercial, financial, or other information that would not be adequately protected under the procedures set forth herein for "Confidential Information."

Protective Order, ¶ 2(vi). Such a designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." Global Material Tech., Inc., 133 F.Supp.3d at 1084 (citation omitted).

In opposition to AIC's motion, SF states only that it designated the subject documents as "Highly Confidential" because "they reflect a private agreement and financial arrangements between Servicios Funerarios and its legal counsel in Mexico, information that Servicios Funerarios believes is both sensitive proprietary and financial information concerning its relationship with legal counsel." Docket No. 283 at 1. This conclusory statement is insufficient to meet SF's burden.

SF also argues that "AIC nowhere explains why it (rather than its counsel) must have access to the letter and invoices in order to defend this action. Nor does it explain why non-expert Mexican counsel must have access to the documents." Id. at 2. It is SF, however, who must show that continued protection under the Protective Order is warranted. Accordingly, I find that SF has failed to meet its burden to show that the subject documents should continue be designated as "Highly Confidential" and grant AIC's motion to re-designate them as "Confidential" under the Protective Order.

      /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE