UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ADVENT INTERNATIONAL CORPORATION, <br><br> Defendant. | Civil Action No. 23-10684-IT |

ORDER ON DEFENDANT'S MOTION TO COMPEL
PLAINTIFF TO PRODUCE DOCUMENTS
[Docket No. 295]

June 13, 2024

Boal, M.J.

Defendant Advent International Corporation ("AIC") has moved for an order compelling plaintiff Servicios Funerarios GG, S.A. de C.V. ("SF") to produce certain documents and to produce for a deposition two former employees. Docket No. 295.[1] After careful consideration of the parties' submissions, as well as the arguments made at the June 12, 2024 hearing, I rule as follows.

*SF's Financing Of The Gayosso Transaction.*  AIC seeks documents concerning SF's financing to purchase and operate Gayosso. Docket No. 296-1 at 14. SF has agreed to produce documents concerning financing only to the extent that it actually used a source of financing.

---

[1] Judge Talwani referred the motion to the undersigned on April 3, 2024. Docket No. 309.

See id.  I find, however, that documents concerning unused financing are discoverable and not cumulative or duplicative.  Accordingly, SF must produce any such documents.

*SAP Data*.  SF has produced an index of all SAP reports maintained by Gayosso and is willing to produce any report listed on the SAP index at AIC's request, with the understanding that Gayosso can only generate the reports it currently generates without having to engage in re-coding.  Docket No. 334-1 at 12-13.  AIC, however, requests that this Court order SF to allow AIC's vendor to collect the backend SAP data so that AIC can run its own reports without relying on SF.  Docket No. 348-1 at 4.  Allowing AIC's request would allow AIC unfettered access to Gayosso's entire financial system.  Such access is not warranted in this case.  This Court finds that SF's proposal is adequate.

*Documents From Former Employees Trejo And Chagoya.*[2]  AIC argues that SF must collect and produce documents in Octavio Trejo's and Roberto Chagoya's sole possession, including from their personal emails or their cell phones.  A corporation may be deemed to have the practical ability (and thus, control) to obtain documents from a former officer or employee if the non-party has a fiduciary duty to turn over the documents, if there is a continuing economic relationship between the party and non-party, or if the non-party was acting as an agent of the corporation with respect to the events or transactions at issue in the litigation.  Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Trust Co., No. 14-CV-04394, 2016 WL 5408171, at *6 (S.D.N.Y. Sept. 27, 2016) (citations omitted).  Some courts "insist that corporations, at the very

---

[2] Roberto Chagoya is a former MexCap executive who AIC claims was central to the events at issue in this litigation and who provided evidence for SF's unfounded criminal claims in the Mexican proceedings.  Docket No. 296-1 at 5.  According to AIC, SF terminated both Chagoya's and Trejo's employment one month before SF filed this action "in an apparent effort to keep both individuals (who live in Mexico) away from this Court's jurisdiction." Id.  SF denies that MexCap terminated its relationship with Chagoya.  Rather, he left to pursue a more lucrative opportunity.  See Docket No. 333-24 at ¶¶ 6-8.

least, ask their former employees to cooperate before asserting that they have no control over documents in the former employees' possession." Id. at *7 (citation omitted).

First, neither Trejo nor Chagoya were employees or officers of SF. Rather, Trejo was CFO of Gayosso and Chagoya was a former MexCap[3] executive.[4] Docket No. 334-1 at 17. Second, Trejo and Chagoya are no longer affiliated with Gayosso or MexCap, respectively. Id. Further, AIC has provided no evidence that would show that SF has control over their personal documents. Accordingly, this request is denied.

*Deposition Of Trejo and Chagoya*. AIC also seeks an order compelling SF to produce Trejo and Chagoya for a deposition. As a general rule, an organization cannot be compelled to produce a former employee for a deposition. Rundquist v. Vapiano SE, 277 F.R.D. 205, 208 (D.D.C. 2011) (citations omitted). "However, courts have made exceptions to this general rule, for example, when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee." Id. AIC has not shown that any of the exceptions apply here.

SF shall produce documents compelled by this order within 30 days. The motion is otherwise denied.

So Ordered.

                                                  /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  U.S. MAGISTRATE JUDGE

---

[3] MexCap is run by SF's principal Pablo Peña and conducted the buy-side negotiations and due diligence for the transaction. Docket No. 296-1 at 6.

[4] According to SF, while Chagoya performed work for MexCap, he is not, nor has he ever been, a partner of MexCap. Docket No. 333-24 at ¶ 5.