UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
SERVICIOS FUNERARIOS GG, S.A.           )
DE C.V.,                                )
                                        )
            Plaintiff,                  )
                                        )
                  v.                    )          Civil Action No. 23-10684-IT
                                        )
ADVENT INTERNATIONAL                    )
CORPORATION,                            )
                                        )
            Defendant.                  )
_____)
```

ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TEMPORARILY
STAYING THE DEPOSITIONS OF CRIMINAL DEFENDANTS IN MEXICO
[Docket No. 290]

July 5, 2024

Boal, M.J.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendant Advent

International Corporation ("AIC") has moved for a protective order staying for 90 days[1] the

deposition of AIC, James Westra, Enrique Pani Bano, and Carlos Paz Perez. Docket No. 290.[2]

This Court heard oral argument on June 12, 2024. For the following reasons, this Court stays

only the depositions of Westra, Pani, and Paz until August 30, 2024.

---

[1] The original motion requested a stay for 90 days based on AIC's expectation that a decision in
the Mexican criminal proceeding would be issued within that timeframe. Docket No. 291 at 8.
Since the motion was filed, however, AIC has reported that the proceedings have been delayed
and a decision may not issue until September 2024. See Docket No. 404 at 2-3.

[2] Judge Talwani referred the motion to the undersigned on April 3, 2024. Docket No. 309.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

In January 2021, SF purchased Grupo Gayosso, S.A. de C.V. ("Gayosso") for $224.7 million from affiliates of AIC-managed funds.  See Complaint at ¶¶ 7-10.  Founded in Mexico City in 1875, Gayosso is Mexico's oldest, active funeral-services company.  Id. at ¶ 6.  SF alleges that AIC fraudulently induced SF to purchase Gayosso by misrepresenting the true financial condition of Gayosso.  See generally id. at ¶¶ 1, 11-33.  Among other things, AIC allegedly deleted liabilities from the company's financial statements, manipulated invoices for accounts payable, understated the cost of sales, concealed transferred assets, and omitted contractual and regulatory liabilities from the financial statements.  See id.

AIC alleges, on the other hand, that soon after SF acquired Gayosso, it began a campaign to extort AIC by asserting meritless civil and criminal claims.  First, SF sued AIC and its affiliates in Mexican civil court and sought to freeze hundreds of millions of dollars in assets owned by unrelated AIC-managed funds.  Counterclaims at ¶ 152.  When Mexican civil courts denied this relief, SF turned to the criminal courts, where it obtained improper arrest warrants targeting current and former AIC affiliate employees, including (1) James Westra, a former AIC Managing Partner and General Counsel; (2) Enrique Pani, a former Managing Director of AIC"s Mexico based affiliate Advent International PE Advisors, S.C. ("Advent Mexico"); and (3) Carlos Paz, a current Advent Mexico Senior Director (collectively, the "Targeted Advent Defendants").  See id. at ¶¶ 180, 182, 185, 187, 196, 208; Docket No. 291 at 6.[3]

---

[3] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

According to AIC, SF pursued these criminal claims via a querella, a complaint filed by the purported victim of alleged criminal acts to recover damages.  Docket No. 291 at 7.  AIC maintains that the resulting criminal proceeding is entirely in SF's control and SF could direct the prosecutor to terminate the criminal proceedings against the Targeted Advent Defendants at any time.  Id.

The Targeted Advent Defendants have challenged the validity of their arrest warrants and the criminal charges against them, and their appeal is currently pending before a three-judge panel of the Mexican "Collegiate Court."  Id.  The Collegiate Court has the authority to invalidate the arrest warrants, as well as to direct the closure of criminal proceedings against the Targeted Advent Defendants.  Id. at 8.  AIC had expected a ruling within 90 days of the appeal, or April 25, 2024.  Id.  On June 13, 2024, however, SF made an unsolicited submission to the Collegiate Court.  Docket No. 404 at 2.  AIC represents that, based on that submission, a decision will be delayed by several more weeks such that the Collegiate Court's ruling will be issued by September 2024.  Id. at 3.

AIC maintains that Mexico recognizes the rights of individuals not to testify in a civil matter during the pendency of criminal charges against them.  Docket No. 291 at 8.  According to AIC, Mexico's protections against self-incrimination are broader than those that exist in the United States under the Fifth Amendment.  Id. at 10.  AIC seeks a stay of the depositions of AIC and the Targeted Advent Defendants in order to protect their rights against being forced to testify in a civil proceeding under Mexican law.  Id. at 8.

