**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,               Case No. 23-cv-10684

    Plaintiff/Counter-Defendant,

    v.                                                              *Leave to file granted*
                                                    *on July 5, 2024*

ADVENT INTERNATIONAL CORPORATION,

    Defendant/Counter-Plaintiff.
_____/

**SERVICIOS FUNERARIOS GG, S.A. DE C.V.'S SUPPLEMENTAL SUBMISSION IN**
**FURTHER OPPOSITION TO ADVENT INTERNATIONAL CORPORATION'S**
**MOTION FOR A PROTECTIVE ORDER PRECLUDING**
**THE DEPOSITION OF JUAN PABLO ZUCCHINI (Doc. 284)**

    Plaintiff Servicios Funerarios GG, S.A. de C.V. ("SF"), hereby makes a supplemental submission (the "Supplement") notifying the Court of material documents that bear on defendant Advent International Corporation's ("AIC") motion for a protective order precluding the deposition of Juan Pablo Zucchini (the "Motion for Protective Order"), (Doc. 284).

    AIC has represented to the Court that Mr. Zucchini's deposition (and, before that, a search and production of the documents he maintained, including on his cell phone) is inappropriate because he had a very limited role in the Gayosso transaction and, thus, has only "duplicative" information.   More specifically, AIC has represented to this Court that:

- "The Deal Team [which did not include Mr. Zucchini], along with outside transaction counsel, ***conducted the entirety of the negotiations and due diligence process for the sale***" on behalf of AIC.  (Doc. 285 at 5) (emphasis added).

1

- Mr. Zucchini's "role[] in the transaction at issue [was] *limited to reviewing or approving it* based on materials prepared or obtained by the Advent Mexico employees who actually negotiated the sale…."  (Doc. 129 at 2) (emphasis added).

- Mr. Zucchini's "hands-on involve[ment] in the 'transaction' consisted of serving on a committee with another witness AIC intends to produce for deposition."[1] (Doc. 316 at 1.)

- Mr. Zucchini should not be a document custodian because AIC had "offered [as document custodians] *all of the people that everyone believes were actually involved in negotiating* and papering the deal."  (November 6, 2023 Hr'g Tr. at 14:3-6.)

- "Mr. Zucchini was not part of the day-to-day of the Gayosso transaction, and any relevant communications involving Mr. Zucchini would be captured in Mr. Pani's custodial files."[2] (Doc. 188 at 14.)

These representations about Mr. Zucchini's role in the transaction were false.

To make matters worse, AIC sat idly by as the Court, relying on AIC's representations, characterized Mr. Zucchini's role as simply being "a member of the AIC Latin American Investment Advisory Committee *at the time the sale was approved*," which committee "evaluated the business case for the transaction based on summary information provided by the AIC deal team, and contributed to the exit memorandum presented to the AIC Investment Committee." (Doc. 183 at 3) (emphasis added).

---

[1] By characterizing this as an admission by SF, AIC represented that it was correct.  It was not.

[2] In addition to mischaracterizing Mr. Zucchini's role in the transaction, the exhibits prove that AIC's representation that "Any phone communications Mr. Zucchini had regarding the Gayosso transaction should be entirely captured by AIC's production of Mr. Pani's mobile data," Doc. 188 at 16, is false.  While Mr. Pani was on 1 of the WhatsApp threads, he was not on the other 6.   In fact, the message chain with Mr. Pani was not included in AIC's production.

Contrary to this finding and AIC's representations to the Court, Mr. Zucchini was not merely one member of an eight-person committee that was presented the transaction for approval after negotiations were completed.   Instead, he was extensively involved in the transaction, including by overseeing those on the so-called "deal team," who answered to him and sought his approval on deal terms during the course of the negotiations.[3]   Attached to this submission are WhatsApp communications which make clear that Mr. Zucchini was extensively involved in the strategic decision-making for the Gayosso sale from his position as head of Latin American investments for AIC.   Sires Decl., Doc. 420 (Exhibits A-G).   SF only recently connected these documents to Mr. Zucchini because he is exclusively referred to therein by either a nickname (Zucu) or his initials (JPZ).

For example, Exhibit A is a WhatsApp chat in which Carlos Paz of AIC's deal team states that a proposed aspect of the sale would be ███████████████████████ which are Mr. Zucchini's initials.  Exhibit B is another WhatsApp discussion in which ███████████████ ███████████████████████████████████████████████████████████ ███████████████ Exhibit C, another WhatsApp chat, shows ██████████████ ███████████████████████████████████████████████████████████ ██████

Indeed, the WhatsApp chats show that Mr. Zucchini had his fingers on the pulse of the deal and was involved in approving or rejecting aspects of the deal during negotiations.  For example, in the chat at Exhibit E, Mr. Paz says that he expects ███████████████████████

---

[3] These documents are likely only the tip of the iceberg. AIC has not produced documents, including WhatsApp chats, from Mr. Paz's cell phone and has also not produced any documents from Mr. Zucchini, including his WhatsApp messages.  Thus, to the extent that Mr. Paz and Mr. Zucchini communicated directly on WhatsApp, as the documents submitted herewith indicate is a clear possibility, we do not have those messages.



In this exchange, Mr. Paz makes clear

Exhibit G is yet another WhatsApp chat, where Mr. Paz says

In that exchange, Mr. Paz refers to the fact that,

Once again, Mr. Paz noted Mr. Zucchini's

These messages show that Mr. Zucchini was more than simply a passive member of AIC's investment committee who, together with the rest of the committee, merely voted to approve the sale at the back end. Rather, these documents show that Mr. Zucchini was involved in the negotiation of the deal.  He is thus far from being a witness with mere "duplicative" information, targeted only for his high status in the company. It is precisely conversations like these, and his corresponding actions during the negotiations, that warrant taking Mr. Zucchini's deposition, above and beyond the need to collect his documents.  The attached documents indicate why Mr. Zucchini has not provided, and cannot provide, a sworn statement certifying his lack of personal knowledge as required to invoke the apex doctrine to shield him from sitting for a deposition.  *See Cellustar Corp. v. Sprint Sols., Inc.*, 2024 WL 418140, at *3 (D.P.R. Feb. 5, 2024).[4]

Therefore, SF respectfully requests that this Court deny AIC's Motion for Protective Order.

---

[4] Furthermore, in light of the attached documents, SF intends to file a new motion to compel AIC to search the documents in Juan Pablo Zucchini's custody, as permitted by Judge Talwani's Order (Doc. 372 at 3).

Dated: July 5, 2024                                  Respectfully submitted,

**LESSER, NEWMAN, ALEO & NASSER LLP**        **BOIES SCHILLER FLEXNER LLP**

Michael Aleo                                         /s/ *Carlos M. Sires*
Thomas Lesser                                        David Boies (admitted *pro hac vice*)
39 Main Street, Suite 1                              Brooke Alexander (admitted *pro hac vice*)
Northampton, MA  01060                               333 Main Street
Telephone:  (413) 584-7331                           Armonk, NY  10504
Facsimile:  (413) 586-7076                           Telephone:  (914) 749-8200
aleo@LLN-law.com                                     Facsimile:  (914) 749-8300
lesser@LLN.law.com                                   dboies@bsfllp.com
                                                     mayala@bsfllp.com
                                                     balexander@bsfllp.com
*Counsel for Plaintiff / Counter-Defendant,*
*Servicios Funerarios GG, S.A. de C.V.*              Carlos M. Sires (admitted *pro hac vice*)
                                                     Ana Carolina Varela (admitted *pro hac vice*)
                                                     401 East Las Olas Blvd., Suite 1200
                                                     Fort Lauderdale, FL 33301
                                                     Telephone: (954) 356-0011
                                                     Facsimile:  (954) 356-0022
                                                     csires@bsfllp.com
                                                     avarela@bsfllp.com

                                                     *Counsel for Plaintiff / Counter-Defendant,*
                                                     *Servicios Funerarios GG, S.A. de C.V.*


## CERTIFICATE OF SERVICE

I, Carlos M. Sires, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on Defendant and Counterclaim-Plaintiff's counsel.

Date:  July 5, 2024                                  By:/s/ *Carlos M. Sires*
                                                            Carlos M. Sires