UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

Case No. 23-cv-10684-IT

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,

    Plaintiff,

    v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant.

_____/

**SF'S RESPONSE TO AIC'S REQUEST FOR STATUS CONFERENCE**

Once again, AIC has made an unnecessary filing without prior notice to SF, thus requiring this response.

At the outset, we note that AIC's assertion that "the Delaware Court's decision is dispositive of SF's claims against AIC in this Court," Doc. 486 at 2, is simply wrong. On the contrary, the Delaware court rejected AIC's request for a declaratory judgment that this action was brought improperly, noting that "[w]hether fraud induced [the Gayosso] transaction is before the … Massachusetts court[]." Doc. 482-1 at 15, 27-28 & n.98. AIC's position, moreover, contradicts its own statements to the Delaware court just two days ago, wherein AIC represented that "the Opinion did not grant a declaration concerning the Massachusetts Complaint for purposes of Count IV" and AIC then submitted a proposed order to the Delaware Court that does not even mention this action, much less foreclose it. AIC's Nov. 12, 2024 Letter at 2-3 (explaining that Count IV sought a declaration that "SF breached the Guarantee by filing the Massachusetts Complaint").

In Delaware, AIC asked the court to permanently enjoin the Mexican Criminal Action and the Mexican Civil Action as against AIC and AIC Mexico, and to issue declaratory relief that SF "may not bring any claim against AIC … in any forum," including this action. Delaware Second Amended Complaint at p. 41. The Delaware Court's order: (i) rejected AIC's request with respect to the Mexican Criminal Action and permitted that to move forward against the AIC defendants, (ii) rejected AIC's request with respect to the Mexican Civil Action and permitted that to move forward as against AIC Mexico (it previously had enjoined that action as against AIC[1]), and,

---

[1] The Delaware court's prior order enjoining SF's prosecution of the Mexican Civil Action against AIC was based solely on a Delaware forum selection provision in the Guarantee, which AIC invoked soon after it was served with process in the Mexican Civil Action. AIC has never invoked the Guarantee's Delaware forum selection provision in this action, nor has it ever sought an anti-suit injunction against this action. On the contrary, AIC has admitted that venue in this District is "proper." Doc. 1 at ¶ 5; Doc. 14 at ¶ 5.

1

importantly, (iii) declined to issue any relief at all with respect to this action. It cannot reasonably be construed as dispositive of SF's claims against AIC in this Court.[2]

AIC requests the status conference "for the purpose of discussing the most efficient way for the parties to address the impact of" the Delaware court's order and to seek this Court's "guidance" as to how AIC should proceed in this action. Dkt. 486 at 2. But "[i]t is not the court's role to suggest litigation strategies … for litigants." *Fernandez-Fernandez v. Municipality of Bayamon*, 942 F.Supp. 89, 93 (D. Puerto Rico 1996); *see also Kingsbury Int'l, Ltd. v. Reuters American LLC*, 2006 WL 8461624, at *3 (N.D. Ill. June 9, 2006) ("It is not the court's role to provide legal advice to the parties."). As we informed AIC's counsel, if AIC believes it is entitled to any relief in this Court as a result of the Delaware order, it should seek it in the normal way: by filing a motion. And if it chooses to do so, SF will respond and show the Court why the Delaware order does not bar SF's claims in this action.

Lastly, we note that this is not the only unilateral filing by AIC concerning the Delaware court's decision. It also filed a "Notice of Supplemental Authority," Doc. 482, where it also asserted that it "believes that the Court of Chancery's decision has dispositive significance for SF's claims in this action." *Id*. at 3. Although SF believes that is not correct – and in the notice AIC did not bother to explain just how the Delaware order has "dispositive significance" (whatever that means) in this first-filed federal action – SF did not file a response to the notice, mindful of the Court's statements at the last status conference. In the notice, AIC advised the Court that "it expects to seek appropriate relief shortly in the event that the parties do not reach agreement" as to the effect of the Delaware order in this action. *Id*. Apparently recognizing that there is no appropriate relief in this action to which it is entitled based on the Delaware order – indeed, it

---

[2] The Delaware order is not yet the subject of a final judgment. Once it is, SF will appeal from it.

admits in the notice that "the Delaware court did not enter a declaratory judgment that SF breached the Guarantee by bringing this action" – AIC proceeded to file the request for a status conference so that this Court can provide it "guidance" on the question. As discussed above, that is an improper request.

There is no need for a status conference to provide AIC with "guidance" on how it should litigate its positions in this case.

Dated:  November 14, 2024                                  Respectfully submitted,

| | |
|---|---|
| **LESSER, NEWMAN, ALEO & NASSER LLP** | **BOIES SCHILLER FLEXNER LLP** |
| Michael Aleo | By: */s/ Carlos M. Sires* |
| Thomas Lesser | David Boies (*pro hac vice*) |
| 39 Main Street, Suite 1 | Brooke A. Alexander (*pro hac vice*) |
| Northampton, MA  01060 | Marc V. Ayala (*pro hac vice*) |
| Telephone: (413) 584-7331 | 333 Main Street |
| Facsimile:  (413) 586-7076 | Armonk, NY 10504 |
| aleo@LNN-law.com | Telephone: (914) 749-8200 |
| | Facsimile:  (914) 749-8300 |
| *Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.* | dboies@bsfllp.com |
| | balexander@bsfllp.com |
| | mayala@bsfllp.com |
| | |
| | Carlos M. Sires (*pro hac vice*) |
| | Ana Carolina Varela (*pro hac vice*) |
| | 401 East Las Olas Blvd., Suite 1200 |
| | Fort Lauderdale, Florida  33301 |
| | Telephone:  (954) 356-0011 |
| | Facsimile:   (954) 356-0022 |
| | csires@bsfllp.com |
| | avarela@bsfllp.com |
| | |
| | *Attorneys for Plaintiff Servicios Funerarios GG, S.A. de C.V.* |

## **CERTIFICATE OF SERVICE**

I, Carlos M. Sires, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on Defendant/Counter-Plaintiff's counsel.

Date:  November 14, 2024                                    By:/s/ *Carlos M. Sires*  
                                                                                  Carlos M. Sires

4