UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,

    Plaintiff,

    v.

ADVENT INTERNATIONAL CORPORATION,

    Defendant.

Civil Action No. 1:23-cv-10684-IT

MEMORANDUM & ORDER

April 9, 2026

TALWANI, D.J.

Pending before the court is Plaintiff Servicios Funerarios GG, S.A. de C.V.'s ("SF")

Emergency Motion to Modify the Amended Protective Order [Doc. No. 660]. For the reasons

below, the Emergency Motion is DENIED without prejudice.

## I.    Background

### A. *Overview*

This litigation concerns allegations that U.S. private equity investment company

Defendant Advent International Corporation ("AIC") misrepresented the financial health of

Grupo Gayosso, S.A. de C.V. ("Gayosso"), in connection with the sale of Gayosso to SF, a

Mexican corporation, in January 2021. Compl. ¶¶ 2, 3, 21, 25, 26, 29–33 [Doc. No. 1]. The

underlying Gayosso transaction has generated other lawsuits and claims in Delaware, Mexico,

and here, including AIC's crossclaim alleging that SF, after acquiring Gayosso, began a

campaign to extort AIC by asserting meritless civil and criminal claims against it in Mexico.

AIC's Countercl. ¶¶ 20, 152, 176, 180, 182, 187, 196, 208 [Doc. No. 14].

On March 17, 2026, Gayosso received formal notice that it was being sued by its former CFO, Octavio Trejo (the "Trejo Litigation"). Isaac Guakil Chaiyo Decl. ¶ 9 [Doc. No. 662-5]. Under Mexican law, Gayosso's deadline to respond is April 14, 2026. Id. ¶ 10. On March 20, 2026, SF filed the pending motion seeking to modify the parties' Amended Protective Order ("APO") [Doc. No. 267] to allow Gayosso to use in its defense in the Trejo Litigation certain documents produced by AIC under the APO in this litigation. Proposed Order [Doc. No. 660-1]; SF's Mem. 1 [Doc. No. 661]. AIC opposes modification of the APO. AIC's Opp'n [Doc. No. 668].

B.  *The Parties' Protective Order*

The APO allows each party producing documents to designate them as confidential and establishes a procedure by which recipients may dispute a Producer's designation of information as confidential. Am. Protective Order ¶ 3.i, vii [Doc. No. 267]. Under the APO, parties may not disclose information designated as confidential to anyone not identified in the APO as a permissible recipient of information. Id. ¶ 4.i.

The APO provides further that "[a]bsent written agreement by the Parties otherwise, any discovery material produced in this action may only be used for purposes of (i) litigating the claims and defenses at issue in this litigation, and (ii) litigating the claims and defenses at issue in the action" between the parties in Delaware, subject to the restrictions of the APO. Id. ¶ 6.i (emphasis added).

Finally, the APO notes that the court may modify the order "in the interests of justice[.]" Id. ¶ 1.

C.  *The Trejo Litigation*

Trejo served as Gayosso's CFO from May 2014 to February 2023, both before and after SF acquired Gayosso in January 2021. SF's Resp. to AIC's First Set of Interrogatories at 31

[Doc. No. 354-20].

At some point, Gayosso refused to issue payment to Trejo. SF states that Gayosso stopped the payments after it discovered that Trejo had provided AIC with confidential information belonging to Gayosso, information Gayosso did not have when it executed the noncompete agreement. SF's Mem. 2 [Doc. No. 661]. SF states Trejo's failure to disclose that he had provided confidential information to AIC fraudulently induced Gayosso into entering the noncompete agreement. Id. at 5.

On April 29, 2025, Gayosso received an information request from the Sixty-Fourth Civil Court in Mexico City, through a procedure known in Mexico as "Preliminary Measures for an Ordinary Civil Action for Enforcement of Agreement." Isaac Guakil Chaiyo Decl. ¶ 5 [Doc. No. 662-5]. This request sought a copy of Trejo's noncompete agreement. Id. ¶ 7. The issuance of this request, SF notes, suggested Trejo was considering filing suit against Gayosso. SF's Mem. 6 [Doc. No. 661].

Nearly a year later, Trejo filed the Trejo Litigation, challenging Gayosso's refusal to make payments pursuant to the noncompete agreement.

D. *SF's Motion*

SF seeks permission for Gayosso to use in the Trejo Litigation nearly 1,300 records SF obtained in the litigation before this court. Id. at 2 n.2 [Doc. No. 661]. SF describes four categories of documents at issue: "(1) emails between Trejo and AIC, (2) WhatsApp messages between Trejo and AIC, (3) internal AIC emails discussing the interactions with, and payment to Trejo, and (4) documents evidencing the payment to Trejo." Id. SF asserts that of these 1,300 documents, 1,100 are text messages between Trejo and AIC employees Veronica Stenner and Carlos Paz, which AIC produced as individual documents. Id. SF contends that these records will support Gayosso's defense because "they show that Trejo breached his duties of confidentiality to Gayosso and fraudulently induced the company into signing the Noncompete Agreement[.]"

4

Id. at 3. The individual documents, identified only by bates numbers, are not part of the record before the court.

## II.    Discussion

SF contends that "unless this blanket restriction in the APO is modified, Gayosso will be deprived of documentary evidence key to its defense of the Trejo Action." SF's Mem. 2 [Doc. No. 661]. At the same time, however, SF concedes that "[a]lthough Mexican legal procedure does not provide discovery as is available under the Federal Rules . . . Gayosso could obtain and use the Documents by initiating a[n] . . . expedited proceeding pursuant to 28 U.S.C. § 1782 in this Court." Id. at 15. Further, SF notes that "there is a high probability that [it] would be successful if required to file a Section 1782 petition" but argues that such a process would be "costly," inefficient, and "duplicative." Id. at 15–16; id. at 16 n.7.

The court finds it is appropriate to require SF to file such a petition. Section 1782 permits district courts to "order persons residing in their district to participate in discovery 'for use in a proceeding in a foreign or international tribunal' when an application for such discovery is made by a foreign or international tribunal, or by 'any interested person.'" In re Porsche Automobil Holding SE, 985 F.3d 115, 120 (1st Cir. 2021) (quoting 28 U.S.C. § 1782(a)). If these statutory requirements are met, a district court is then "authorized, but not required, to provide judicial assistance by permitting discovery." In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004) ("Intel"). Courts evaluate whether to permit discovery based on four discretionary factors the Supreme Court established in Intel. See In re Porsche Automobil Holding SE, 985 F.3d at 120.

Section 1782 establishes a procedure that addresses the exact issue SF raises in this pending motion. Gayosso is an interested person, seeking discovery from AIC, a person residing in this court's district, for use in a proceeding in a foreign tribunal. Modifying the APO to allow

Gayosso to use these documents is an impermissible shortcut that would allow Gayosso to entirely bypass Section 1782.

SF argues that the justification on the prohibition on using discovery obtained in this court was based on an incorrect ruling. See SF's Mem. 16 n.7 [661]. But SF did not challenge the ruling at the time and instead allowed discovery to proceed under the APO. Modifying the APO retroactively rather than proceeding by a Section 1782 application would undermine the parties' reliance interests, where AIC was entitled to rely on the terms set by the APO when it produced the relevant documents. Such a modification would not be in the interest of justice.

## III.    Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion to Modify the Amended Protective Order [Doc. No. 660] is DENIED without prejudice as to a separate action filed by Gayosso pursuant to 28 U.S.C. § 1782.

IT IS SO ORDERED.

April 9, 2026                                    /s/ Indira Talwani
                                                 United States District Judge