**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

---

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,   Case No. 23-cv-10684

  Plaintiff/Counter-Defendant,

  v.

ADVENT INTERNATIONAL CORPORATION,

  Defendant/Counter-Plaintiff.

---

**SERVICIOS FUNERARIOS GG S.A. DE C.V.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY CONSISTING OF**
**DELAWARE SUPREME COURT OPINION**
**-AND-**
**RESPONSE TO ADVENT INTERNATIONAL CORPORATION'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY (DOC. 673)**

Plaintiff Servicios Funerarios GG, S.A. de C.V. ("SF") submits this notice of supplemental authority consisting of a Delaware Supreme Court opinion in support of its opposition to Defendant Advent International Corporation's ("AIC") "Motion for Summary Judgment on its First, Seventh, and Ninth Affirmative Defenses or Dismissal of SF's Claims" (the "Motion"), Doc. 497, and responds to AIC's notice of supplemental authority in support of the Motion, Doc. 673.

A. Notice of Supplemental Authority

In the Motion, AIC seeks summary judgment based on the doctrine of collateral estoppel. Doc. 500 at 9-15. In *Handler v. Centerview Partners Holdings LP*, the Delaware Supreme Court stated the requirements for application of the collateral estoppel doctrine – and specifically analyzed the requirement that a prior judgment must have determined "a question of fact essential to the judgment." 2026 WL 758428, at *6 (Del. Mar. 18, 2026). "The requirement that an issue be essential to the resulting judgment is applied narrowly and only precludes ***those issues vital or crucial to the previous***

1

***judgment without which the previous judgment would lack support***." *Id*. (cleaned up) (emphasis added) (citation omitted). "A determination ranks as necessary or essential only when the final outcome hinges on it." *Id.*

Whether the Guarantee was funded (the "Failure to Fund Issue") was not only never litigated or determined by the Delaware court, but the court's finding the Guarantee to be enforceable in no way "hinges" on the determination of that issue. On the contrary, the Delaware court expressly refused to determine the Failure to Fund Issue. Doc. 511 at 9. Rather, the Delaware court found the Guarantee to be enforceable for a wholly different (incorrect) reason: that the SPA and the Guarantee were separate, unrelated contracts. Doc. 482-1, Del. Oct. Order at 17 (finding Guarantee enforceable because SF "is not asserting that the Guarantee contained fraudulent misrepresentations … [i]ts fraud arguments concern the SPA, which is extraneous to the Guarantee."). Based upon this flawed determination, the Delaware court ruled that the fraudulent misrepresentations ***in the SPA*** were insufficient to render the Guarantee unenforceable for fraud. The Failure to Fund Issue, on the other hand, is indisputably not extraneous to the Guarantee: it involves a representation ***in*** the Guarantee. And it was not decided (explicitly or implicitly) by the Delaware court.[1] Doc. 547, Mar. 6, 2025 Hr'g Tr.at 21:3-16 (noting Delaware court determined Failure to Fund Issue was "waived for purposes of that [Delaware] decision," which "certainly isn't precluding it under any read of this [Delaware] opinion as to my action"). *Handler* makes clear that the collateral estoppel doctrine does not preclude litigation of the Failure to Fund issue in this case.

---

[1] At the March 6, 2025, hearing on AIC's Motion, the Court invited the parties to submit summary judgment motions on the Failure to Fund Issue, which they did. Doc. 553 at 1 n.1.

B.  <u>Response to AIC's Notice of Supplemental Authority</u>

The Delaware court's order denying in part and granting in part AIC's summary judgment motion on damages (the "Delaware Order"), which AIC has filed as supplemental authority, adds nothing to the issues being considered by this Court.  The Delaware Order – with respect to which SF has filed a motion for reargument – merely quantifies the attorneys' fees recoverable by AIC pursuant to the Delaware court's prior summary judgment orders.  It provides no reason for this Court to transfer this case over which it has been presiding since 2023.  Doc. 547, Mar. 6, 2025, Hr'g Tr. at 11:9-12:5 (voicing frustration with AIC's attempt to transfer this case despite failing to seek to stay or enjoin this action, instead choosing to "spend two years here [in this Court]").  As the Court noted at the summary judgment hearing, "I don't see, in a case that's been litigated this long, that for you to come in and say, 'Oh, wait we're in the wrong court … You need to dismiss [this case] or transfer it' … You don't get to wait until you like what everybody is doing elsewhere and you don't like what I'm doing here."[2]  *Id*. at 25:6-14. That is why the Court remarked at the hearing that "I'm saying to you [AIC] the forum selection clause has been waived here." *Id.* at 24:19-20. There continues to be no basis to transfer this case away from this Court, as AIC appears to want so desperately.

Dated: June 2, 2026                                        Respectfully submitted,

**LESSER, NEWMAN, ALEO & NASSER LLP**        **BOIES SCHILLER FLEXNER LLP**

Michael Aleo                                               /s/ *Carlos M. Sires*
Thomas Lesser
39 Main Street, Suite 1                                    David Boies*
Northampton, MA  01060                                     Brooke Alexander*
Telephone:  (413) 584-7331                                 333 Main Street
Facsimile:  (413) 586-7076                                 Armonk, NY  10504
aleo@LLN-law.com                                           Telephone:  (914) 749-8200
lesser@LLN.law.com                                         Facsimile:  (914) 749-8300

---

[2] The case has hardly been inactive during those three years. AIC's notice of supplemental authority is Docket entry 673.  This response is Docket entry 674.

*Counsel for Plaintiff / Counter-Defendant, Servicios Funerarios GG, S.A. de C.V.*

dboies@bsfllp.com
mayala@bsfllp.com

Carlos M. Sires*
Ana Carolina Varela*
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
csires@bsfllp.com
avarela@bsfllp.com

*Counsel for Plaintiff / Counter-Defendant, Servicios Funerarios GG, S.A. de C.V.*

* Indicates attorney is admitted *pro hac vice.*

## CERTIFICATE OF SERVICE

I, Carlos M. Sires, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on Plaintiff's counsel.

Date:   June 2, 2026

By:  /s/ Carlos M. Sires
          Carlos M. Sires

4