II.   <u>ANALYSIS</u>

    A.   <u>Standard Of Review</u>

Courts may issue protective orders when appropriate.  Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Fed. R. Civ. P. 26(c)(1).  Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984).  "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order."  <u>Baker v. Liggett Group, Inc.</u>, 132 F.R.D. 123, 125 (D. Mass. 1990) (citing <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 7 (1st Cir. 1986)).  The party seeking a protective order has the burden of demonstrating good cause.  <u>Cartel Asset Mgmt. v. Ocwen Fin. Corp.</u>, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010).

In addition, federal courts have the inherent discretionary authority to stay a civil action for prudential reasons.  <u>Microfinancial, Inc. v. Premier Holidays Intern., Inc.</u>, 385 F.3d 72, 77 (1st Cir. 2004).  "The pendency of a parallel or related criminal action can constitute such a reason."  <u>Id.</u>  Whether to stay a case is a highly nuanced decision involving competing interests. <u>Id.</u> at 78.  The First Circuit has identified the following factors bearing on the court's decision whether to stay proceedings:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third

parties; [] (v) the public interest; (vi) the good faith of the litigants (or the absence of it); and (vii) the status of the cases.

Id. (internal citations omitted).  When determining whether the pendency of a parallel criminal proceeding warrants the stay of a civil proceeding, some courts consider the similarity of the issues underlying the criminal and civil actions.  See, e.g., Doe v. Sipper, 869 F.Supp.2d 113, 116 (D.D.C. 2012); In re Adelphia Communications Sec. Litig., No. 02-1781, 2003 WL 22358819, at *3 (E.D.Pa. May 13, 2003).  Indeed, some courts consider the similarity of issues the most significant factor.  See, e.g., Doe, 869 F.Supp.2d at 116 (citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F.Supp.2d 523, 527 (D.N.J. 1998)).

B.     A Limited Stay Is Appropriate Under The Circumstances

This Court is persuaded that a limited stay of the depositions of the Targeted Advent Defendants is appropriate under the circumstances.  While the Targeted Advent Defendants remain subject to criminal proceedings in Mexico, either asserting or waiving their rights against self-incrimination under Mexican law could have negative consequences for them.  Courts routinely postpone criminal defendants' civil depositions expressly so that they may "avoid facing the dilemma of either choosing to make statements that could be used against [them] in the criminal case, or suffering an adverse inference if [they] refuse[] to answer questions at a deposition."  S.E.C. v. O'Neill, 98 F.Supp.3d 219, 223 (D. Mass. 2015); see also Green v. Cosby, 177 F.Supp.3d 673, 679 (D. Mass. 2016) ("A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation.").  Where it appears that the factual underpinnings of the Mexican criminal proceedings and this action substantially overlap, the

5

Targeted Advent Defendants are "entitled to defend both the civil and criminal cases without the defense of either prejudicing [their] rights in the other." O'Neill, 98 F.Supp.3d at 223.

SF argues that this Court should not stay the depositions because it may only recognize the Mexican constitutional right against self-incrimination if principles of international comity are satisfied and such principles weigh against applying the Mexican privilege against self-incrimination in this forum. Docket No. 307-1 at 14-23. However, this Court need not decide whether the Targeted Advent Defendants may assert their Mexican privilege in this action. Ruling that the privilege is unavailable in the United States would not eliminate the burden the Targeted Advent Defendants would face in Mexico. In this Court's view, avoiding that burden is a sufficient reason for granting a stay of the depositions of the Targeted Advent Defendants until August 30, 2024. This Court warns AIC, however, that it is not likely to further extend the stay if the Mexican Collegiate Court has not issued a decision by that date.

This Court will not stay the Rule 30(b)(6) deposition of AIC. AIC points out that the Targeted Advent Defendants "are among the principal current and former AIC affiliates with first-hand knowledge of the matters listed in SF's 30(b)(6) 'Matters for Examination.'" Docket No. 291 at 16. A Rule 30(b) deponent, however, need not have personal knowledge so long as he is able to testify to "information known or reasonably known to the organization." W Holding Co., Inc. v. Chartis Ins. Co. of Puerto Rico, 300 F.R.D. 43, 46 (D.P.R. 2014). Accordingly, AIC will have to produce properly prepared witness(es) to testify on its behalf.

III.    <u>ORDER</u>

For the foregoing reasons, this Court grants in part and denies in part AIC's motion.  The

depositions of the Targeted Advent Defendants are stayed until August 30, 2024.  The motion is

otherwise denied.


   /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE